# Judgment

**COURT OF ROTTERDAM**

Commerce and Port Team

case number / case list number: C/10/612223 / KG ZA 21-63

**Judgment in interim relief proceedings dated 01 February 2021**

in the matter of

The private company with limited liability **DMARCIAN EUROPE B.V.**,
having its registered office in Dordrecht,
claimant,
attorney: *mr.* M.R.S. Bacon in Amsterdam,

versus

1. the legal entity incorporated under foreign law **DMARCIAN INC.**,
   having its registered office in Brevard (North Carolina, United States of America)
2. **TIMOTHY GEORGE DRAEGEN**,
   residing in Brevard (North Carolina, United States of America),
defendants,
having failed to appear.

Below, the parties will be referred to as "dmarcian Europe", "dmarcian Inc." and "Draegen".

1. **The Proceedings**

1.1 The course of the proceedings is apparent from:
– the subpoena of 29 January 2021, with exhibits;
– the oral hearing on 01 February 2021;
– the supplementary exhibits submitted during the oral hearing.

1.2 Pronouncement of judgment was fixed for today.



2. **The Adjudication**

2.1 With regard to the facts and the claims reference is made to the arguments in the attached copy of the subpoena.

2.2 dmarcian Inc. and Draegen have failed to appear in the proceedings. With regard to the question of whether leave to proceed in default can be granted against them, the following is considered.

2.3 The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters of 15 November 1965 established in The Hague (the "Hague Service Convention") is applicable. Both the United States and the Netherlands are parties to this Convention.

2.4 In accordance with the Hague Service Convention on Jurisdiction and the Implementation Act of the Convention in conjunction with Section 55 subsection 1 of the Code of Civil Procedure, dmarcian Europe have delivered the writ addressed to dmarcian Inc. and Draegen on 29 January 2021 by delivering the writ to the public prosecutor's office at the Court of Rotterdam, leaving two copies of the writ and requesting that the writ be served on the defendants and/or be notified on the defendants in accordance with Articles 3 through 6 of the Hague Service Convention by service or notification in the manner prescribed by the laws of the United States of America for the service or notification of documents drawn up in that country and intended for persons residing in that country.
In addition, dmarcian Europe had a copy of the subpoena – with an English translation – sent by emails of 29 January 2021 to (the director of) dmarcian Inc. and Draegen on the email addresses used by them (since the Enterprise Section proceedings to be referred to below) and to the Dutch attorneys of dmarcian Inc. and Draegen.

2.5 There is no evidence that the subpoena was served or delivered in person to the defendant in accordance with Article 15(1) (and 2) of the Hague Service Convention. Pursuant to Article 15(3) of the Hague Service Convention, the court hearing an application for interim relief may grant leave to proceed in default of appearance against a defendant domiciled abroad without it being necessary, in urgent cases, to prove that the conditions of Article 15(1) of the Hague Service Convention have been met. However – with due regard for the required urgency – it will have to be ensured, as much as possible in accordance with the objective of the Hague Service Convention, that an issued writ has actually reached the addressee and – if, as in this case, it concerns a subpoena – in time so that this addressee still has the opportunity to put forward a defense (see *inter alia* Supreme Court, 14 December 2007, ECLI:NL:HR:2007:BB7192).

2.6 On behalf of dmarcian Inc., by emailed letter dated 22 January 2021 T. Jansen, attorney in Amsterdam, conditionally terminated the agreement with dmarcian Europe as of 01 February 2021, and gave notice that as of that date dmarcian Europe will no longer have access to the (computer) systems.
In an emailed letter of that same day to a (fellow) shareholder of dmarcian Europe, F. Henke and P.A. Josephus Jitta, attorneys in Amsterdam, referred to this termination letter on behalf of Draegen (CEO of dmarcian Inc.). By mails dated 25 January 2021 on behalf of dmarcian Europe, attorney V. van Druenen demanded dmarcian Inc. and Draegen via their (Dutch) attorneys to restore access to the systems. She also announced that interim relief proceedings would be brought. By mails dated 26 January 2021, the attorneys of dmarcian Inc. and Draegen informed

dmarcian Europe that their clients would not comply with this demand. By mail dated 27 January 2021, Draegen's attorney informed dmarcian Europe that his client would not elect domicile at his office.

2.7 In view of the termination letter dated 22 January 2021, the (by now partially implemented) denial of access of dmarcian Europe to the (computer) systems and the loss alleged by dmarcian Europe, the urgency of the relief sought by dmarcian Europe is sufficiently plausible.

2.8 Furthermore, it is sufficiently plausible that the subpoena sent to the (usual) e-mail addresses of dmarcian Inc. and Draegen and their attorneys have reached dmarcian Inc. and Draegen in time and that they were able to take note of it. The following aspects have been considered in this adjudication: (i) that the termination of the agreement and the notice of termination of the access to the systems were sent by the Dutch attorney of dmarcian Inc.; (ii) that Draegen was aware of this termination and the deadlines given, as appears from the e-mail of his (Dutch) attorney; (iii) that prior to these interim relief proceedings the Dutch attorneys of dmarcian Inc. and Draegen have corresponded on this matter. Given the deadlines set by dmarcian Inc. and Draegen and the communication via their (Dutch) attorneys, the (digital) dispatch is sufficient guarantee that they have timely received the subpoena, whether or not through their Dutch attorneys.
Under application of Article 15 (3) of the Hague Service Convention, there is sufficient ground to grant leave to proceed in default of appearance.

2.9 As dmarcian Europe and Draegen are domiciled in the United States, the judge in interim relief proceedings must base his competence on the provisions of the Code of Civil Procedure (CCP). With regard to the claims against dmarcian Inc., the judge in interim relief proceedings is competent under Section 6a CCP, as it is plausible that the contractual obligation on which the claim of dmarcian Europe is based (granting access to the systems) must be executed in the Netherlands. With regard to the claims against Draegen, the judge in interim relief proceedings is competent under Section 6e CCP, as it is plausible that the harmful event (the *Erfolgsort*) is located in the Netherlands.

2.10 In view of what is stated in the subpoena, the interim relief judge will apply Dutch law.

2.11 The Court does not consider the claims to be unlawful or unfounded, so that they will be awarded in the manner to be described below.

2.12 In the subpoena, dmarcian Europe asserted that the dispute between the parties concerns the substance of the agreement between dmarcian Europe and dmarcian Inc.. In this context, dmarcian Europe referred to the decision to be referred to below of the Enterprise Section of the Court of Appeal. In view of this, the primary claim under la (performance of the agreement) is insufficiently determinable. Therefore, this claim is not allowable.

2.13 By decision of 7 September 2020 in proceedings between (*inter alia*) dmarcian Europe and Draegen, the Enterprise Section ordered an investigation into the policy and course of affairs of dmarcian Europe. In this decision, the Enterprise Section considered that dmarcian Europe and dmarcian Inc. have not put sufficient regulations in place. Subsequently, the Enterprise Section considered that the parties have at least agreed on the following:

- that dmarcian Europe has a license for the use and the sale of the software originating from dmarcian Inc.;
- that dmarcian Europe is responsible for the sale of that software (and the provision of associated services) to customers in Europe, Russia and Africa.

2.14 In view of this, and in view of the ordered investigation and the recent appointment of an investigator, the interim relief judge deems the alternative claim under 1b allowable, on the understanding that this should in any case include the contents of the agreement as established by the Enterprise Section. In line with this allowance, dmarcian Inc. and Draegen, as claimed under 2 and partly under 4, must grant dmarcian Europe access to the (computer) systems necessary to service its customers.

2.15 The term within which dmarcian Inc. must grant this access is set at 24 hours after service of this judgment.

2.16 The penalties claimed will be moderated and maximized as mentioned in the decision.

2.17 As the parties ruled against, dmarcian Inc. and Draegen will be ordered – jointly and severally – to pay the costs of the proceedings. The costs on the part of which dmarcian Europe are estimated at:
- service of notice to appear       €        85,81
- court registry fee                €       667.00
- attorney's fees                   €       656.00
Total                               €     1,408.81

2.18 The subsequent costs and the statutory interest will be allowed as mentioned in the decision.


## 3. The Decision

The Court, giving judgment in interim proceedings:

3.1. grants leave to proceed in default against the defendants who failed to appear;

3.2. orders dmarcian Inc., as a disciplinary measure, during the investigation ordered by the Enterprise Section, to perform the agreement existing between the parties and prohibits it from terminating that agreement during that period;

3.3. orders dmarcian Inc. within 24 hours after service of this judgment to lift the blockade of (the employees of) dmarcian Europe to the SaaS platform and the (computer) systems required for the execution of its business activities and to keep it lifted until the existing agreement between the parties has been legally terminated;

3.4. orders dmarcian Inc. to pay a penalty of €20,000 to dmarcian Europe for each day or part of a day that it fails to comply with the main order issued in operative parts 3.2 and 3.3., until a maximum of €500,000 is reached;

3.5. orders Draegen to refrain from any action undertaken by himself or through a company managed by him, expressly including dmarcian Inc., which impedes the business operations of dmarcian Europe, until or as a result of the investigation ordered by the Enterprise Section, or as a result of a judgment on the merits, clarity has been created about the contents and scope of the license agreement granted to dmarcian Europe and the ownership of the IP rights to the dmarcian software;

3.6. orders Draegen to pay a penalty to dmarcian Europe of €20,000 for each day or part of a day that it fails to comply with the main order pronounced in operative part 3.4., until a maximum of €500,000 is reached;

3.7. orders dmarcian Inc. and Draegen, jointly and severally, to pay the costs of the proceedings, estimated to date at €1,408.81 on the part of dmarcian Europe, plus the statutory interest as referred to in Section 6:119 DCC on this amount starting fourteen days after service of this judgment until the day of full payment;

3.8. orders dmarcian Inc. and Draegen, jointly and severally, to pay the costs incurred after this judgment, estimated at €163.00 for the attorney's fees, to be increased, on condition that dmarcian Inc. and Draegen have not complied with the judgment within 14 days after notice was given and service was subsequently effected, by an amount of €85.00 for attorney's fees and the costs of serving notice of the judgment, and to be increased by the statutory interest as referred to in art. 6:119 DCC on the subsequent costs starting fourteen days after service of this judgment until the date of payment;

3.9. declares this judgment provisionally enforceable up to here,

3.10. dismisses all other claims.

This judgment was rendered by Judge P. de Bruin and pronounced in open court on 1 February 2021.