IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| DMARCIAN EUROPE BV ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the Plaintiff's Motion for Temporary Restraining Order. [Doc. 6].

On March 12, 2021, dmarcian, Inc. (the "Plaintiff") filed this action against dmarcian Europe BV (the "Defendant"), asserting claims for breach of contract; copyright infringement under 17 U.S.C. § 101 (the "Copyright Act"; trademark infringement under 15 U.S.C. § 1051 et seq. (the "Lanham Act"); false designations of origin under the Lanham Act; defamation; misappropriation of trade secrets under the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. § 66-152 et seq.; computer trespass; tortious interference with contract; tortious interference with prospective economic advantage; and unfair or deceptive trade practices under N.C. Gen. Stat. §

75-1.1. [Doc. 1 at ¶¶ 114-205]. The Plaintiff's Complaint included a request for a preliminary injunction. [Id. at 38].

On March 25, 2021, the Plaintiff filed the present Motion seeking a temporary restraining order and preliminary injunction enjoining the Defendant from (1) making, using, distributing, and/or selling dmarcian software Code/derivative works; (2) directly or indirectly using Plaintiff's [trademarks] or any other similar mark, word, or name similar likely to cause confusion, mistake, or deceive; (3) infringing Plaintiff's registered copyright; (4) misrepresenting its present affiliation with Plaintiff; and (5) interfering with customer relationships, contacting, posting false notice to, and misrepresenting falsely to customers that Plaintiff caused a breach of customer data." [Doc. 6 at 1-2].

On March 29, 2021, the Defendant's counsel filed a notice of appearance and requested an opportunity to submit briefing in response to the Plaintiff's request for a temporary restraining order and a preliminary injunction. [Doc. 10]. On the same date, the Court entered an order allowing the Defendant to submit an opposition brief by noon on March 30, 2021. [Text-Only Order Entered March 29, 2021]. On March 30, 2021, the Defendant submitted its brief opposing the Plaintiff's request for a temporary

restraining order, arguing that the Court lacks personal jurisdiction over the Defendant. [Doc. 11].

## I. PERSONAL JURISDICTION

A court cannot issue a temporary restraining order absent personal jurisdiction over all parties. See Land-O-Nod Co. v. Bassett Furniture Indus., 708 F.2d 1338, 1340 (8th Cir. 1983); Kroger Co. v. Malease Foods Corp., 437 F.3d 506, 510 (6th Cir. 2006). When, as here, a district court considers a question of personal jurisdiction based on the allegations of a complaint, motions papers, affidavits, and supporting memoranda, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction. Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014); Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016). In deciding whether the plaintiff has met this burden, "the district court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Universal Leather, 773 F.3d at 558 (internal quotation marks and citation omitted). "Nevertheless, either at trial or at a pretrial evidentiary hearing, the plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence." Public Impact, LLC v. Boston Consulting Group, Inc., 117 F.Supp.3d 732, 737 (M.D.N.C.

Aug. 3, 2015) (citing New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n. 5 (4th Cir. 2005)). The Plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. Grayson, 816 F.3d at 267 (4th Cir. 2016) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)).

For the Court to have personal jurisdiction, the Plaintiff must show that exercising jurisdiction will (1) comply with the forum state's long-arm statute and (2) comport with the due process requirements of the Fourteenth Amendment. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted). Because North Carolina's long-arm statute has been construed to extend as far as due process allows, Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001), this two-pronged test is collapsed into the single inquiry of whether the exercise of personal jurisdiction over the defendant comports with due process. Universal Leather, 773 F.3d at 559. A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has sufficient "minimum contacts" with the forum, such that to require the defendant to defend its interest in that state "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington,

4

326 U.S. 310, 316 (1945) (internal quotation marks omitted). The sufficiency of the contacts depends on the circumstances of the case. A court can have personal jurisdiction over a defendant for all claims if the defendant's contacts with the forum state are continuous and systematic. This is referred to as "general jurisdiction."[1] However, more limited contacts can be sufficient to establish personal jurisdiction over a defendant where those contacts relate to the substance of the particular claim being asserted. This is referred to as "specific jurisdiction." See e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). In determining whether specific jurisdiction exists, the Court considers (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002).

The first prong of the specific jurisdiction inquiry is grounded on the premise that "a corporation that enjoys the privilege of conducting business within a state bears the reciprocal obligation of answering to legal proceedings there." Universal Leather, 773 F.3d at 559 (quoting Tire Eng'g

---

[1] The Plaintiff does not contend that the Court has general jurisdiction over the Defendant.

& Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012)). In determining whether a foreign defendant has purposefully availed itself of the privilege of conducting business in a forum state, the Court asks whether "the defendant's conduct and connection with the forum [s]tate are such that he should reasonably anticipate being haled into court there." Fed. Ins. Co. v. Lake Shore Inc., 886 F.2d 654, 658 (4th Cir. 1989) (quoting World-Wide Volkswagen v. Woodsen, 444 U.S. 286, 297 (1980)). This analysis is flexible and "depends on a number of factors that courts consider on a case-by-case basis." Universal Leather, 773 F.3d at 560 (citing Tire Eng'g, 682 F.3d at 302). In the business context, those factors include, but are not limited to: (1) whether the defendant maintains offices or agents in the forum state; (2) whether the defendant owns property in the forum state; (3) whether the defendant reached into the forum state to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the forum state; (5) whether the parties contractually agreed that the law of the forum state would govern disputes; (6) whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; (7) the nature, quality and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was

6

to occur within the forum. Id. (quotation marks and citation omitted). The Fourth Circuit "generally [has] concluded that a foreign defendant has purposefully availed itself of the privilege of conducting business in the forum state when the defendant 'substantially collaborated with a forum resident and that joint enterprise constituted an integral element of the dispute.'" Id. (citing Tire Eng'g, 682 F.3d at 302).

The alleged facts in this case appear to meet the first prong. The Plaintiff alleges that the Defendant entered into a contractual agreement with a North Carolina corporation; visited North Carolina to participate in training and planning sessions in furtherance of that contract's purpose;[2] and performed under that contract for several years by paying compensation to a North Carolina corporation and accepting client referrals that were directed through a North Carolina corporation. [Doc. 1 at ¶¶ 7-12].[3] Those

---

[2] While the Defendant contends that "[t]he allegations of the Complaint appear to show that" the Defendant "has not been in [North Carolina] for any purpose," [Doc. 11 at 10], the Complaint alleges that "the Defendant's representatives have visited Plaintiff's offices in North Carolina for training and planning purposes" under the parties' agreement. [Doc. 1 at ¶ 7]. That fact, taken as true at this stage, supports the exercise of personal jurisdiction over the Defendant.

[3] The Plaintiff further alleges that the Defendant's actions after the breach of contract were directed at the forum state, including using the Plaintiff's trademarks and copyrights in United States commerce generally. [Doc. 7 at 23, 35 (citing Doc. 1 at ¶¶ 45-49, 138-40, 144-46, 150-55)]. It is unclear if those allegations create personal jurisdiction over the Defendant under Federal Rule of Civil Procedure 4(k)(2). ISI Intern., Inc. v. Borden Ladner Gervais LLP, 256 F.3d 548, 551 (7th Cir. 2001). Nevertheless, the Court need not address this issue given its finding of specific personal jurisdiction in the forum state.

7

allegations, taken as true, establish that the Defendant reached into the forum state to solicit or initiate business; deliberately engaged in long-term business activities in the forum state; made in-person contact with a resident of the forum in the forum state regarding the business relationship; and engaged in extensive communications about the business being transacted. Universal Leather, 773 F.3d at 560.  In short, the Defendant has engaged in a course of conduct over several years through which it has purposefully availed itself of the privilege of conducting business in the forum state.  See Herrmann Int'l, Inc. v. Herrmann Int'l Eur., No. 1:17-cv-00073-MR, 2018 WL 4682344, at *5 (W.D.N.C. Sept. 28, 2018) (Reidinger, C.J.).  Because that substantial collaboration between the Plaintiff and the Defendant appears to have resulted in a joint enterprise between the parties, Universal Leather, 773 F.3d at 560 (citing Tire Eng'g, 682 F.3d at 302), the Defendant "should reasonably anticipate being haled into court" in North Carolina.  See World-Wide Volkswagen, 444 U.S. at 297.

With respect to the second prong of specific jurisdiction, once purposeful availment is satisfied, a court looks to whether "the plaintiff's claims arise out of activities directed at the forum state."  Tire Eng'g, 682 F.3d at 303.  Where the activity in the forum state is the genesis of the dispute, this prong is easily satisfied.  Id. (internal quotation marks and

8

citation omitted). Similarly, this prong is satisfied if "substantial correspondence and collaboration between the parties, one of which is based in the forum state, forms an important part of the claim." Id. Here, the Plaintiff's claims arise from the Defendant's purposefully directed activities in the forum state, including that the Defendant stole intellectual property belonging to a North Carolina corporation and maintained and controlled inside of North Carolina; directed defamatory statements about the Plaintiff into North Carolina and the United States; and interfered with the Plaintiff's relationships with clients in North Carolina and the United States. [Id. at ¶¶ 78-96; 112-113]. This conduct, combined with the substantial collaboration between the parties, including the Plaintiff as a North Carolina corporation, forms an integral part of the Plaintiff's claims. Accordingly, the second prong is satisfied.

The Court turns to the final prong of the analysis: whether the exercise of personal jurisdiction would be constitutionally "reasonable." This prong "ensures that litigation is not 'so gravely difficult and inconvenient' as to place the defendant at a severe disadvantage in comparison to his opponent." CFA Institute v. Institute of Chartered Financial Analysis of India, 551 F.3d 285, 296 (4th Cir. 2009) (quoting Nolan, 259 F.3d at 217). "The burden on the defendant, interests of the forum state, and the plaintiff's interest in

9

Case 1:21-cv-00067-MR   Document 12   Filed 03/31/21   Page 9 of 15

obtaining relief guide [the Court's] inquiry."  Tire Eng'g, 682 F.3d at 303 (citation omitted).

The Defendant is a Dutch private company organized and existing pursuant to the laws of the Netherlands.  A corporate defendant's domicile abroad, standing alone, does not render domestic exercise of jurisdiction unduly burdensome.  Id.  Nevertheless, the Fourth Circuit recognizes that a foreign defendant's "ability to secure counsel in the forum state and its choice to do business with a forum resident – which also made the prospect of litigation in the state foreseeable – counseled that defending the suit would not be particularly burdensome."  Id.

Here, the Defendant has secured counsel to represent it in this matter and, at least according to the Plaintiff's allegations, chose to do business with forum residents. [Doc. 1 at   Further, in this case, North Carolina maintains a "substantial interest" in resolving the grievances of its businesses, particularly when North Carolina law governs or informs some of the claims.  [Doc. 1 at ¶¶ 114-124, 158-205].  Finally, the Plaintiff has a substantial interest in protecting its trademark and business interests "after having 'carved out a market niche by cultivating' [its] distinctive mark and products."  Tire Eng'g, 682 F.3d at 303 (quoting Nolan, 259 F.3d at 297).  As such, the third prong of the test for specific personal jurisdiction is met.

Based on this limited record and briefing, the Court concludes that it has personal jurisdiction over the Defendant in this action. Notwithstanding this abbreviated analysis, this conclusion is without prejudice to the Defendant submitting a motion pursuant to Federal Rule of Civil Procedure 12(b)(2) that more fully challenges the Court's jurisdiction. If the Defendant files such a motion, the Court will allow both parties to fully brief that issue.

## II. TEMPORARY RESTRAINING ORDER

A plaintiff seeking a temporary restraining order must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) injunctive relief is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Thus, in each case the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). A plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

Before this action was commenced, the Defendant filed an action in Rotterdam, Netherlands challenging the Plaintiff's decision to terminate the

Defendant's access to its computer systems. [Doc. 1 at ¶ 67-69]. The parties agree that the Rotterdam Court entered an injunction ordering the Plaintiff to restore the Defendant's access to those systems. [Doc. 1 at 15; Doc. 11 at 12]. While the Plaintiff contends that the Rotterdam Court lacked jurisdiction to enter that injunction, [Doc. 1 at ¶¶ 67], those proceedings appear to have partially determined the legal relationship between the parties and may therefore have a preclusive effect on the Plaintiff's claims in this action. The Plaintiff has presented no argument from which the Court can determine the preclusive effect, if any, that those proceedings may have on the Plaintiff's claims or the parties' relationship here. For instance, the Plaintiff's breach of contract claim in this action may be entirely precluded by the findings of the Rotterdam Court. Because the effect of the Rotterdam proceedings is unclear, the Court cannot determine if the Plaintiff is likely to succeed on any of its claims.

The Plaintiff nevertheless contends that this Court should exercise jurisdiction over this dispute because the Rotterdam proceedings did not address the Plaintiff's intellectual property rights. [Doc. 1 at ¶¶ 67-69]. The Plaintiff's intellectual property claims in this action arise under the Lanham Act, the Copyright Act, and the North Carolina Trade Secrets Protection Act. [Id. at ¶¶ 125-157, 161-171]. Those claims appear to assert that the

Defendant infringed on the Plaintiff's intellectual property rights through actions taking place outside of the United States.

The Plaintiff has not addressed, and it is therefore unclear, whether the North Carolina Trade Secrets Protection Act applies to extraterritorial conduct.[4] Moreover, the Plaintiff has not addressed the difficult legal issues presented by an attempt to apply the Lanham Act or the Copyright Act to such extraterritorial conduct. See generally Herrmann, No. 1:17-cv-00073-MR, 2021 WL 861712, at *8-*17 (W.D.N.C., Mar. 8, 2021) (Reidinger, C.J.). Although the Plaintiff's allegations suggest that there may be some connection between the Defendant's conduct and the United States, the Plaintiff has not established that it is ultimately likely to prove that the Defendant's conduct falls within the Lanham Act as "commerce which may lawfully be regulated by Congress[,]" Steele v. Bulova Watch Co., 344 U.S. 280, 286 (1952), that such conduct constitutes a "predicate act" to support jurisdiction under the Copyright Act. Tire Eng'g, 682 F.3d at 306 (citing Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 73 (2d Cir. 1988)), or that the North Carolina Trade Secrets Protection Act applies here. Accordingly, the Court concludes that the Plaintiff's showing with regard to a

---

[4] Because the Plaintiff does not present a claim under the Defend Trade Secrets Act, 18 U.S.C. § 1832 et seq., only North Carolina law is relevant to this issue.

Temporary Restraining Order is insufficient to establish a likelihood of success on the merits of its claims under the Lanham Act, the Copyright Act,[5] or the North Carolina Trade Secrets Protection Act at this time.

For these reasons, the Court concludes that the Plaintiff's Motion for a Temporary Restraining Order [Doc. 6] should be denied. The Court reserves the issue of whether the Plaintiff is entitled to preliminary injunctive relief pending further presentation of evidence and briefing by the parties.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Temporary Restraining Order [Doc. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Preliminary Injunction [Doc. 6] is **HELD IN ABEYANCE** pending further presentation of evidence and briefing by the parties. The Plaintiff may supplement its evidence in support of its Motion for Preliminary Injunction within seven (7) days of the entry of this Order. The Defendant's response to the Plaintiff's Motion for Preliminary Injunction shall be filed no later than **April 19, 2021**, with the Plaintiff 's reply to be filed by **April 21, 2021**. The parties shall appear on **April 23, 2021, at 10:00 a.m.** in Courtroom 1, United States

---

[5] The Plaintiff has also not explained why this Court, rather than the Rotterdam Court, should resolve the claims arising under the Copyright Act. <u>Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.</u>, 61 F.3d 696, 702 (9th Cir. 1995).

Courthouse, 100 Otis Street, Asheville, North Carolina 28801, for a hearing on the Plaintiff's Motion for Preliminary Injunction.

**IT IS SO ORDERED**.

Signed: March 31, 2021

Martin Reidinger
Chief United States District Judge

15

Case 1:21-cv-00067-MR   Document 12   Filed 03/31/21   Page 15 of 15