# **Attachment 7**

Exhibit B to Declaration of Alfred Meijboom

# Alfred Meijboom

| | |
|---|---|
| **Van:** | Veerle van Druenen |
| **Verzonden:** | dinsdag 2 februari 2021 11:11 |
| **Aan:** | tim@dmarcian.com; shannon@dmarcian.com |
| **CC:** | Alfred Meijboom; Michael Bacon; t.jansen@lexence.com |
| **Onderwerp:** | RE: dmarcian Europe / dmarcian Inc. - judgement [URGENT] |
| **Bijlagen:** | 21-63.pdf; Exploot - Exploot.pdf |
| | |
| **Urgentie:** | Hoog |

Dear Sir, Madam,

Please find attached a copy of the judgement that was rendered by the District Court of Rotterdam and served on dmarcian Inc. yesterday. I urge you to take **immediate notice** of this judgement, as it contains an order subject to a judicial penalty. An English translation will be shared with you in the course of today. I trust that your Dutch attorney will in the meantime provide you with an explanation regarding the contents of this judgement.

Yours sincerely,
Veerle van Druenen

**Veerle van Druenen**
Advocaat / Attorney-at-law

**Kennedy Van der Laan**
**T** +31205506688 **M** +31621175778
**F** +31205506788
Amsterdam | Eindhoven
www.kvdl.com
LinkedIn | Instagram | Mediareport | Nieuwsbrief

---

**Van:** Veerle van Druenen
**Verzonden:** vrijdag 29 januari 2021 17:53
**Aan:** tim@dmarcian.com; shannon@dmarcian.com
**CC:** Alfred Meijboom <Alfred.Meijboom@kvdl.com>; Michael Bacon <Michael.Bacon@kvdl.com>;
t.jansen@lexence.com
**Onderwerp:** RE: dmarcian Europe / dmarcian Inc. - final writ of summons [URGENT]

Dear Sir, Madam,

The password for downloading the documents is: &6c1&7C#

Kind regards,
Veerle van Druenen

**Veerle van Druenen**
Advocaat / Attorney-at-law

**Kennedy Van der Laan**
**T** +31205506688 **M** +31621175778
**F** +31205506788
Amsterdam | Eindhoven
www.kvdl.com
LinkedIn | Instagram | Mediareport | Nieuwsbrief

**Van:** Veerle van Druenen
**Verzonden:** vrijdag 29 januari 2021 17:45
**Aan:** tim@dmarcian.com; shannon@dmarcian.com
**CC:** Alfred Meijboom <Alfred.Meijboom@kvdl.com>; Michael Bacon <Michael.Bacon@kvdl.com>;
t.jansen@lexence.com
**Onderwerp:** dmarcian Europe / dmarcian Inc. - final writ of summons [URGENT]

Dear Sir, Madam,

I refer to my e-mail below. For your information please find attached a copy of the final writ of summons (including an English translation). I will share the accompanying exhibits with you in two separate e-mails.

Kind regards,
Veerle van Druenen

**Veerle van Druenen**
Advocaat / Attorney-at-law

**Kennedy Van der Laan**
**T** +31205506688 **M** +31621175778
**F** +31205506788
Amsterdam | Eindhoven
www.kvdl.com

LinkedIn | Instagram | Mediareport | Nieuwsbrief

**Van:** Veerle van Druenen
**Verzonden:** donderdag 28 januari 2021 16:52
**Aan:** tim@dmarcian.com; shannon@dmarcian.com
**CC:** Alfred Meijboom <Alfred.Meijboom@kvdl.com>; Michael Bacon <Michael.Bacon@kvdl.com>;
t.jansen@lexence.com
**Onderwerp:** dmarcian Europe / dmarcian Inc. - date hearing summary proceedings [URGENT]

Dear Sir, Madam,

I refer to my e-mail to your attorney dated 25 January 2021 regarding the dispute that has arisen between Dmarcian Inc. ("**dmarcian Inc.**") and dmarcian Europe B.V. ("**dmarcian Europe**").

In light of dmarcian Inc.'s refusal to meet the demands of dmarcian Europe set out in that e-mail, dmarcian Europe has proceeded and requested the District Court of Rotterdam to schedule a date for a hearing in summary proceedings. In the meantime the date for this hearing has been set. The hearing will take place on **Monday 1 February 2021 between 09:00 and 10:30 hrs at the District Court in Rotterdam**. The judge is mr. De Bruin. Attached you will find a copy of the draft writ of summons that was submitted by dmarcian Europe when requesting the court to schedule the hearing. The final writ of summons (including an English translation thereof) and the exhibits will be served tomorrow.

Note that the court has granted permission to submit the procedural documents by e-mail using the following e-mail addresses: Bvr.civiel.rb.rotterdam@rechtspraak.nl and p.de.bruin@rechtspraak.nl (with a copy to the other attorney's involved). It is not required to also submit the procedural documents per regular mail.

I further note that the court has informed us that the court room has a maximum capacity of 10 persons (not including the judge and clerk). I will contact your attorney to discuss the number of representatives that will be present for each of the parties.

I trust to have informed you sufficiently.

Kind regards,
Veerle van Druenen

**Veerle van Druenen**
Advocaat / Attorney-at-law

**Kennedy Van der Laan**

**T** +31205506688  **M** +31621175778
**F** +31205506788
Amsterdam | Eindhoven
www.kvdl.com
LinkedIn | Instagram | Mediareport | Nieuwsbrief

# vonnis

**RECHTBANK ROTTERDAM**

Team handel en haven

zaaknummer / rolnummer: C/10/612223 / KG ZA 21-63

**Vonnis in kort geding van 1 februari 2021**

in de zaak van

de besloten vennootschap met beperkte aansprakelijkheid
**DMARCIAN EUROPE B.V.,**
gevestigd te Dordrecht,
eiseres,
advocaat mr. M.R.S. Bacon te Amsterdam,

tegen

1.      de rechtspersoon naar vreemd recht
**DMARCIAN INC.,**
gevestigd te Brevard (North Carolina, Verenigde Staten van Amerika)
2.      **TIMOTHY GEORGE DRAEGEN,**
wonende te Brevard (North Carolina, Verenigde Staten van Amerika),
gedaagden,
niet verschenen.

Partijen worden hierna dmarcian Europe, dmarcian Inc. en Draegen genoemd.

## 1.      De procedure

1.1.      Het verloop van de procedure blijkt uit:
- de dagvaarding van 29 januari 2021, met producties;
- de mondelinge behandeling gehouden op 1 februari 2021;
- de tijdens de mondelinge behandeling overgelegde aanvullende producties.

1.2.      Vonnis is bepaald op heden.

## 2.      De beoordeling

2.1.      Voor de feiten en het gevorderde wordt verwezen naar het gestelde in de aangehechte kopie van de dagvaarding.

2.2.      dmarcian Inc. en Draegen zijn niet in de procedure verschenen. Met betrekking tot de vraag of tegen hen verstek kan worden verleend wordt het volgende overwogen.

2.3.      Van toepassing is het op 15 november 1965 te Den Haag tot stand gekomen
Verdrag inzake de betekening en de kennisgeving in het buitenland van gerechtelijke en
buitengerechtelijke stukken in burgerlijke en in handelszaken (hierna: het Haags
Betekeningsverdrag). Zowel de Verenigde Staten als Nederland zijn daarbij partij.

2.4.      dmarcian Europe hebben het voor dmarcian Inc. en Draegen bestemde exploot op
29 januari 2021 overeenkomstig het Haags Betekeningsverdrag en de Uitvoeringswet van
het verdrag juncto artikel 55 lid 1 Wetboek van Burgerlijke Rechtsvordering door het
uitbrengen van het exploot aan het parket van de ambtenaar van het Openbaar Ministerie bij
de rechtbank Rotterdam, met achterlating van twee afschriften van het exploot en met het
verzoek het exploot aan gedaagden te doen betekenen c.q. daarvan aan haar kennis te doen
geven overeenkomstig de artikelen 3 tot en met 6 van het Haags Betekeningsverdrag door
betekening of kennisgeving met inachtneming van de vormen die in de wetgeving van de
Verenigde Staten zijn voorgeschreven voor de betekening of kennisgeving van stukken die
in dat land zijn opgemaakt en bestemd zijn voor zich aldaar bevindende personen.
Daarnaast heeft dmarcian Europe een afschrift van de dagvaarding – voorzien van een
Engelse vertaling – per e-mails van 29 januari 2021 doen verzenden aan (de bestuurder van)
dmarcian Inc. en Draegen op de door hen (sinds de hierna nog te noemen OK-procedure)
gebruikte e-mailadressen en aan de Nederlandse advocaten van dmarcian Inc. en Draegen.

2.5.      Niet is gebleken dat de dagvaarding overeenkomstig artikel 15 lid 1 (en 2) van het
Haags Betekeningsverdrag is betekend of in persoon aan gedaagde is afgegeven. Op grond
van artikel 15 lid 3 van het Haags Betekeningsverdrag kan de voorzieningenrechter echter in
een kort geding verstek tegen een in het buitenland woonachtige gedaagde verlenen zonder
dat in spoedeisende gevallen behoeft te blijken dat aan de voorwaarden van artikel 15 lid 1
van het Haags Betekeningsverdrag is voldaan. Wel zal – met inachtneming van de vereiste
spoed – zoveel mogelijk overeenkomstig de doelstelling van het Haags Betekeningsverdrag,
gewaarborgd moeten zijn dat een uitgebracht exploot degene voor wie het is bestemd
daadwerkelijk heeft bereikt en – indien het zoals hier om een dagvaarding gaat – zo tijdig
dat deze nog de mogelijkheid heeft verweer te voeren (zie o.a. Hoge Raad 14 december
2007, ECLI:NL:HR:2007:BB7192).

2.6.      Bij ge-e-mailde brief van 22 januari 2021 heeft de mr. T. Jansen, advocaat te
Amsterdam namens dmarcian Inc. de overeenkomst met dmarcian Europe voorwaardelijk
opgezegd tegen 1 februari 2021 en aangezegd dat dmarcian Europe per die datum geen
toegang meer heeft tot de (computer)systemen. In een op diezelfde dag aan een
(mede)aandeelhouder van dmarcian Europe ge-e-mailde brief hebben mrs. F Henke en P.A.
Josephus Jitta, advocaten te Amsterdam, namens Draegen (de CEO van dmarcian Inc.) naar
die opzeggingsbrief verwezen. Bij e-mails van 25 januari 2021 heeft mr. V. van Druenen
namens dmarcian Europe dmarcian Inc. en Draegen via hun (Nederlandse) advocaten
gesommeerd om de toegang tot de systemen te herstellen. Daarbij heeft zij een kort geding
aangezegd. Bij e-mails van 26 januari 2021 hebben de advocaten van dmarcian Inc. en
Draegen aan dmarcian Europe laten weten dat hun cliënten aan deze sommatie geen gehoor
geven. Bij e-mail van 27 januari 2021 heeft de advocaat van Draegen aan dmarcian Europe
bericht dat zijn cliënt geen domicilie kiest op zijn kantoor.

2.7.      Gelet op de opzeggingsbrief van 22 januari 2021, de (inmiddels deels
doorgevoerde) ontzegging van dmarcian Europe tot de (computer)systemen en de door

dmarcian Europe gestelde schade is het spoedeisend karakter van de door dmarcian Europe
gevorderde voorzieningen voldoende aannemelijk.

2.8.      Voorts is voldoende aannemelijk dat de aan de (gebruikelijke) e-mailadressen van
dmarcian Inc. en Draegen en hun advocaten verzonden dagvaarding dmarcian Inc. en
Draegen tijdig heeft bereikt en dat zij daarvan kennis hebben kunnen nemen. Bij dit oordeel
is mede in aanmerking genomen dat (i) de opzegging van de overeenkomst en de
aanzegging van de beëindiging van de toegang tot de systemen is verzonden door de
Nederlandse advocaat van dmarcian Inc.; (ii) Draegen blijkens de e-mail van zijn
(Nederlandse) advocaat van die opzegging en de gegeven termijnen op de hoogte was; (iii)
voorafgaand aan dit kort geding door de Nederlandse advocaten van dmarcian Inc. en
Draegen over deze zaak is gecorrespondeerd. Gelet op de door dmarcian Inc. en Draegen
gehanteerde termijnen en de communicatie via hun (Nederlandse) advocaten, is met
(digitale) verzending voldoende gewaarborgd dat zij de dagvaarding, al dan niet via hun
Nederlandse advocaten, tijdig hebben ontvangen.
Er bestaat dan ook voldoende grond om met toepassing van artikel 15 lid 3 van het Haags
Betekeningsverdrag over te gaan tot verstekverlening.

2.9.      Nu dmarcian Europe en Draegen hun woonplaats hebben in de Verenigde Staten,
dient de voorzieningenrechter haar bevoegdheid te baseren op de bepalingen van het
Wetboek van Burgerlijke Rechtsvordering (Rv). Met betrekking tot de vorderingen tegen
dmarcian Inc. is de voorzieningenrechter bevoegd op grond van artikel 6a Rv, omdat
aannemelijk is dat de contractuele verbintenis die aan de eis van dmarcian Europe ten
grondslag ligt (het toegang verschaffen tot de systemen) in Nederland moet worden
uitgevoerd. Met betrekking tot de vorderingen tegen Draegen is de voorzieningenrechter
bevoegd op grond van artikel 6e Rv, aangezien voldoende aannemelijk is dat het
schadebrengende feit (het Erfolgsort) in Nederland gelegen is.

2.10.     Gelet op het gestelde in de dagvaarding, past de voorzieningenrechter Nederlands
recht toe.

2.11.     Het gevorderde komt de voorzieningenrechter niet onrechtmatig of ongegrond
voor, zodat het – op de wijze zoals hierna vermeld – wordt toegewezen.

2.12.     In de dagvaarding heeft dmarcian Europe gesteld dat de inhoud van de
overeenkomst tussen dmarcian Europe en dmarcian Inc. tussen partijen in geschil is. Zij
heeft in dit verband onder meer verwezen naar de hierna vermelde beschikking van de
Ondernemingskamer. Gelet hierop is de primaire vordering onder 1a (nakoming van de
overeenkomst) onvoldoende bepaalbaar. Deze vordering is daarom niet toewijsbaar.

2.13.     Bij beschikking van 7 september 2020 heeft de Ondernemingskamer in een
procedure tussen onder meer dmarcian Europe en Draegen een onderzoek gelast naar het
beleid en de gang van zaken van dmarcian Europe. In deze beschikking heeft de
Ondernemingskamer overwogen dat dmarcian Europe en dmarcian Inc. onvoldoende
hebben geregeld. Vervolgens heeft de Ondernemingskamer overwogen dat partijen wel ten
minste het volgende zijn overeengekomen:
  •   dat dmarcian Europe een licentie heeft voor het gebruik en de verkoop van de
      software afkomstig van dmarcian Inc.;

- dat dmarcian Europe verantwoordelijk is voor de verkoop van die software (en het leveren van bijbehorende diensten) aan klanten in Europa, Rusland en Afrika.

2.14.    Gelet hierop, en op het gelaste onderzoek en de recente benoeming van een onderzoeker, acht de voorzieningenrechter de subsidiaire vordering onder 1b toewijsbaar, met dien verstande dat hieronder in ieder geval dient te worden verstaan de inhoud van de overeenkomst zoals deze door de Ondernemingskamer is vastgesteld. In het verlengde van deze toewijzing dienen dmarcian Inc. en Draegen, zoals onder 2 en deels onder 4 gevorderd, dmarcian Europe toegang te verlenen tot de (computer)systemen die nodig zijn om haar klanten te bedienen.

2.15.    De termijn waarbinnen dmarcian Inc. de toegang moet verlenen wordt bepaald op 24 uur na betekening van dit vonnis.

2.16.    De gevorderde dwangsommen worden gematigd en gemaximeerd zoals in de beslissing vermeld.

2.17.    dmarcian Inc. en Draegen worden als de in het ongelijk gestelde partijen, hoofdelijk, in de proceskosten veroordeeld. De kosten aan de zijde van dmarcian Europe worden begroot op:

| | | |
|---|---|---|
| - betekening oproeping | € | 85,81 |
| - griffierecht | € | 667,00 |
| - salaris advocaat | € | 656,00 |
| Totaal | € | 1.408,81 |

2.18.    De nakosten en de wettelijke rente worden toegewezen zoals in de beslissing vermeld.


3.    **De beslissing**

De voorzieningenrechter:

3.1.    verleent verstek tegen de niet verschenen gedaagden;

3.2.    gebiedt dmarcian Inc., bij wijze van ordemaatregel, gedurende het door de Ondernemingskamer gelaste onderzoek de tussen partijen bestaande overeenkomst na te komen en verbiedt haar gedurende die periode die overeenkomst te beëindigen;

3.3.    gebiedt dmarcian Inc. binnen 24 uur na betekening van dit vonnis de blokkade van (de medewerkers van) dmarcian Europe tot het SaaS-platform en de voor de uitoefening van haar bedrijfsactiviteiten vereiste (computer)systemen op te heffen en opgeheven te houden totdat de tussen partijen bestaande overeenkomst rechtsgeldig is beëindigd;

3.4.    veroordeelt dmarcian Inc. om aan dmarcian Europe een dwangsom te betalen van € 20.000,00 voor iedere dag of gedeelte daarvan dat zij niet aan de in dictumonderdeel 3.2 en 3.3. gegeven hoofdveroordeling voldoet, tot een maximum van € 500.000,00 is bereikt;

3.5.    veroordeelt Draegen zich te onthouden van iedere handeling zelf of via een door hem bestuurde vennootschap waaronder expliciet begrepen dmarcian Inc., die de bedrijfsvoering van dmarcian Europe belemmert, totdat dan wel als gevolg van het door de Ondernemingskamer gelaste onderzoek, dan wel als gevolg van een gerechtelijk bodemvonnis, duidelijkheid ontstaat over de inhoud en reikwijdte van de aan dmarcian Europe verstrekte licentieovereenkomst en de eigendom van de IE- rechten op de dmarcian software;

3.6.    veroordeelt Draegen om aan dmarcian Europe een dwangsom te betalen van € 20.000,00 voor iedere dag of gedeelte daarvan dat hij niet aan de in dictumonderdeel 3.4 gegeven hoofdveroordeling voldoet, tot een maximum van € 500.000,00 is bereikt;

3.7.    veroordeelt dmarcian Inc. en Draegen, hoofdelijk, in de proceskosten, aan de zijde van dmarcian Europe tot op heden begroot op € 1.408,81, te vermeerderen met de wettelijke rente als bedoeld in art. 6:119 BW over dit bedrag met ingang van veertien dagen na betekening van dit vonnis tot de dag van volledige betaling;

3.8.    veroordeelt dmarcian Inc. en Draegen, hoofdelijk, in de na dit vonnis ontstane kosten, begroot op € 163,00 aan salaris advocaat, te vermeerderen, onder de voorwaarde dat dmarcian Inc. en Draegen niet binnen 14 dagen na aanschrijving aan het vonnis hebben voldaan en er vervolgens betekening van de uitspraak heeft plaatsgevonden, met een bedrag van € 85,00 aan salaris advocaat en de explootkosten van betekening van de uitspraak, en te vermeerderen met de wettelijke rente als bedoeld in art. 6:119 BW over de nakosten met ingang van veertien dagen na de betekening van dit vonnis tot aan de voldoening;

3.9.    verklaart dit vonnis tot zover uitvoerbaar bij voorraad;

3.10.    wijst het meer of anders gevorderde af.

Dit vonnis is gewezen door mr. P. de Bruin en in het openbaar uitgesproken op 1 februari 2021.

3077/2009





Gerechtsdeurwaarders
en Incassobureau

correspondentie gelieve richten aan: Kennedy Van der Laan Advocaten, Molenwerf 16, 1014
BG AMSTERDAM, t.a.v. mr. M. Bacon .

Dossiernummer: L2100814/INT

Heden, de eerste februari tweeduizend eenentwintig om *18.45* uur;

op verzoek van de besloten vennootschap met beperkte aansprakelijkheid DMARCIAN
EUROPE B.V., gevestigd te DORDRECHT, die voor deze zaak tot het uiteinde van de
tenuitvoerlegging van na te melden executoriale titel woonplaats kiest ten kantore van nader te
noemen gerechtsdeurwaarder;

Heb ik, Robert Pieter van Veenendaal,
gerechtsdeurwaarder te Rotterdam en aldaar
kantoorhoudende aan de Willemskade 21

AAN

1. de vennootschap naar het recht harer vestiging DMARCIAN INC., gevestigd en
kantoorhoudende te 28712 Brevard, North Carolina, Verenigde Staten van Amerika, aan het
adres Broad Street 43 S, zonder bekende woonplaats of bekend werkelijk verblijf in Nederland.

Zodoende heb ik uit krachte van artikel 55 lid 1 van het Wetboek van Burgerlijke
Rechtsvordering mijn exploot gedaan aan het arrondissementsparket van de ambtenaar van
het openbaar ministerie bij de rechtbank Rotterdam, alwaar ik te 3072 AK ROTTERDAM aan
het adres Wilhelminaplein 100 -125 twee afschriften hiervan en van nader te noemen stukken,
waarvan de Engelse vertaling onverwijld zal worden nagezonden, heb gelaten aan: voormeld adres in gesloten envelop met
daarop de vermelding als wettelijk voorge-
schreven, omdat ik aldaar niemand aantrof
aan wie rechtsgeldig afschrift kon worden
gelaten;

*(aldaar woonalaam en aanwezig.)*

Verzocht wordt dit exploot, en nader te noemen stukken, voorzien van de vertaling van die
stukken in de Engelse taal, aan DMARCIAN INC. te doen betekenen/kennisgeven
overeenkomstig de artikelen 3 tot en met 6 van het Verdrag inzake de betekening en de
kennisgeving in het buitenland van gerechtelijke en buitengerechtelijke stukken in burgerlijke-
en handelszaken van 15 november 1965 (het "Verdrag"), en wel door betekening of
kennisgeving met inachtneming van de vormen in de wetgeving van de aangezochte lidstaat
voorgeschreven voor de betekening of de kennisgeving van stukken, die in dat land zijn
opgemaakt en bestemd zijn voor zich aldaar bevindende personen, waarbij aan de in artikel 6
van het Verdrag bedoelde (centrale) autoriteit voorts verzocht wordt een afschrift van dit
exploot te retourneren, vergezeld van de verklaring als bedoeld in artikel 6 van het Verdrag.

de kosten ten bedrage van USD 95,00 worden tijdig overgemaakt naar de Wells Fargo Bank,
account no. 2007107119, onder vermelding van Swift Code: WFBIUS6S, 1763 4th Ave South,
Seattle, Washington 98134 USA onder vermelding van de vennootschap naar het recht harer
vestiging DMARCIAN INC. gevestigd te BREVARD, NORTH CAROLINA, VERENIGDE
STATEN VAN AMERIKA en kantoorhoudende 28712 aan het adres Broad Street 43 S;

**Post**
Postbus 22259
1100 CG Amsterdam

**Online**
info@groot-evers.nl
www.groot-evers.nl

**Kwaliteitsrekening**
IBAN: NL 15 INGB 0651 2205 99
BIC /SWIFT: INGBNL 2A

**KvK-nr / BTW-nr**
34 11 61 16
NL 8081 02 096 B01

**Amsterdam**
Hogehilweg 4
1101 CC Amsterdam

**Contact**
T 020 40 80 453
F 020 40 80 472

**Rotterdam**
Willemskade 21
3016 DM Rotterdam

**Contact**
T 010 75 36 070
F 010 41 44 050

**Utrecht**
Euclideslaan 259
3584 BV Utrecht

**Contact**
T 030 25 13 814
F 030 25 23 043



Groot & Evers

Gerechtsdeurwaarders
en Incassobureau

Voorts wordt een afschrift van dit exploot en van nader te noemen stuk(ken), voorzien van de vertaling van die stukken in de Engelse taal onverwijld door mij per aangetekende brief gezonden aan het adres van <u>DMARCIAN INC.</u>, voornoemd.

2. <u>Timothy George Draegen</u>, wonende te 28712 Brevard, North Carolina, Verenigde Staten van Amerika, aan het adres Delphia Drive 272, zonder bekende woonplaats of bekend werkelijk verblijf in Nederland.

Zodoende heb ik uit krachte van artikel 55 lid 1 van het Wetboek van Burgerlijke Rechtsvordering mijn exploot gedaan aan het arrondissementsparket van de ambtenaar van het openbaar ministerie bij de rechtbank Rotterdam, alwaar ik te 3072 AK ROTTERDAM aan het adres Wilhelminaplein 100 -125 twee afschriften hiervan en van nader te noemen stukken, waarvan de Engelse vertaling onverwijld zal worden nagezonden, heb gelaten aan:

aldaar werkzaam en aanwezig.

Verzocht wordt dit exploot, en nader te noemen stukken, voorzien van de vertaling van die stukken in de Engelse taal, aan <u>Timothy George Draegen</u> te doen betekenen/kennisgeven overeenkomstig de artikelen 3 tot en met 6 van het Verdrag inzake de betekening en de kennisgeving in het buitenland van gerechtelijke en buitengerechtelijke stukken in burgerlijke- en handelszaken van 15 november 1965 (het "Verdrag"), en wel door betekening of kennisgeving met inachtneming van de vormen in de wetgeving van de aangezochte lidstaat voorgeschreven voor de betekening of de kennisgeving van stukken, die in dat land zijn opgemaakt en bestemd zijn voor zich aldaar bevindende personen, waarbij aan de in artikel 6 van het Verdrag bedoelde (centrale) autoriteit voorts verzocht wordt een afschrift van dit exploot te retourneren, vergezeld van de verklaring als bedoeld in artikel 6 van het Verdrag.

de kosten ten bedrage van USD 95,00 worden tijdig overgemaakt naar de Wells Fargo Bank, account no. 2007107119, onder vermelding van Swift Code: WFBIUS6S, 1763 4th Ave South, Seattle, Washington 98134 USA onder vermelding van <u>Timothy George Draegen</u>, wonende te 28712 Brevard, North Carolina aan het adres Delphia Drive 272;

Voorts wordt een afschrift van dit exploot en van nader te noemen stuk(ken), voorzien van de vertaling van die stukken in de Engelse taal onverwijld door mij per aangetekende brief gezonden aan het adres van <u>Timothy George Draegen</u> voornoemd.

**BETEKEND**

de grosse van een vonnis in kort geding d.d. 1 februari 2021, gewezen door de voorzieningenrechter van de Rechtbank Rotterdam, locatie Rotterdam, in de zaak van requirante als eiseres en gerequireerden als gedaagden,

**Post**
Postbus 22259
1100 CG Amsterdam

**Online**
info@groot-evers.nl
www.groot-evers.nl

**Kwaliteitsrekening**
IBAN: NL 15 INGB 0651 2205 99
BIC /SWIFT: INGBNL 2A

**KvK-nr / BTW-nr**
34 11 61 16
NL8061 02 090 B01

**Amsterdam**
Hogehilweg 4
1101 CC Amsterdam

**Contact**
T 020 40 80 453
F 020 40 80 452

**Rotterdam**
Willemskade 21
3016 DM Rotterdam

**Contact**
T 010 75 36 070
F 010 41 14 048

**Utrecht**
Euclideslaan 259
3584 BV Utrecht

**Contact**
T 030 25 13 814
F 030 25 23 043



Groot
& Evers

Gerechtsdeurwaarders
en Incassobureau

**MET BEVEL**

1. om aan de inhoud van de ten deze betekende executoriale titel te voldoen, luidende als volgt:
"

3.2. gebiedt dmarcian Inc., bij wijze van ordemaatregel, gedurende het door de Ondernemingskamer gelaste onderzoek de tussen partijen bestaande overeenkomst na te komen en verbiedt haar gedurende die periode die overeenkomst te beëindigen;

3.3. gebiedt dmarcian Inc. binnen 24 uur na betekening van dit vonnis de blokkade van (de medewerkers van) dmarcian Europe tot het SaaS-platform en de voor de uitoefening van haar bedrijfsactiviteiten vereiste (computer)systemen op te heffen en opgeheven te houden totdat de tussen partijen bestaande overeenkomst rechtsgeldig is beëindigd;

3.4. veroordeelt dmarcian Inc. om aan dmarcian Europe een dwangsom te betalen van € 20.000,00 voor iedere dag of gedeelte daarvan dat zij niet aan de in dictumonderdeel 3.2 en 3.3. gegeven hoofdveroordeling voldoet, tot een maximum van € 500.000,00 is bereikt;

3.5. veroordeelt Draegen zich te onthouden van iedere handeling zelf of via een door hem bestuurde vennootschap waaronder expliciet begrepen dmarcian Inc., die de bedrijfsvoering van dmarcian Europe belemmert, totdat dan wel als gevolg van het door de Ondernemingskamer gelaste onderzoek, dan wel als gevolg van een gerechtelijk bodemvonnis, duidelijkheid ontstaat over de inhoud en reikwijdte van de aan dmarcian Europe verstrekte licentieovereenkomst en de eigendom van de IE- rechten op de dmarcian software;

3.6. veroordeelt Draegen om aan dmarcian Europe een dwangsom te betalen van € 20.000,00 voor iedere dag of gedeelte daarvan dat hij niet aan de in dictumonderdeel 3.4 gegeven hoofdveroordeling voldoet, tot een maximum van € 500.000,00 is bereikt;
"

2. om binnen TWEE DAGEN NA VANDAAG aan de inhoud van de ten deze betekende executoriale titel te voldoen en mitsdien aan requirante, hoofdelijk des dat de een betalend de ander zal zijn bevrijdtegen bewijs van kwijting te betalen:

| | | |
|---|---|---|
| Proceskosten | € | 1.408,81 |
| Salaris advocaat | € | 163,00 |
| Salaris advocaat | € | P.M. |
| Rente | € | P.M. |
| Totaal | € | 1.571,81 |
| De kosten van dit exploot | € | 82,58 |
| **TOTAAL** | € | **1.654,39** |

zulks onverminderd de verder nog te vallen kosten van executie en (voormelde) P.M.-posten;

**Post**
Postbus 22259
1100 CG Amsterdam

**Online**
info@groot-evers.nl
www.groot-evers.nl

**Kwaliteitsrekening**
IBAN: NL 15 INGB 0651 2205 99
BIC /SWIFT: INGBNL 2A

**KvK-nr / BTW-nr**
34 11 61 16
NL 8081 02 096 B01

**Amsterdam**
Hogehilweg 4
1101 CC Amsterdam

**Contact**
T 020 40 80 453
F 020 40 80 472

**Rotterdam**
Willemskade 21
3016 DM Rotterdam

**Contact**
T 010 75 36 070
F 010 41 44 050

**Utrecht**
Euclideslaan 259
3584 BV Utrecht

**Contact**
T 030 25 13 814
F 030 25 23 043



Groot
&Evers

Gerechtsdeurwaarders
en Incassobureau

**MET AANZEGGING**

dat bij niet tijdige voldoening aan dit bevel binnen de gestelde termijn, de ten deze betekende
executoriale titel ten uitvoer zal worden gelegd door alle middelen rechtens, meer speciaal
door inbeslagneming en openbare verkoop van de roerende en/of onroerende zaken van
gerequireerden, alsmede door middel van loonbeslag en verder door alle andere middelen
van executie.

De kosten dezes zijn € 82,58

| **Post** | **Kwaliteitsrekening** | **Amsterdam** | **Rotterdam** | **Utrecht** |
|---|---|---|---|---|
| Postbus 22259 | IBAN: NL 15 INGB 0651 2205 99 | Hogehilweg 4 | Willemskade 21 | Euclideslaan 259 |
| 1100 CG Amsterdam | BIC /SWIFT: INGBNL 2A | 1101 CC Amsterdam | 3016 DM Rotterdam | 3584 BV Utrecht |

| **Online** | **KvK-nr / BTW-nr** | **Contact** | **Contact** | **Contact** |
|---|---|---|---|---|
| info@groot-evers.nl | 34 11 61 16 | T 020 40 80 453 | T 010 75 36 070 | T 030 25 13 814 |
| www.groot-evers.nl | NL 8081 02 096 B01 | F 020 40 80 472 | F 010 41 44 050 | F 030 25 23 043 |

# Alfred Meijboom

| | |
|---|---|
| **Van:** | Veerle van Druenen |
| **Verzonden:** | dinsdag 2 februari 2021 21:44 |
| **Aan:** | Tim Draegen; tim@dmarcian.com |
| **CC:** | Alfred Meijboom; Michael Bacon; f.henke@burenlegal.com; p.josephusjitta@burenlegal.com |
| **Onderwerp:** | RE: dmarcian Europe / Draegen - Judgement [URGENT] |
| **Bijlagen:** | Betekening en bevel Haags Verdrag ENG VERT (002).pdf; Verstekvonnis ENG VERT 2780-7448-3202 v.1 2759-1284-3778 v.1.pdf; 21-63.pdf |

Dear Mr. Draegen,

Please find attached the English translation of the judgement and service document attached to my e-mails below.

I note that there were a few minor mistakes in the judgement, the most important one being that par. 3.6 mistakenly refers to par. 3.4 instead of par. 3.5 (as it should have). The court has in the meantime rendered a corrected judgement, which is attached. Please note that this does not affect the date and time of service of the judgement.

Yours sincerely,
Veerle van Druenen

**Veerle van Druenen**
Advocaat / Attorney-at-law

**Kennedy Van der Laan**
**T** +31205506688 **M** +31621175778
**F** +31205506788
Amsterdam | Eindhoven
www.kvdl.com

LinkedIn | Instagram | Mediareport | Nieuwsbrief

---

**Van:** Veerle van Druenen
**Verzonden:** dinsdag 2 februari 2021 11:07
**Aan:** Tim Draege <tim@eudaemon.net>; tim@dmarcian.com
**CC:** Alfred Meijboom <Alfred.Meijboom@kvdl.com>; Michael Bacon <Michael.Bacon@kvdl.com>; f.henke@burenlegal.com; p.josephusjitta@burenlegal.com
**Onderwerp:** RE: dmarcian Europe / Draegen - Judgement [URGENT]
**Urgentie:** Hoog

Dear Mr. Draegen,

I have now also attached the actual judgement.

Your sincerely,
Veerle van Druenen

**Veerle van Druenen**
Advocaat / Attorney-at-law

**Kennedy Van der Laan**
**T** +31205506688 **M** +31621175778
**F** +31205506788
Amsterdam | Eindhoven

Case 1:21-cv-00067-MR   Document 26-7   Filed 04/19/21   Page 14 of 33

www.kvdl.com
LinkedIn | Instagram | Mediareport | Nieuwsbrief

**Van:** Veerle van Druenen
**Verzonden:** dinsdag 2 februari 2021 11:03
**Aan:** Tim Draegen <tim@eudaemon.net>; tim@dmarcian.com
**CC:** Alfred Meijboom <Alfred.Meijboom@kvdl.com>; Michael Bacon <Michael.Bacon@kvdl.com>;
f.henke@burenlegal.com; p.josephusjitta@burenlegal.com
**Onderwerp:** RE: dmarcian Europe / Draegen - Judgement [URGENT]
**Urgentie:** Hoog

Dear Mr. Draegen,

Please find attached a copy of the judgement that was rendered by the District Court of Rotterdam and served on you yesterday. I urge you to take **immediate notice** of this judgement, as it contains an order subject to a judicial penalty. An English translation will be shared with you in the course of today. I trust that your Dutch attorneys will in the meantime provide you with an explanation regarding the contents of this judgement.

Yours sincerely,
Veerle van Druenen

**Veerle van Druenen**

Advocaat / Attorney-at-law

**Kennedy Van der Laan**
**T** +31205506688  **M** +31621175778
**F** +31205506788
Amsterdam | Eindhoven
www.kvdl.com
LinkedIn | Instagram | Mediareport | Nieuwsbrief

**Van:** Veerle van Druenen
**Verzonden:** vrijdag 29 januari 2021 18:01
**Aan:** Tim Draegen <tim@eudaemon.net>; tim@dmarcian.com
**CC:** Alfred Meijboom <Alfred.Meijboom@kvdl.com>; Michael Bacon <Michael.Bacon@kvdl.com>;
f.henke@burenlegal.com; p.josephusjitta@burenlegal.com
**Onderwerp:** RE: dmarcian Europe / Draegen - final version writ of summons [URGENT]

Dear Mr. Draegen,

The password for downloading the documents is: 2A%@qKpT

Kind regards,
Veerle van Druenen

**Veerle van Druenen**

Advocaat / Attorney-at-law

**Kennedy Van der Laan**
**T** +31205506688  **M** +31621175778
**F** +31205506788
Amsterdam | Eindhoven
www.kvdl.com
LinkedIn | Instagram | Mediareport | Nieuwsbrief

**Van:** Veerle van Druenen
**Verzonden:** vrijdag 29 januari 2021 17:42
**Aan:** Tim Draegen <tim@eudaemon.net>; tim@dmarcian.com

**CC:** Alfred Meijboom <Alfred.Meijboom@kvdl.com>; Michael Bacon <Michael.Bacon@kvdl.com>;
f.henke@burenlegal.com; p.josephusjitta@burenlegal.com
**Onderwerp:** dmarcian Europe / Draegen - final version writ of summons [URGENT]
**Urgentie:** Hoog

Dear Mr. Draegen,

I refer to my e-mails below. For your information please find attached a copy of the final writ of summons (including an English translation). I will share the accompanying exhibits with you in two separate e-mails.

Kind regards,
Veerle van Druenen

> **Veerle van Druenen**
> Advocaat / Attorney-at-law
>
> **Kennedy Van der Laan**
> **T** +31205506688 **M** +31621175778
> **F** +31205506788
> Amsterdam | Eindhoven
> www.kvdl.com
> LinkedIn | Instagram | Mediareport | Nieuwsbrief

---

**Van:** Veerle van Druenen
**Verzonden:** donderdag 28 januari 2021 16:53
**Aan:** Tim Draegen <tim@eudaemon.net>
**CC:** Michael Bacon <Michael.Bacon@kvdl.com>; Alfred Meijboom <Alfred.Meijboom@kvdl.com>;
f.henke@burenlegal.com; p.josephusjitta@burenlegal.com; tim@dmarcian.com
**Onderwerp:** RE: dmarcian Europe / Draegen - date hearing summary proceedings [URGENT]
**Urgentie:** Hoog

Dear Mr. Draegen,

Please refer to my e-mail below.

Kind regards,
Veerle van Druenen

> **Veerle van Druenen**
> Advocaat / Attorney-at-law
>
> **Kennedy Van der Laan**
> **T** +31205506688 **M** +31621175778
> **F** +31205506788
> Amsterdam | Eindhoven
> www.kvdl.com
> LinkedIn | Instagram | Mediareport | Nieuwsbrief

---

**Van:** Veerle van Druenen
**Verzonden:** donderdag 28 januari 2021 16:49
**Aan:** tim@dmarcian.com
**CC:** Michael Bacon <Michael.Bacon@kvdl.com>; Alfred Meijboom <Alfred.Meijboom@kvdl.com>;
f.henke@burenlegal.com; p.josephusjitta@burenlegal.com
**Onderwerp:** dmarcian Europe / Draegen - date hearing summary proceedings [URGENT]

Dear Mr. Draegen,

I refer to my e-mail to your attorney dated 25 January 2021 regarding the dispute that has arisen between you and dmacian Inc. ("**dmarcian Inc.**") on the one hand and dmarcian Europe B.V. ("**dmarcian Europe**") on the other hand.

In light of dmarcian Inc.'s refusal to meet the demands of dmarcian Europe set out in its e-mail of 25 January 2021, dmarcian Europe has proceeded and requested the District Court of Rotterdam to schedule a date for a hearing in summary proceedings. In the meantime the date for this hearing has been set. The hearing will take place on **Monday 1 February 2021 between 09:00 and 10:30 hrs at the District Court in Rotterdam**. The judge is mr. De Bruin. Attached you will find a copy of the draft writ of summons that was submitted by dmarcian Europe when requesting the court to schedule the hearing. The final writ of summons (including an English translation thereof) and the exhibits will be served tomorrow.

Note that the court has granted permission to submit the procedural documents by e-mail using the following e-mail addresses: Bvr.civiel.rb.rotterdam@rechtspraak.nl and p.de.bruin@rechtspraak.nl (with a copy to the other attorney's involved). It is not required to also submit the procedural documents per regular mail.

I further note that the court has informed us that the court room has a maximum capacity of 10 persons (not including the judge and clerk). I will contact your attorney to discuss the number of representatives that will be present for each of the parties.

I trust to have informed you sufficiently.

Kind regards,
Veerle van Druenen

**Veerle van Druenen**
Advocaat / Attorney-at-law

**Kennedy Van der Laan**
**T** +31205506688  **M** +31621175778
**F** +31205506788
Amsterdam | Eindhoven
www.kvdl.com
LinkedIn | Instagram | Mediareport | Nieuwsbrief



please address all correspondence to: Kennedy Van der Laan Advocaten, Molenwerf 16, 1014 BG AMSTERDAM, attn. mr. M. Bacon.

_____

# Âw)ÄÖL2Ä*(.YÈ

File number: L2100814/INT

On this first day of February two thousand and twenty-one at            a.m./p.m.;

at the request of the private company with limited liability DMARCIAN EUROPE  B.V., having its registered office in DORDRECHT,  electing domicile in this matter until the completion of the enforcement of the enforceable title to be mentioned hereinafter at the offices of bailiff to be specified below:

**TO**

1.  the company incorporated under the law of its registered office  **DMARCIAN INC.**, having its registered office and principal place of business at 28712 Brevard, North Carolina, United States of America, at the address Broad Street 43 S, with no known place of residence or known actual stay in the Netherlands,

Accordingly, pursuant to Article 55 (1) of the Code of Civil Procedure, I have served my writ on the District Attorney of the Public Prosecutor's Office at the Court of Rotterdam, where I have left two copies of this and of further documents to be mentioned at 3072 AK ROTTERDAM at the address Wilhelminaplein 100 -125, of which an English translation will be sent without delay to:

working there and present.

With the request to have this writ, and documents to be mentioned below, together with the translation of those documents into English, served on/notified to DMARCIAN INC.  pursuant to Articles 3 through 6 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 15 November 1965 (the "Convention"), by service or notification using the methods provided for by the laws of the Member State addressed for the service or notification of documents drawn up in that country and intended for persons present in that country, furthermore requesting the (central) authority referred to in Article 6 of the Convention to return a copy of this writ, accompanied by the declaration provided for in Article 6 of the Convention.

The costs amounting to USD 95,00 will be transferred in good time to Wells Fargo Bank, account no. 2007107119, quoting Swift Code: WFBIUS6S, 1763 4th Ave South, Seattle, Washington 98134 USA, quoting the company incorporated under the law of its registered office  DMARCIAN INC., having its registered office at BREVARD, NORTH  CAROLINA, UNITED STATES OF AMERICA and principal place of business at 28712 at the address Broad Street 43 S;

Furthermore, I shall immediately send by registered letter a copy of this writ and of the document or documents to be mentioned below, together with a translation of these documents into English, to the address of the aforesaid DMARCIAN INC.

2. **Timothy George Draegen**, residing at 28712  Brevard, North Carolina, United States of America, at the address Delphia Drive 272, with no known place of residence or known actual stay in the Netherlands.

Accordingly, pursuant to Article 55 (1) of the Code of Civil Procedure, I have served my writ on the District Attorney of the Public Prosecutor's Office at the Court of Rotterdam, where I have left two copies of this and of further documents to be mentioned at 3072 AK ROTTERDAM at the address Wilhelminaplein 100 -125, of which an English translation will be sent without delay to:

working there and present.

With the request to have this writ, and documents to be mentioned below, together with the translation of those documents into English, served on/notified to Timothy George Draegen, pursuant to Articles 3 through 6 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 15 November 1965 (the "Convention"), by service or notification using the methods provided for by the laws of the Member State addressed for the service or notification of documents, drawn up in that country and intended for persons present in that country, furthermore requesting the (central) authority referred to in Article 6 of the Convention to return a copy of this writ, accompanied by the declaration provided for in Article 6 of the Convention.

The costs amounting to USD 95,00 will be transferred in good time to Wells Fargo Bank, account no. 2007107119, quoting Swift Code: WFBIUS6S, 1763 4th Ave South, Seattle, Washington 98134 USA, quoting Timothy George Draegen, residing at 28712  Brevard, North Carolina, United States of America, at the address Delphia Drive  272,

Furthermore, I shall immediately send by registered letter a copy of this writ and of the document or documents to be mentioned below, together with a translation of these documents into English, to the address of the aforesaid Timothy George Draegen.

**I HAVE SERVED**

The original of a judgment in interim relief proceedings dated February 1, 2021, rendered by the Interim Relief Judge of the Court of Rotterdam, location Rotterdam, in the case of the applicant as claimant and the respondents as defendants,

**ORDERING**

1.  To comply with the contents of the writ of execution hereby served, reading as follows:

"
3.2.  orders dmarcian Inc., as a disciplinary measure, during the investigation ordered by the Enterprise Section, to perform the agreement existing between the parties and prohibits it from terminating that agreement during that period;

3.3. orders dmarcian Inc. within 24 hours after service of this judgment to lift the blockade of (the employees of) dmarcian Europe to the SaaS platform and the (computer) systems required for the execution of its business activities and to keep it lifted until the existing agreement between the parties has been legally terminated;

3.4. orders dmarcian Inc. to pay a penalty of €20,000 to dmarcian Europe for each day or part of a day that it fails to comply with the main order issued in operative parts 3.2 and 3.3., until a maximum of €500,000 is reached;

3.5. orders Draegen to refrain from any action undertaken by himself or through a company managed by him, expressly including dmarcian Inc., which impedes the business operations of dmarcian Europe, until or as a result of the investigation ordered by the Enterprise Section, or as a result of a judgment on the merits, clarity has been created about the contents and scope of the license agreement granted to dmarcian Europe and the ownership of the IP rights to the dmarcian software;

3.6. orders Draegen to pay a penalty to dmarcian Europe of €20,000 for each day or part of a day that it fails to comply with the main order pronounced in operative part 3.4., until a maximum of €500,000 is reached;
"

2. to comply with the contents of the enforceable title hereby served within TWO DAYS AFTER THIS DAY and therefore to pay to the applicant, jointly and severally, such that payment by one party will discharge the other, against proof of discharge:

| | | |
|---|---|---|
| Costs of proceedings | € | 1,408.81 |
| Attorney's fees | € | 163.00 |
| Attorney's fees | € | TBD |
| Interest | € | TBD |
| Total | € | 1,571.81 |
| Cost of this writ | € | 82.58 |
| **TOTAL** | **€** | **1,654.39** |

without prejudice to the further costs of execution and (aforementioned) TBD items;

**AND GIVING NOTICE**

that in the event of failure to comply with this order within the stipulated period, the enforceable title hereby served will be implemented by all legal means, more specifically by seizure and public sale of the movable and/or immovable property of the respondents, as well as by means of attachment of wages and further by all other means of execution.

The costs incurred by me are €82.58

# Judgment

**COURT OF ROTTERDAM**

Commerce and Port Team

case number / case list number: C/10/612223 / KG ZA 21-63

**Judgment in interim relief proceedings dated 01 February 2021**

in the matter of

The private company with limited liability **DMARCIAN
EUROPE B.V.,**
having its registered office in Dordrecht,
claimant,
attorney: *mr.* M.R.S. Bacon in Amsterdam,


versus


1. the legal entity incorporated under foreign law **DMARCIAN INC.,**
   having its registered office in Brevard (North Carolina, United States of America)
2. **TIMOTHY GEORGE DRAEGEN**,
   residing in Brevard (North Carolina, United States of America),
defendants,
having failed to appear.

Below, the parties will be referred to as "dmarcian Europe", "dmarcian Inc." and "Draegen".




## 1. The Proceedings


1.1 The course of the proceedings is apparent from:
– the subpoena of 29 January 2021, with exhibits;
– the oral hearing on 01 February 2021;
– the supplementary exhibits submitted during the oral hearing.

1.2 Pronouncement of judgment was fixed for today.

**2. The Adjudication**

2.1　With regard to the facts and the claims reference is made to the arguments in the attached copy of the subpoena.

2.2　dmarcian Inc. and Draegen have failed to appear in the proceedings. With regard to the question of whether leave to proceed in default can be granted against them, the following is considered.

2.3　The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters of 15 November 1965 established in The Hague (the "Hague Service Convention") is applicable. Both the United States and the Netherlands are parties to this Convention.

2.4　In accordance with the Hague Service Convention on Jurisdiction and the Implementation Act of the Convention in conjunction with Section 55 subsection 1 of the Code of Civil Procedure, dmarcian Europe have delivered the writ addressed to dmarcian Inc. and Draegen on 29 January 2021 by delivering the writ to the public prosecutor's office at the Court of Rotterdam, leaving two copies of the writ and requesting that the writ be served on the defendants and/or be notified on the defendants in accordance with Articles 3 through 6 of the Hague Service Convention by service or notification in the manner prescribed by the laws of the United States of America for the service or notification of documents drawn up in that country and intended for persons residing in that country.
In addition, dmarcian Europe had a copy of the subpoena – with an English translation – sent by emails of 29 January 2021 to (the director of) dmarcian Inc. and Draegen on the email addresses used by them (since the Enterprise Section proceedings to be referred to below) and to the Dutch attorneys of dmarcian Inc. and Draegen.

2.5　There is no evidence that the subpoena was served or delivered in person to the defendant in accordance with Article 15(1) (and 2) of the Hague Service Convention. Pursuant to Article 15(3) of the Hague Service Convention, the court hearing an application for interim relief may grant leave to proceed in default of appearance against a defendant domiciled abroad without it being necessary, in urgent cases, to prove that the conditions of Article 15(1) of the Hague Service Convention have been met. However – with due regard for the required urgency – it will have to be ensured, as much as possible in accordance with the objective of the Hague Service Convention, that an issued writ has actually reached the addressee and – if, as in this case, it concerns a subpoena – in time so that this addressee still has the opportunity to put forward a defense (see *inter alia* Supreme Court, 14 December 2007, ECLI:NL:HR:2007:BB7192).

2.6　On behalf of dmarcian Inc., by emailed letter dated 22 January 2021 T. Jansen, attorney in Amsterdam, conditionally terminated the agreement with dmarcian Europe as of 01 February 2021, and gave notice that as of that date dmarcian Europe will no longer have access to the (computer) systems.
In an emailed letter of that same day to a (fellow) shareholder of dmarcian Europe, F. Henke and P.A. Josephus Jitta, attorneys in Amsterdam, referred to this termination letter on behalf of Draegen (CEO of dmarcian Inc.). By mails dated 25 January 2021 on behalf of dmarcian Europe, attorney V. van Druenen demanded dmarcian Inc. and Draegen via their (Dutch) attorneys to restore access to the systems. She also announced that interim relief proceedings would be brought. By mails dated 26 January 2021, the attorneys of dmarcian Inc. and Draegen informed

dmarcian Europe that their clients would not comply with this demand. By mail dated 27 January 2021, Draegen's attorney informed dmarcian Europe that his client would not elect domicile at his office.

2.7     In view of the termination letter dated 22 January 2021, the (by now partially implemented) denial of access of dmarcian Europe to the (computer) systems and the loss alleged by dmarcian Europe, the urgency of the relief sought by dmarcian Europe is sufficiently plausible.

2.8     Furthermore, it is sufficiently plausible that the subpoena sent to the (usual) e-mail addresses of dmarcian Inc. and Draegen and their attorneys have reached dmarcian Inc. and Draegen in time and that they were able to take note of it. The following aspects have been considered in this adjudication: (i) that the termination of the agreement and the notice of termination of the access to the systems were sent by the Dutch attorney of dmarcian Inc.; (ii) that Draegen was aware of this termination and the deadlines given, as appears from the e-mail of his (Dutch) attorney; (iii) that prior to these interim relief proceedings the Dutch attorneys of dmarcian Inc. and Draegen have corresponded on this matter. Given the deadlines set by dmarcian Inc. and Draegen and the communication via their (Dutch) attorneys, the (digital) dispatch is sufficient guarantee that they have timely received the subpoena, whether or not through their Dutch attorneys.
Under application of Article 15 (3) of the Hague Service Convention, there is sufficient ground to grant leave to proceed in default of appearance.

2.9     As dmarcian Europe and Draegen are domiciled in the United States, the judge in interim relief proceedings must base his competence on the provisions of the Code of Civil Procedure (CCP). With regard to the claims against dmarcian Inc., the judge in interim relief proceedings is competent under Section 6a CCP, as it is plausible that the contractual obligation on which the claim of dmarcian Europe is based (granting access to the systems) must be executed in the Netherlands. With regard to the claims against Draegen, the judge in interim relief proceedings is competent under Section 6e CCP, as it is plausible that the harmful event (the *Erfolgsort*) is located in the Netherlands.

2.10    In view of what is stated in the subpoena, the interim relief judge will apply Dutch law.

2.11    The Court does not consider the claims to be unlawful or unfounded, so that they will be awarded in the manner to be described below.

2.12    In the subpoena, dmarcian Europe asserted that the dispute between the parties concerns the substance of the agreement between dmarcian Europe and dmarcian Inc.. In this context, dmarcian Europe referred to the decision to be referred to below of the Enterprise Section of the Court of Appeal. In view of this, the primary claim under Ia (performance of the agreement) is insufficiently determinable. Therefore, this claim is not allowable.

2.13    By decision of 7 September 2020 in proceedings between (*inter alia*) dmarcian Europe and Draegen, the Enterprise Section ordered an investigation into the policy and course of affairs of dmarcian Europe. In this decision, the Enterprise Section considered that dmarcian Europe and dmarcian Inc. have not put sufficient regulations in place. Subsequently, the Enterprise Section considered that the parties have at least agreed on the following:

- that dmarcian Europe has a license for the use and the sale of the software originating from dmarcian Inc.;

- that dmarcian Europe is responsible for the sale of that software (and the provision of associated services) to customers in Europe, Russia and Africa.

2.14 In view of this, and in view of the ordered investigation and the recent appointment of an investigator, the interim relief judge deems the alternative claim under 1b allowable, on the understanding that this should in any case include the contents of the agreement as established by the Enterprise Section. In line with this allowance, dmarcian Inc. and Draegen, as claimed under 2 and partly under 4, must grant dmarcian Europe access to the (computer) systems necessary to service its customers.

2.15 The term within which dmarcian Inc. must grant this access is set at 24 hours after service of this judgment.

2.16 The penalties claimed will be moderated and maximized as mentioned in the decision.

2.17 As the parties ruled against, dmarcian Inc. and Draegen will be ordered – jointly and severally – to pay the costs of the proceedings. The costs on the part of which dmarcian Europe are estimated at:

| | | |
|---|---|---:|
| – service of notice to appear | € | 85,81 |
| – court registry fee | € | 667.00 |
| – attorney's fees | € | 656.00 |
| Total | € | 1,408.81 |

2.18 The subsequent costs and the statutory interest will be allowed as mentioned in the decision.


## 3. The Decision

The Court, giving judgment in interim proceedings:

3.1. grants leave to proceed in default against the defendants who failed to appear;

3.2. orders dmarcian Inc., as a disciplinary measure, during the investigation ordered by the Enterprise Section, to perform the agreement existing between the parties and prohibits it from terminating that agreement during that period;

3.3. orders dmarcian Inc. within 24 hours after service of this judgment to lift the blockade of (the employees of) dmarcian Europe to the SaaS platform and the (computer) systems required for the execution of its business activities and to keep it lifted until the existing agreement between the parties has been legally terminated;

3.4. orders dmarcian Inc. to pay a penalty of €20,000 to dmarcian Europe for each day or part of a day that it fails to comply with the main order issued in operative parts 3.2 and 3.3., until a maximum of €500,000 is reached;

3.5. orders Draegen to refrain from any action undertaken by himself or through a company managed by him, expressly including dmarcian Inc., which impedes the business operations of dmarcian Europe, until or as a result of the investigation ordered by the Enterprise Section, or as a result of a judgment on the merits, clarity has been created about the contents and scope of the license agreement granted to dmarcian Europe and the ownership of the IP rights to the dmarcian software;

3.6. orders Draegen to pay a penalty to dmarcian Europe of €20,000 for each day or part of a day that it fails to comply with the main order pronounced in operative part 3.4., until a maximum of €500,000 is reached;

3.7. orders dmarcian Inc. and Draegen, jointly and severally, to pay the costs of the proceedings, estimated to date at €1,408.81 on the part of dmarcian Europe, plus the statutory interest as referred to in Section 6:119 DCC on this amount starting fourteen days after service of this judgment until the day of full payment;

3.8. orders dmarcian Inc. and Draegen, jointly and severally, to pay the costs incurred after this judgment, estimated at €163.00 for the attorney's fees, to be increased, on condition that dmarcian Inc. and Draegen have not complied with the judgment within 14 days after notice was given and service was subsequently effected, by an amount of €85.00 for attorney's fees and the costs of serving notice of the judgment, and to be increased by the statutory interest as referred to in art. 6:119 DCC on the subsequent costs starting fourteen days after service of this judgment until the date of payment;

3.9. declares this judgment provisionally enforceable up to here,

3.10. dismisses all other claims.


This judgment was rendered by Judge P. de Bruin and pronounced in open court on 1 February 2021.



**In naam van de Koning**

**RECHTBANK ROTTERDAM**

Team handel en haven

zaaknummer / rolnummer: C/10/612223 / KG ZA 21-63

**Vonnis in kort geding van 1 februari 2021**

in de zaak van

de besloten vennootschap met beperkte aansprakelijkheid
**DMARCIAN EUROPE B.V.,**
gevestigd te Dordrecht,
eiseres,
advocaat mr. M.R.S. Bacon te Amsterdam,

tegen

1.      de rechtspersoon naar vreemd recht
**DMARCIAN INC.,**
gevestigd te Brevard (North Carolina, Verenigde Staten van Amerika)
2.      **TIMOTHY GEORGE DRAEGEN**,
wonende te Brevard (North Carolina, Verenigde Staten van Amerika),
gedaagden,
niet verschenen.

Partijen worden hierna dmarcian Europe, dmarcian Inc. en Draegen genoemd.

**1.      De procedure**

1.1.      Het verloop van de procedure blijkt uit:
- de dagvaarding van 29 januari 2021, met producties;
- de mondelinge behandeling gehouden op 1 februari 2021;
- de tijdens de mondelinge behandeling overgelegde aanvullende producties.

1.2.      Vonnis is bepaald op heden.

**2.      De beoordeling**

2.1.      Voor de feiten en het gevorderde wordt verwezen naar het gestelde in de aangehechte kopie van de dagvaarding.

2.2.      dmarcian Inc. en Draegen zijn niet in de procedure verschenen. Met betrekking tot de vraag of tegen hen verstek kan worden verleend wordt het volgende overwogen.

2.3.     Van toepassing is het op 15 november 1965 te Den Haag tot stand gekomen Verdrag inzake de betekening en de kennisgeving in het buitenland van gerechtelijke en buitengerechtelijke stukken in burgerlijke en in handelszaken (hierna: het Haags Betekeningsverdrag). Zowel de Verenigde Staten als Nederland zijn daarbij partij.

2.4.     dmarcian Europe hebben het voor dmarcian Inc. en Draegen bestemde exploot op 29 januari 2021 overeenkomstig het Haags Betekeningsverdrag en de Uitvoeringswet van het verdrag juncto artikel 55 lid 1 Wetboek van Burgerlijke Rechtsvordering door het uitbrengen van het exploot aan het parket van de ambtenaar van het Openbaar Ministerie bij de rechtbank Rotterdam, met achterlating van twee afschriften van het exploot en met het verzoek het exploot aan gedaagden te doen betekenen c.q. daarvan aan haar kennis te doen geven overeenkomstig de artikelen 3 tot en met 6 van het Haags Betekeningsverdrag door betekening of kennisgeving met inachtneming van de vormen die in de wetgeving van de Verenigde Staten zijn voorgeschreven voor de betekening of kennisgeving van stukken die in dat land zijn opgemaakt en bestemd zijn voor zich aldaar bevindende personen. Daarnaast heeft dmarcian Europe een afschrift van de dagvaarding – voorzien van een Engelse vertaling – per e-mails van 29 januari 2021 doen verzenden aan (de bestuurder van) dmarcian Inc. en Draegen op de door hen (sinds de hierna nog te noemen OK-procedure) gebruikte e-mailadressen en aan de Nederlandse advocaten van dmarcian Inc. en Draegen.

2.5.     Niet is gebleken dat de dagvaarding overeenkomstig artikel 15 lid 1 (en 2) van het Haags Betekeningsverdrag is betekend of in persoon aan gedaagde is afgegeven. Op grond van artikel 15 lid 3 van het Haags Betekeningsverdrag kan de voorzieningenrechter echter in een kort geding verstek tegen een in het buitenland woonachtige gedaagde verlenen zonder dat in spoedeisende gevallen behoeft te blijken dat aan de voorwaarden van artikel 15 lid 1 van het Haags Betekeningsverdrag is voldaan. Wel zal – met inachtneming van de vereiste spoed – zoveel mogelijk overeenkomstig de doelstelling van het Haags Betekeningsverdrag, gewaarborgd moeten zijn dat een uitgebracht exploot degene voor wie het is bestemd daadwerkelijk heeft bereikt en – indien het zoals hier om een dagvaarding gaat – zo tijdig dat deze nog de mogelijkheid heeft verweer te voeren (zie o.a. Hoge Raad 14 december 2007, ECLI:NL:HR:2007:BB7192).

2.6.     Bij ge-e-mailde brief van 22 januari 2021 heeft de mr. T. Jansen, advocaat te Amsterdam namens dmarcian Inc. de overeenkomst met dmarcian Europe voorwaardelijk opgezegd tegen 1 februari 2021 en aangezegd dat dmarcian Europe per die datum geen toegang meer heeft tot de (computer)systemen. In een op diezelfde dag aan een (mede)aandeelhouder van dmarcian Europe ge-e-mailde brief hebben mrs. F Henke en P.A. Josephus Jitta, advocaten te Amsterdam, namens Draegen (de CEO van dmarcian Inc.) naar die opzeggingsbrief verwezen. Bij e-mails van 25 januari 2021 heeft mr. V. van Druenen namens dmarcian Europe dmarcian Inc. en Draegen via hun (Nederlandse) advocaten gesommeerd om de toegang tot de systemen te herstellen. Daarbij heeft zij een kort geding aangezegd. Bij e-mails van 26 januari 2021 hebben de advocaten van dmarcian Inc. en Draegen aan dmarcian Europe laten weten dat hun cliënten aan deze sommatie geen gehoor geven. Bij e-mail van 27 januari 2021 heeft de advocaat van Draegen aan dmarcian Europe bericht dat zijn cliënt geen domicilie kiest op zijn kantoor.

2.7.     Gelet op de opzeggingsbrief van 22 januari 2021, de (inmiddels deels doorgevoerde) ontzegging van dmarcian Europe tot de (computer)systemen en de door

dmarcian Europe gestelde schade is het spoedeisend karakter van de door dmarcian Europe gevorderde voorzieningen voldoende aannemelijk.

2.8.     Voorts is voldoende aannemelijk dat de aan de (gebruikelijke) e-mailadressen van dmarcian Inc. en Draegen en hun advocaten verzonden dagvaarding dmarcian Inc. en Draegen tijdig heeft bereikt en dat zij daarvan kennis hebben kunnen nemen. Bij dit oordeel is mede in aanmerking genomen dat (i) de opzegging van de overeenkomst en de aanzegging van de beëindiging van de toegang tot de systemen is verzonden door de Nederlandse advocaat van dmarcian Inc.; (ii) Draegen blijkens de e-mail van zijn (Nederlandse) advocaat van die opzegging en de gegeven termijnen op de hoogte was; (iii) voorafgaand dit kort geding door de Nederlandse advocaten van dmarcian Inc. en Draegen over deze zaak is gecorrespondeerd. Gelet op de door dmarcian Inc. en Draegen gehanteerde termijnen en de communicatie via hun (Nederlandse) advocaten, is met (digitale) verzending voldoende gewaarborgd dat zij de dagvaarding, al dan niet via hun Nederlandse advocaten, tijdig hebben ontvangen.
Er bestaat dan ook voldoende grond om met toepassing van artikel 15 lid 3 van het Haags Betekeningsverdrag over te gaan tot verstekverlening.

2.9.     Nu dmarcian Europe en Draegen hun woonplaats hebben in de Verenigde Staten, dient de voorzieningenrechter haar bevoegdheid te baseren op de bepalingen van het Wetboek van Burgerlijke Rechtsvordering (Rv). Met betrekking tot de vorderingen tegen dmarcian Inc. is de voorzieningenrechter bevoegd op grond van artikel 6a Rv, omdat aannemelijk is dat de contractuele verbintenis die aan de eis van dmarcian Europe ten grondslag ligt (het toegang verschaffen tot de systemen) in Nederland moet worden uitgevoerd. Met betrekking tot de vorderingen tegen Draegen is de voorzieningenrechter bevoegd op grond van artikel 6e Rv, aangezien voldoende aannemelijk is dat het schadebrengende feit (het Erfolgsort) in Nederland gelegen is.

2.10.    Gelet op het gestelde in de dagvaarding, past de voorzieningenrechter Nederlands recht toe.

2.11.    Het gevorderde komt de voorzieningenrechter niet onrechtmatig of ongegrond voor, zodat het – op de wijze zoals hierna vermeld – wordt toegewezen.

2.12.    In de dagvaarding heeft dmarcian Europe gesteld dat de inhoud van de overeenkomst tussen dmarcian Europe en dmarcian Inc. tussen partijen in geschil is. Zij heeft in dit verband onder meer verwezen naar de hierna vermelde beschikking van de Ondernemingskamer. Gelet hierop is de primaire vordering onder 1a (nakoming van de overeenkomst) onvoldoende bepaalbaar. Deze vordering is daarom niet toewijsbaar.

2.13.    Bij beschikking van 7 september 2020 heeft de Ondernemingskamer in een procedure tussen onder meer dmarcian Europe en Draegen een onderzoek gelast naar het beleid en de gang van zaken van dmarcian Europe. In deze beschikking heeft de Ondernemingskamer overwogen dat dmarcian Europe en dmarcian Inc. onvoldoende hebben geregeld. Vervolgens heeft de Ondernemingskamer overwogen dat partijen wel ten minste het volgende zijn overeengekomen:
- dat dmarcian Europe een licentie heeft voor het gebruik en de verkoop van de software afkomstig van dmarcian Inc.;

Case 1:21-cv-00067-MR   Document 26-7   Filed 04/19/21   Page 28 of 33

- dat dmarcian Europe verantwoordelijk is voor de verkoop van die software (en het leveren van bijbehorende diensten) aan klanten in Europa, Rusland en Afrika.

2.14.    Gelet hierop, en op het gelaste onderzoek en de recente benoeming van een onderzoeker, acht de voorzieningenrechter de subsidiaire vordering onder 1b toewijsbaar, met dien verstande dat hieronder in ieder geval dient te worden verstaan de inhoud van de overeenkomst zoals deze door de Ondernemingskamer is vastgesteld. In het verlengde van deze toewijzing dienen dmarcian Inc. en Draegen, zoals onder 2 en deels onder 4 gevorderd, dmarcian Europe toegang te verlenen tot de (computer)systemen die nodig zijn om haar klanten te bedienen.

2.15.    De termijn waarbinnen dmarcian Inc. de toegang moet verlenen wordt bepaald op 24 uur na betekening van dit vonnis.

2.16.    De gevorderde dwangsommen worden gematigd en gemaximeerd zoals in de beslissing vermeld.

2.17.    dmarcian Inc. en Draegen worden als de in het ongelijk gestelde partijen, hoofdelijk, in de proceskosten veroordeeld. De kosten aan de zijde van dmarcian Europe worden begroot op:

| | | |
|---|---|---|
| - betekening oproeping | € | 85,81 |
| - griffierecht | € | 667,00 |
| - salaris advocaat | € | 656,00 |
| Totaal | € | 1.408,81 |

2.18.    De nakosten en de wettelijke rente worden toegewezen zoals in de beslissing vermeld.


3.    **De beslissing**

De voorzieningenrechter:

3.1.    verleent verstek tegen de niet verschenen gedaagden;

3.2.    gebiedt dmarcian Inc., bij wijze van ordemaatregel, gedurende het door de Ondernemingskamer gelaste onderzoek de tussen partijen bestaande overeenkomst na te komen en verbiedt haar gedurende die periode die overeenkomst te beëindigen;

3.3.    gebiedt dmarcian Inc. binnen 24 uur na betekening van dit vonnis de blokkade van (de medewerkers van) dmarcian Europe tot het SaaS-platform en de voor de uitoefening van haar bedrijfsactiviteiten vereiste (computer)systemen op te heffen en opgeheven te houden totdat de tussen partijen bestaande overeenkomst rechtsgeldig is beëindigd;

3.4.    veroordeelt dmarcian Inc. om aan dmarcian Europe een dwangsom te betalen van € 20.000,00 voor iedere dag of gedeelte daarvan dat zij niet aan de in dictumonderdeel 3.2 en 3.3. gegeven hoofdveroordeling voldoet, tot een maximum van € 500.000,00 is bereikt;

Case 1:21-cv-00067-MR    Document 26-7    Filed 04/19/21    Page 29 of 33

3.5.    veroordeelt Draegen zich te onthouden van iedere handeling zelf of via een door hem bestuurde vennootschap waaronder expliciet begrepen dmarcian Inc., die de bedrijfsvoering van dmarcian Europe belemmert, totdat dan wel als gevolg van het door de Ondernemingskamer gelaste onderzoek, dan wel als gevolg van een gerechtelijk bodemvonnis, duidelijkheid ontstaat over de inhoud en reikwijdte van de aan dmarcian Europe verstrekte licentieovereenkomst en de eigendom van de IE- rechten op de dmarcian software;

3.6.    veroordeelt Draegen om aan dmarcian Europe een dwangsom te betalen van € 20.000,00 voor iedere dag of gedeelte daarvan dat hij niet aan de in dictumonderdeel 3.4 gegeven hoofdveroordeling voldoet, tot een maximum van € 500.000,00 is bereikt;

3.7.    veroordeelt dmarcian Inc. en Draegen, hoofdelijk, in de proceskosten, aan de zijde van dmarcian Europe tot op heden begroot op € 1.408,81, te vermeerderen met de wettelijke rente als bedoeld in art. 6:119 BW over dit bedrag met ingang van veertien dagen na betekening van dit vonnis tot de dag van volledige betaling;

3.8.    veroordeelt dmarcian Inc. en Draegen, hoofdelijk, in de na dit vonnis ontstane kosten, begroot op € 163,00 aan salaris advocaat, te vermeerderen, onder de voorwaarde dat dmarcian Inc. en Draegen niet binnen 14 dagen na aanschrijving aan het vonnis hebben voldaan en er vervolgens betekening van de uitspraak heeft plaatsgevonden, met een bedrag van € 85,00 aan salaris advocaat en de explootkosten van betekening van de uitspraak, en te vermeerderen met de wettelijke rente als bedoeld in art. 6:119 BW over de nakosten met ingang van veertien dagen na de betekening van dit vonnis tot aan de voldoening;

3.9.    verklaart dit vonnis tot zover uitvoerbaar bij voorraad;

3.10.    wijst het meer of anders gevorderde af.

Dit vonnis is gewezen door mr. P. de Bruin en in het openbaar uitgesproken op 1 februari 2021.

3077/2009

# vonnis

**RECHTBANK ROTTERDAM**

Team handel en haven

zaaknummer / rolnummer: C/10/612223 / KG ZA 21-63

**Herstelvonnis van 2 februari 2021**

in de zaak van

de besloten vennootschap met beperkte aansprakelijkheid
**DMARCIAN EUROPE B.V.**,
gevestigd te Dordrecht,
eiseres,
advocaat mr. M.R.S. Bacon te Amsterdam,

tegen

1.      de rechtspersoon naar vreemd recht
**DMARCIAN INC.**,
gevestigd te Brevard (North Carolina, Verenigde Staten van Amerika)
2.      **TIMOTHY GEORGE DRAEGEN**,
wonende te Brevard (North Carolina, Verenigde Staten van Amerika),
gedaagden,
niet verschenen.

Partijen worden hierna dmarcian Europe, gedaagden en Draegen genoemd.

## 1.      Het verzoek tot verbetering

1.1.      Bij brief van 2 februari 2021 heeft mr. V. van Druenen namens dmarcian Europe
de voorzieningenrechter verzocht om verbetering van het op 1 februari 2021 in deze zaak
gewezen vonnis (hierna: het Vonnis). Zij heeft in dit verband gesteld dat
- in onderdeel 2.6 laatste zin "hem: dient te worden gewijzigd in "haar" omdat de
  betreffende e-mail over de domiciliekeuze is verstuurd door mevrouw mr. F. Henke.
- in onderdeel 2.9 in de eerste zin dmarcian Europe dient te worden gewijzigd in
  dmarcian Inc.
- in dictumonderdeel 3.6 de verwijzing naar dictumonderdeel 3.4 dient te worden
  gewijzigd in dictumonderdeel 3.5.

## 2.      De beoordeling

2.1.      In het Vonnis ligt besloten dat de toegewezen vorderingen worden versterkt met
een dwangsom. De dwangsomveroordeling ten aanzien van Draegen in dictumonderdeel 3.6
verwijst naar dictumonderdeel 3.4, waarin de dwangsomveroordeling ten aanzien van
dmarcian Inc. is opgenomen, terwijl deze veroordeling logischerwijs had moeten verwijzen

naar de aan Draegen opgelegde hoofdverdeling. Hiermee is sprake van een kennelijke fout, die zich leent voor eenvoudig herstel.

2.2.     Nu het Vonnis wordt hersteld, zal de voorzieningenrechter ook de gestelde fouten die geen betrekking hebben op het executeerbare deel van het Vonnis beoordelen.

2.3.     In onderdeel 2.6 (laatste zin) wordt verwezen naar een e-mail die met betrekking tot de domiciliekeuze gestuurd is door "de advocaat van Draegen". Uit het dossier volgt dat bedoelde e-mail van 27 januari 2021 is verzonden door (mevrouw) mr. Henke. Hieruit volgt dat in die laatste zin "zijn" tweemaal dient te worden gewijzigd in "haar".

2.4.     Onderdeel 2.9 van het Vonnis heeft betrekking op de bevoegdheid van de voorzieningenrechter en in verband daarmee wordt de woonplaats van gedaagden aan de orde gesteld. Hieruit volgt dat dmarcian Europe in de eerste zin gelezen moet worden als dmarcian Inc. Hiermee is opnieuw sprake van een kennelijke fout, die zich leent voor eenvoudig herstel.

2.5.     De voorzieningenrechter zal het verzoek dan ook toewijzen als volgt.

## 3.     De beslissing

De voorzieningenrechter:

3.1.     bepaalt dat dictumonderdeel van het Vonnis waar staat:

"veroordeelt Draegen om aan dmarcian Europe een dwangsom te betalen van € 20.000,00 voor iedere dag of gedeelte daarvan dat hij niet aan de in dictumonderdeel 3.4 gegeven hoofdveroordeling voldoet, tot een maximum van € 500.000,00 is bereikt"

wordt gewijzigd in

"veroordeelt Draegen om aan dmarcian Europe een dwangsom te betalen van € 20.000,00 voor iedere dag of gedeelte daarvan dat hij niet aan de in dictumonderdeel 3.5 gegeven hoofdveroordeling voldoet, tot een maximum van € 500.000,00 is bereikt";

3.2.     bepaalt dat onderdeel 2.6 van het Vonnis waar staat:

"Bij e-mail van 27 januari 2021 heeft de advocaat van Draegen aan dmarcian Europe bericht dat zijn cliënt geen domicilie kiest op zijn kantoor."

wordt gewijzigd in

"Bij e-mail van 27 januari 2021 heeft de advocaat van Draegen aan dmarcian Europe bericht dat haar cliënt geen domicilie kiest op haar kantoor."

3.3.     bepaalt dat onderdeel 2.9 van het Vonnis waar staat:

"Nu dmarcian Europe en Draegen hun woonplaats hebben in de Verenigde Staten, dient de voorzieningenrechter haar bevoegdheid te baseren op de bepalingen van het Wetboek van Burgerlijke Rechtsvordering (Rv)."

wordt gewijzigd in:

"Nu dmarcian Inc. en Draegen hun woonplaats hebben in de Verenigde Staten, dient de voorzieningenrechter haar bevoegdheid te baseren op de bepalingen van het Wetboek van Burgerlijke Rechtsvordering (Rv)."

3.4.     bepaalt dat deze verbeteringen onder de vermelding van de datum 2 februari 2021 worden vermeld op de minuut van het vonnis van 1 februari 2021;

3.5.     gelast dmarcian Europe, voor zover zij dit niet reeds heeft gedaan, de ontvangen grosse van het Vonnis na ontvangst van dit herstelvonnis aan de griffie van de rechtbank te retourneren.

Dit vonnis is gewezen door mr. P. de Bruin en in het openbaar uitgesproken op 2 februari 2021.
3077/2009

Voor EERSTE GROSSE uitgegeven aan
Mr M.R.S. Bacon
                                    advocaat,

De griffier