**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR**

| | |
|---|---|
| DMARCIAN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DMARCIAN EUROPE BV, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Stay Pending Appeal or, in the Alternative, to Modify or Clarify [Doc. 59], and the Plaintiff's Motion to Strike. [Doc. 71].

## I. BACKGROUND

On March 12, 2021, dmarcian, Inc. (the "Plaintiff") filed this action against dmarcian Europe BV (the "Defendant"). [Doc. 1]. On March 25, 2021, the Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. [Doc. 6]. On March 31, 2021, the Court entered an Order denying the Plaintiff's Motion for Temporary Restraining Order and ordered the parties to appear on April 23, 2021 for a hearing on the Plaintiff's Motion for Preliminary Injunction. [Doc. 12].

On April 19, 2021, the Defendant filed a Motion to Dismiss, arguing that the Court lacked personal jurisdiction over the Defendant. [Doc. 22].

On April 23, 2021, the Court held a hearing on the Plaintiff's Motion for Preliminary Injunction. While the Court heard argument on the Defendant's Motion to Dismiss, neither party presented testimony from witnesses.

On May 26, 2021, the Court denied the Defendant's Motion to Dismiss and entered a preliminary injunction against it on the Plaintiff's claims for copyright infringement under the Copyright Act; trademark infringement under the Lanham Act; misappropriation of trade secrets under the DTSA; tortious interference with contract; and tortious interference with prospective advantage, enjoining the Defendant from:

> (1) providing services to any customers located outside of Europe, Africa, or Russia, except for the six customers detailed in the Defendant's Brief on Proposed Voluntary Commitments [Doc. 32 at 4 n.3];
>
> (2) providing access to any of its websites to IP addresses from countries outside of Europe, Africa, or Russia. The Defendant shall inform website visitors from outside of those areas that it does not create new accounts in that region and shall direct those customers to contact dmarcian, Inc. for services through the Plaintiff's website https://dmarcian.com;
>
> (3) making changes to the copyrighted software except as specifically and expressly allowed or directed by this Order;

2

(4) using the Plaintiff's trademark in any manner unless such use is accompanied by a statement which reads: "This trademark is the trademark of dmarcian, Inc. This website is produced and generated and posted by dmarcian Europe BV, which is a different entity from dmarcian, Inc. This trademark is being used at this location without the permission of dmarcian, Inc. and only pursuant to the terms of a court order allowing its temporary use during litigation between dmarcian, Inc. and dmarcian Europe BV." That statement must be at least the size of the trademark itself, as presented, or 12-point type when displayed on a 24" computer screen, whichever is larger. Such statement must appear immediately adjacent to the location where the trademark appears, and must be shown at each location where the trademark appears, whether that be on the Defendant's website, in printed material, an electronic display, or otherwise;

(5) displaying any website with the "dmarcian" name unless that website includes a statement that "The dmarcian software was originally developed by dmarcian, Inc. This is not the website of dmarcian, Inc. The website of dmarcian, Inc. can be found at https://dmarcian.com." That statement must be displayed as a banner at the top of each page of the website on which the dmarcian name appears and must be of a size that is at least 12-point type when displayed on a 24" computer screen, and the reference to the website of the Plaintiff must be a link to that website;

(6) redirecting, encouraging, or allowing any customer to change its service provider or payment recipient from dmarcian, Inc. to dmarcian Europe, BV; or

(7) making any public statement about dmarcian, Inc. except as expressly allowed or directed herein.

3

[Doc. 39 at 75-77].

On June 25, 2021, the Defendant filed a Notice of Appeal to the Fourth Circuit Court of Appeals.  [Doc. 52].

On July 6, 2021, the Defendant filed the present Motion to Stay Pending Appeal or, in the Alternative, to Modify or Clarify.  [Doc. 59].  On July 20, 2021, the Plaintiff responded.  [Doc. 72].  On July 27, 2021, the Defendant replied.  [Doc. 73].

On July 20, 2021, the Plaintiff filed a Motion to Strike the evidence that the Defendant submitted with its Motion to Stay Pending Appeal or, in the Alternative, to Modify or Clarify, arguing that such evidence was not before the Court when it entered the preliminary injunction.  [Doc. 70].  On August 3, 2021, the Defendant filed a response.  [Doc. 77].  On August 6, 2021, the Plaintiff replied.  [Doc. 79].

## II.    STANDARD OF REVIEW

The standard for consideration of a motion to stay pending appeal is substantially similar to the standard governing a request for preliminary injunction. Nken v. Holder, 556 U.S. 418, 434 (2009).  The Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

4

other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  The first two factors are the most critical to the inquiry.  Nken, 556 U.S. at 434.

## III.    DISCUSSION

### A.    Jurisdiction

The Court begins by addressing the procedural posture of the Defendant's Motion seeking to stay the preliminary injunction.  Generally, "the timely filing of a notice of appeal confers jurisdiction in the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Dixon v. Edwards, 290 F.3d 699, 709 (4th Cir. 2002) (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)) (internal quotation marks omitted).  "The rule is a judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time."  Grand Jury Proceedings Under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir. 1991) (citing In re Thorp, 655 F.2d 997, 998 (9th Cir. 1981)).  One general exception to this rule is that a district court has the authority to stay or modify an injunction, even when an appeal is pending.  See Fed. R. Civ. P. 62(d); United States v. Swift & Co., 286 U.S. 106 (1932).  Another "exception to the rule is that a district court does not lose jurisdiction to proceed as to matters

5

in aid of the appeal." Grand Jury Proceedings, 947 F.2d at 1190 (citing

Thorp, 655 F.2d at 998). For example, the Fourth Circuit has held that a

district court properly aided an appeal and avoided the unnecessary

expenditure of appellate resources by modifying a preliminary injunction

during the pendency of appeal. Dixon v. Edwards, 290 F.3d 699, 720 n. 14

(4th Cir. 2002); see also Lytle v. Griffith, 240 F.3d 404, 408 (4th Cir. 2001)

(finding that a district court "aided in [the] appeal by relieving [the Fourth

Circuit] from considering the substance of an issue begotten merely from

imprecise wording in the injunction.").

Because the Defendant has already filed an appeal, the Court has

jurisdiction only to modify or stay the injunction or to proceed as to "matters

in aid of the appeal." Grand Jury Proceedings, 947 F.2d at 1190 (citing

Thorp, 655 F.2d at 998). In this case, resolution of the Defendant's Motion

will aid the appeal and prevent the waste of appellate resources by clarifying

the preliminary injunction.[1] Accordingly, the Court will consider the

Defendant's Motion to Stay Pending Appeal or, in the Alternative, to Modify

or Clarify.

---

[1] Moreover, resolution of the Defendant's Motion will allow the Defendant to file a motion for a stay with the Fourth Circuit Court of Appeals under Federal Rule of Appellate Procedure 8(a)(1), which states that a party must ordinarily request a stay of judgment or order in the district court before asking an appellate court to entertain a motion for a stay.

6

## B.    Motion to Strike

Before considering the Defendant's Motion, however, the Court must address the Plaintiff's Motion to Strike.  [Doc. 71].  The Plaintiff argues that the Defendant has provided previously available supplemental evidence that should be stricken as an improper attempt to "backfill" the appellate record. [Id. at 8].

After an appeal has been filed, a district court reviewing a motion to stay a preliminary injunction generally is "not permitted to examine new evidence" that was available to the party at the briefing stage.  Graveline v. Johnson, No. 18-12354, 2018 WL 4184577, at *3 (E.D. Mich. Aug. 30, 2018) (citation omitted); see also Maxwell Techs., Inc. v. Nesscap, Inc., No. 06-2311, 2007 WL 9723323, at *3 (S.D. Cal. June 1, 2007) (explaining that evidence attached to a motion for a stay would not be considered "because the evidence presented in Defendants' declarations was available at the time the preliminary injunction was pending").  This general rule has several justifications.  First, allowing a party to reargue its position by providing supplemental evidence would allow a party to essentially re-litigate that which has already been ruled upon and thus would create the prospect of endless litigation.  Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).  Second, jurisdiction generally passes to the appellate

7

court after an appeal has been taken, and arguments that were not advanced or properly preserved in the district court are typically considered to have been waived on appeal. Rosenzweig v. Azurix Corp., 332 F.3d 854, 863–64 (5th Cir. 2003). Third, requiring parties to present the entire available factual record when moving for or opposing a preliminary injunction promotes diligence and preserves judicial resources that would otherwise be expended combing through multiple rounds of briefing.

For those reasons, the Court will not consider any supplemental evidence that the Defendant "simply overlooked or forgot the first time around." Newspaper, Newsprint, Mag. & Film Delivery Drivers, Helpers, & Handlers, Int'l Bhd. of Teamsters, Loc. Union No. 211 v. PG Publ'g Co., No. 2:19-CV-1472-NR, 2019 WL 9101872, at *3 (W.D. Pa. Dec. 27, 2019). The Court will consider the Defendant's evidence, however, to the extent that it was not available to the parties for presentation to the Court at the time of the preliminary injunction hearing. The Court will also consider the Defendant's evidence to the extent that it supports its request to modify or clarify the preliminary injunction. Accordingly, the Plaintiff's Motion to Strike [Doc. 71] will be granted in part and denied in part.[2]

---

[2] Moreover, while the Plaintiff filed its motion under Federal Rule of Civil Procedure 12(f), "affidavits and exhibits are not pleadings that may be stricken under Rule 12(f)." Browder

## C.    Motion for Stay

The Defendant first argues that it has made a strong showing that it is likely to succeed on the merits because the Court applied the wrong standard when analyzing personal jurisdiction.  [Doc. 60 at 15-17].  The Defendant specifically contends that the Court erred by viewing the jurisdictional pleadings and affidavits in the light most favorable to the Plaintiff, despite having provided the Plaintiff an opportunity to present testimony at the preliminary injunction hearing.  [Id.].

"The plaintiff's burden in establishing jurisdiction varies according to the posture of a case and the evidence that has been presented to the court." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016).  Where "the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016) (emphasis omitted).  On the other hand, "when the parties develop the record before trial and the court conducts a hearing at which the parties are afforded

_____

v. State Farm Fire & Cas. Co., No. 1:20-cv-00026-MOC-WCM, 2021 WL 2964253, at * 4 (W.D.N.C. Jul. 14, 2021) (Cogburn, J.).

9

a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments . . . the plaintiff must carry the burden to establish personal jurisdiction by a preponderance of the evidence[.]" Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd., 911 F.3d 192, 197 (4th Cir. 2018) (citing Grayson, 816 F.3d at 268)). Parties are afforded a "fair opportunity to develop the record regarding personal jurisdiction" when the district "court does not preclude the parties from pursuing jurisdictional discovery, and holds a hearing at which the parties may present relevant evidence and legal arguments *based on a developed record*[.]" Id. (internal citation omitted; emphasis added).

Unlike the parties in Sneha and Grayson, the Plaintiff did not have a "fair opportunity" to undertake jurisdictional discovery, make a full evidentiary showing or present its arguments regarding the Defendant's Motion to Dismiss at the April 23 hearing. The Defendant filed its Motion to Dismiss (and 262 pages of attached exhibits) less than four days before the hearing. [Doc. 22]. There was little opportunity for the Plaintiff to review the extensive record submitted by the Defendant prior to the hearing. That is particularly true because the parties had already submitted nearly 600 additional pages of briefing and evidence in the prior month. [Docs. 1; 6-11; 15-17; 19; 20]. While the Court allowed the parties to present argument on the personal

jurisdiction issues, the Plaintiff's response to the Defendant's Motion to Dismiss was not due until ten days after the hearing. It would have been unreasonable to expect the Plaintiff to appear at the hearing with complete arguments and comprehensive evidence in response to the Defendant's Motion to Dismiss.

Moreover, the Plaintiff did not have an opportunity to conduct jurisdictional discovery. While the Defendant relies on Sneha to claim that the Plaintiff had a fair opportunity to present its personal jurisdiction arguments and evidence, the parties in Sneha had two months to engage in jurisdictional discovery prior to the relevant hearing. 911 F.3d at 197. Likewise, in Grayson, upon which the Defendant also relies, the parties had the opportunity to submit deposition transcripts and answers to interrogatories. 816 F.3d at 269. As the Fourth Circuit has explained, the parties "must be allowed . . . to employ all forms of discovery" before the preponderance of evidence standard can be applied. Sec. & Exch. Comm'n v. Receiver for Rex Ventures Grp., LLC, 730 F. App'x 133, 136 (4th Cir. 2018) (citation and quotations omitted). In this case, however, the parties never conducted jurisdictional discovery. [Doc. 58 at 4].

For these reasons, the circumstances present in this case are different from those in Sneha and Grayson. Unlike the parties in those cases, the

11

Plaintiff simply did not have "a fair opportunity to present both the relevant jurisdictional evidence and [its] legal arguments[.]" Sneha, 911 F.3d at 197.[3] It is for this reason that the Court in its preliminary injunction explained that the Plaintiff would still have to "eventually prove the existence of personal jurisdiction by a preponderance of the evidence." [Doc. 39 at 4 (citing Public Impact, LLC v. Boston Consulting Group, Inc., 117 F.Supp.3d 732, 737 (M.D.N.C. Aug. 3, 2015) (citing New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n. 5 (4th Cir. 2005))]. Accordingly, the Court did not err by viewing the pleadings and evidence in the light most favorable to the Plaintiff.

Even if the Court had applied the preponderance of the evidence standard to the evidence before the Court, the conclusion regarding the existence of personal jurisdiction over the Defendant would be the same. Because the parties submitted a voluminous and largely undisputed factual record on the Defendant's Motion to Dismiss and the Plaintiff's Motions for

---

[3] To hold otherwise would force a plaintiff to establish personal jurisdiction by a preponderance of the evidence whenever there is a token opportunity to present arguments and evidence at a hearing. If that were the case, shrewd defense attorneys would be incentivized to file motions to dismiss as close to preliminary injunction hearings as possible, knowing that the plaintiff would have to hastily prepare arguments and evidence to meet the preponderance of the evidence standard if given the opportunity to present testimony and evidence. In addition to being unfair to plaintiffs, such a result would wreak havoc on district courts. The Court takes a dim view of such gamesmanship.

Temporary Restraining Order and Preliminary Injunction, [Doc. 6-9; Doc. 11; Doc. 15-17; Doc. 20; Doc. 22-26; Doc. 29-33; Doc. 35], the Court was able to evaluate the jurisdictional issues without needing to view the evidence in the light most favorable to one party or resolve any material factual disputes.[4] The Plaintiff submitted sufficient evidence to establish the Court's personal jurisdiction over the Defendant by a preponderance of the evidence, and therefore, the Defendant has failed to make a strong showing that it is likely to succeed on the merits on that issue. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

The Defendant further argues that the Court erred by applying U.S. law to the Plaintiff's trademark claims. [Doc. 60 at 12]. The Defendant's argument was fully addressed in the Court's order denying the Defendant's motion to dismiss and granting the Plaintiff's motion for preliminary injunction. The Defendant simply rehashes its arguments presented in opposition to the motion for preliminary injunction and in support of its motion to dismiss. As such, repetition and further explication of those arguments would not aid the appeal.[5]

---

[4] Notably, the Defendant fails to identify any factual dispute that was resolved against it, or any fact that was not considered by the Court that would have altered the analysis.

In short, the Defendant has failed to show a likelihood of success on the merits. Accordingly, the first factor weighs against staying the preliminary injunction pending appeal.

The second factor also weighs against staying the preliminary injunction because the Defendant fails to show that it will be irreparably injured absent a stay. While the Defendant claims that "it will go out of business if it is prohibiting from honoring its contractual obligations to its customers[,]" [Doc. 60 at 25], the preliminary injunction does not bar the Defendant from serving its customers within its territory of Europe, Africa, and Russia. [Doc. 39 at 75]. That is exactly what the Defendant offered as a proposed restraint in response to the Court's efforts to preserve the status quo and protect the parties' businesses. [Doc. 32 at 4]. The Defendant fails to explain how abiding *by its own proposed restraint* will cause it to go out of business. Accordingly, the Defendant fails to show that the preliminary

---

[5] While the Defendant also argues that the preliminary injunction should be stayed as a matter of international comity, [Doc. 60 at 12], that does not establish that the Defendant is likely to succeed on the merits. Moreover, the preliminary injunction specifically considered any potential conflicts with the Dutch courts and preserved the status quo pending the resolution of the Dutch proceedings. S. All. for Clean Energy v. Duke Energy Carolinas, LLC, No. 1:08-CV-00318, 2008 WL 5110894, at *8 (W.D.N.C. Dec. 2, 2008). Because there are no conflicts between the preliminary injunction and any order from the Dutch courts, the international comity issues are relatively weak here. It is noted that the Defendant specifically thwarted any effort to put that preliminary injunction order before the Dutch court.

14

injunction's restraints on its business activities constitute an irreparable harm.

To the extent that the Defendant argues that it is unfairly restrained by the prohibition in the preliminary injunction on "redirecting, encouraging, or allowing any customer to change its service provider or payment recipient[,]" [Doc. 61 at 17 (quoting Doc. 39 at 77)], because the Defendant is uncertain as to how to apply that provision of the complex relationship between the Plaintiff and the Defendant, the Court will modify that portion of the preliminary injunction to ensure that the parties can delineate their respective responsibility for each client. The amended preliminary injunction will prohibit the Defendant from redirecting, encouraging, or allowing any customer to change its payment recipient from the Plaintiff to the Defendant. To the extent that the current service provider for any customer is different from the payment recipient for that customer, the party providing services will be forbidden from unilaterally terminating or otherwise altering those services without express permission from the Court. An amended preliminary injunction to that effect will be filed contemporaneously herewith.

The Defendant also argues that complying with the Plaintiff's interpretation of the preliminary injunction would constitute an irreparable harm on the Defendant's First Amendment rights by forcing it to post

statements about the Plaintiff's intellectual property and prohibiting the Defendant from making public statements about the Plaintiff. [Doc. 60 at 26].[6] Because the Defendant is a foreign corporation whose business territory calls for it to do business exclusively outside of the United States and "has never had an office, agent, or property in the United States[,]" [Doc. 60 at 8 (citing Doc. 26-9 at ¶¶ 31-32)], the Defendant has no First Amendment rights. Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc., 140 S. Ct. 2082, 2086 (2020); see also Boumediene v. Bush, 553 U.S. 723, 770–771 (2008). Accordingly, the speech restrictions in the preliminary injunction impose no harm on the Defendant. The speech restrictions in the preliminary injunction also will not cause an irreparable harm in the future because the preliminary injunction also prohibits the Defendant from acquiring any new customers in the United States. [Doc. 39 at 75].

While the final two factors are of lesser importance, Nken, 556 U.S. at 434, they also counsel against the imposition of a stay pending the Defendant's appeal. A stay would harm the Plaintiff by allowing the Defendant to continue using the Plaintiff's intellectual property and interfering with the Plaintiff's contractual relationships. Indeed, the Plaintiff claims that

---

[6] It is unclear why the Defendant seems to argue that the Plaintiff's interpretation of the preliminary injunction carries any controlling weight.

16

the Defendant is continuing to do those things despite the preliminary injunction. [Doc. 43]. Moreover, as found in the preliminary injunction, the public interest in preventing consumer confusion and protecting intellectual property are sufficiently important to weigh against a stay.

For these reasons, the Court concludes that the Defendant has not shown that it is likely to succeed on the merits; that it will be irreparably injured absent a stay; that the issuance of the stay will not substantially injure other interested parties; or that a stay would be in the public interest. Hilton, 481 U.S. at 776. Accordingly, the Defendant's Motion to Stay Pending Appeal or, in the Alternative, to Modify or Clarify [Doc. 59] will be denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Strike [Doc. 70] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **DENIED** as to evidence of events occurring after April 23, 2021, but is otherwise **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Stay Pending Appeal or, in the Alternative, to Modify or Clarify [Doc. 59] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** with

regard to Paragraph 6 of the decretal section in the preliminary injunction, which will be amended to read as follows:

> (6) redirecting, encouraging, or allowing any customer to change its payment recipient from the Plaintiff to the Defendant. To the extent that the current service provider for any customer is different from the payment recipient for that customer, the party providing services to that customer is prohibited from unilaterally terminating or otherwise altering those services without the express permission from the Court.

The Defendant's Motion to Stay Pending Appeal or, in the Alternative, to Modify or Clarify is otherwise **DENIED**.

An Amended Preliminary Injunction will be entered contemporaneously herewith.

**IT IS SO ORDERED**.

Signed: August 11, 2021

Martin Reidinger
Chief United States District Judge