THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DMARCIAN EUROPE BV, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Set a Deadline for Issues to Be Joined and for a Scheduling Conference. [Doc. 90].

**I.  BACKGROUND**

On March 12, 2021, dmarcian, Inc. (the "Plaintiff") filed this action against dmarcian Europe BV (the "Defendant"). [Doc. 1]. On March 25, 2021, the Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. [Doc. 6]. On March 31, 2021, the Court entered an Order denying the Plaintiff's Motion for Temporary Restraining Order and ordered the parties to appear on April 23, 2021 for a hearing on the Plaintiff's Motion for Preliminary Injunction. [Doc. 12].

On April 19, 2021, the Defendant filed a Motion to Dismiss, arguing that the Court lacked personal jurisdiction over the Defendant. [Doc. 22].

On April 23, 2021, the Court held a hearing on the Plaintiff's Motion for Preliminary Injunction and the Defendant's Motion to Dismiss.

On May 26, 2021, the Court denied the Defendant's Motion to Dismiss and entered a Preliminary Injunction against it on the Plaintiff's claims for copyright infringement under the Copyright Act; trademark infringement under the Lanham Act; misappropriation of trade secrets under the DTSA; tortious interference with contract; and tortious interference with prospective advantage. [Doc. 39 at 75-77].

On June 22, 2021, the Plaintiff filed a Motion for an Order to Show Cause as to why the Defendant should not be held in contempt for its violation of the Court's Preliminary Injunction. [Doc. 43]. On that same day, the Plaintiff filed a Second Amended Complaint. [Doc. 51].

On June 25, 2021, the Defendant filed a Notice of Appeal [Doc. 52] to the Fourth Circuit Court of Appeals as to the Court's Order [Doc. 39] granting the Preliminary Injunction and denying the Defendant's Motion to Dismiss.

On June 28, 2021, the Court entered an Order directing the Defendant to show cause in writing why the Court should not impose sanctions for failure to comply with the Preliminary Injunction. [Doc. 54].

On July 6, 2021, the Defendant filed a Response to the Court's Show Cause Order and a Motion to Stay Pending Appeal or, in the Alternative, to Modify or Clarify. [Doc. 59].

The Court held a show cause hearing on July 28, 2021. On August 11, 2021, the Court entered an Order holding the Defendant in civil contempt of the Preliminary Injunction and ordering the Defendant to pay to the Plaintiff $5,000.00 for each day after the entry of the Preliminary Injunction that the Defendant continued to use the "dmarcian" domain name. [Doc. 80]. The Court further ordered the Defendant to pay the Plaintiff's attorneys' fees and costs in litigating this matter.[1] [Id.]. The Plaintiff was directed to file a brief detailing its reasonable costs, fees, and expenses. [Id.]. On August 11, 2021, the Court also entered an Amended Preliminary Injunction and an Order denying the Defendant's Motion to Stay Pending Appeal. [Docs. 81, 82].

Thereafter, the Defendant filed its Second Notice of Appeal, appealing the Court's Order finding the Defendant in civil contempt [Doc. 80], the Order denying the Defendant's Motion to stay Pending Appeal [Doc. 81], and the Amended Preliminary Injunction [Doc. 82]. The Court of Appeals has

---

[1] The Plaintiff filed its motion for an award of fees and costs on September 3, 2021 [Doc. 88], and that motion will be addressed by the Court in a separate Order.

consolidated the Defendant's appeals. [Doc. 96]. To date, the parties have filed their appellate briefs, but oral argument has not yet been scheduled.

On September 8, 2021, the Plaintiff filed the present motion, asking the Court to set deadlines for issues to be joined and for a scheduling conference. [Doc. 90]. The Defendant opposes the Plaintiff's motion. [Doc. 99].

## II. DISCUSSION

As this Court noted in its Order denying the Defendant's Motion to Stay Pending Appeal, "the timely filing of a notice of appeal confers jurisdiction in the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." [Doc. 81 at 5 (quoting Dixon v. Edwards, 290 F.3d 699, 709 (4th Cir. 2002) (citation omitted)]. This rule is a "judge-made doctrine" that is subject to several exceptions. [Id. (quoting Grand Jury Proceedings Under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir. 1991) (citation omitted)]. One well-established exception to this general rule is that interlocutory appeals do not divest a district court of jurisdiction to proceed with the action on its merits. See, e.g., Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 203 F.3d 291, 302 (4th Cir. 2000) (noting that "the trial court has authority to pursue its own proceedings" pending "interlocutory appeals under [28 U.S.C.] § 1292"); see also

Arkansas Best Corp. v. Carolina Freight Corp., 60 F. Supp. 2d 517, 519 (W.D.N.C. 1999)) (noting that the filing of an appeal from an order granting or denying a preliminary injunction "does not divest the district court of jurisdiction to proceed with respect to matters not involved in the appeal.").

In granting the Preliminary Injunction, this Court did not make any determination of the merits of the Plaintiff's claims. Rather, the Court concluded only that the Plaintiff had shown a "likelihood of success" on the merits. As such, the appeal of the Preliminary Injunction does not present the merits of the action to the Court of Appeals for consideration. See Pharmaceutical Care Mgmt. Ass'n v. Maine Atty. Gen., 332 F. Supp. 2d 258, 260 (D. Me. 2004) ("Any decision in the Court of Appeals on the preliminary injunction will by definition be preliminary so far as the merits are concerned."). Accordingly, the Court finds that "[i]t is an appropriate use of judicial resources (and those of the parties) to proceed with the actual merits so as to obtain a final resolution." Id.

The Defendant appears to take the position that this entire matter is effectively[2] stayed because, along with its interlocutory appeal of the Preliminary Injunction, it has sought appellate review of the denial of its

---

[2] The Defendant previously sought a stay of the Preliminary Injunction only. [Doc. 59]. To date, the Defendant has not moved to stay the entire proceedings.

motion to dismiss for lack of personal jurisdiction. [See Doc. 99]. The Court of Appeals has the discretion to "review separate, otherwise non-appealable issues in [the] case which are reasonably related to the appealable order when that review will advance the litigation or avoid further appeals." Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 416 (4th Cir. 1999). The decision of the Court of Appeals to exercise such jurisdiction, however, "is purely discretionary." Id. And even if the Court of Appeals decided to exercise such jurisdiction, it may ultimately determine that this Court was correct in determining that personal jurisdiction exists. The mere *possibility* that the Court of Appeals *might* address the personal jurisdiction issue in the course of reviewing the propriety of the Preliminary Injunction (and rule in the Defendant's favor) is not a sufficient basis to delay this matter any longer.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Set a Deadline for Issues to Be Joined and for a Scheduling Conference [Doc. 90] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** to the extent that the Defendant shall file an Answer to the Plaintiff's Second Amended Complaint within thirty (30) days. The parties shall conduct a Rule 26(f) conference within fourteen (14) days of the filing of the Defendant's Answer and file a Rule 26(f) report within seven (7) days

6

of such conference. The Motion is **DENIED** to the extent that the Plaintiff requests a scheduling conference. The Court will enter a Case Management Order upon the filing of the parties' Rule 26(f) report.

**IT IS SO ORDERED**.

Signed: May 13, 2022

Martin Reidinger
Chief United States District Judge