IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DMARCIAN EUROPE BV, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Strike Insufficient Defenses and Reservation of Counterclaims. [Doc. 129].

**I.  BACKGROUND**

On March 12, 2021, the Plaintiff dmarcian, Inc. filed this action against the Defendant dmarcian Europe BV. [Doc. 1]. On March 25, 2021, the Plaintiff filed a motion for a preliminary injunction. [Doc. 6]. On April 7, 2021, the Plaintiff filed the First Amended Complaint. [Doc. 19]. On April 19, 2021, the Defendant filed a Motion to Dismiss, arguing that the Court lacked personal jurisdiction over the Defendant. [Doc. 22]. On May 26, 2021, the Court denied Defendant's Motion to Dismiss and entered a Preliminary Injunction. [Doc. 39]. The Plaintiff filed the Second Amended Complaint on June 22, 2021. [Doc. 51]. Thereafter, the Defendant appealed the Court's

Order granting the Preliminary Injunction and denying the Defendant's Motion to Dismiss. [Doc. 52].

On September 8, 2021, Plaintiff filed a Motion to Set a Deadline for Issue to be Joined. [Doc. 90]. On May 13, 2022, the Court ordered Defendant to file an Answer to the Plaintiff's Second Amended Complaint within thirty (30) days. [Doc. 123].

On June 13, 2022, the Defendant filed an Answer, which included thirty-eight (38) separate affirmative defenses. [Doc. 126]. Further, the Defendant sought to reserve the right to assert counterclaims until after the Fourth Circuit rules on the pending appeal. [Id. at 23].

The Plaintiff now moves to strike five of the Defendant's affirmative defenses as insufficiently pled. [Doc. 129]. The Plaintiff further moves to strike the Defendant's reservation of counterclaims, arguing that the Defendant has waived any compulsory counterclaims by failing to include such claims in its Answer. [Id.]. The Defendant has filed a Response opposing the Plaintiff's Motion [Doc. 136], and the Plaintiff has filed a Reply [Doc. 138]. This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading any insufficient defense . . . ." Fed. R. Civ. P. 12(f);

see also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) ("[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.") (citation omitted).  "The purpose of a Rule 12(f) motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues." Simaan, Inc. v. BP Prods. N. Am., Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005) (citing Buser v. Southern Food Serv., Inc., 73 F. Supp. 2d 556, 559 (M.D.N.C. 1999)).  "Although courts have broad discretion in disposing of motions to strike, such motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Chapman v. Duke Energy Carolinas, LLC, No. 3:09-cv-37-RJC, 2009 WL 1652463, at *1 (W.D.N.C. June 11, 2009) (quoting Waste Mgmt., 252 F.3d at 347 (internal quotation marks omitted).  "[C]ourts generally refrain from striking affirmative defenses absent a showing that not doing so would unfairly prejudice the movant." Lockheed Martin Corp. v. United States, 973 F. Supp. 2d 591, 592 (D. Md. 2013); Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) ("Even where technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in absence of a

showing of prejudice to the moving party.") (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Motion to Strike Insufficient Defenses

The Plaintiff moves to strike the Defendant's defenses that the Plaintiff failed to join all necessary parties (Third Defense); that the Plaintiff lacks standing (Eleventh Defense); and that the Plaintiff is not the real party in interest (Twelfth Defense). [Doc. 129]. The Plaintiff argues that the Defendant has failed to identify which allegedly necessary parties have not been joined or who should be bringing such claims if not the Plaintiff. As such, the Plaintiff contends, these defenses have not been pled with sufficient particularity.

A party challenging an opposing party's capacity or authority to sue must raise such issues "by a specific denial" and "must state any supporting facts that are peculiarly within the party's knowledge." Fed. R. Civ. P. 9(a)(2). While the Defendant's defenses are stated in an admittedly bare-bones fashion, it does not appear that the Defendant had any facts "peculiarly within [its] knowledge" that it failed to state in asserting these claims. Indeed, it is evident from the subsequent correspondence between the parties that these defenses relate to the Defendant's theory that other entities or individuals,

4

who were identified in the Plaintiff's filings with the Copyright Office, were involved in the creation of the copyrighted code at the heart of this dispute. [See Docs. 129-1, 129-2]. Given that the parties have communicated regarding the basis for the assertion of these defenses, the Court cannot say that the Plaintiff is unduly prejudiced by the manner in which these affirmative defenses have been pled. The Plaintiff's motion to strike the Defendant's Third, Eleventh, and Twelfth Defenses is therefore denied.

The Plaintiff also moves to strike the Defendant's assertion of the defenses of estoppel (Ninth Defense) and of fraudulent inducement (Twenty-Sixth Defense) on the grounds that the Defendant failed to plead these defenses with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Reading these defenses in the context of the other affirmative defenses asserted, it is clear that the Defendant's allegations of fraud and estoppel relate to its assertions that the Plaintiff authorized the Defendant to engage in the allegedly infringing conduct and that the Defendant owns, in whole or in part, the copyrighted code at issue in this litigation. [See id. at 19: Fifteenth Defense ("dInc authorized dBV to engage in the allegedly infringing conduct, whether by actual contract, promissory estoppel, implied license, or otherwise") and Sixteenth Defense ("dInc's claims are barred in whole or in part because dBV is the owner, whether

5

total, partial, shared, or otherwise, of the intellectual property that dInc claims dBv infringed")]. Reading the affirmative defenses as a whole, the Court cannot say that the Plaintiff is unduly prejudiced by the manner in which the Defendant has pled these affirmative defenses. The Plaintiff's motion to strike the Defendant's Ninth and Twenty-Sixth Defenses is denied.

**B.  Motion to Strike Reservation of Counterclaims**

In its Answer, the Defendant asserts the following reservation of counterclaims:

> As noted above, dBV's appeal from this Court's Order and Preliminary Injunction is pending before the Fourth Circuit. dBV preserves its arguments that personal jurisdiction is lacking in this Court and that this action should be dismissed based on forum non conveniens, and it reserves the right to amend this Answer to assert counterclaims against dInc if the Fourth Circuit issues a mandate rejecting dBV's objections to proceedings in this Court. Cf. Silver Ring Splint Co. v. Digisplint, Inc., 508 F. Supp. 2d 508, 511 n.1 (W.D. Va. 2007) ("Several courts have held that a party asserting a counterclaim waives its right to object to personal jurisdiction." (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1397 (3d ed. 2004))).

[Doc. 126 at 23]. The Plaintiff contends that this attempt at a reservation of counterclaims is improper and that any compulsory counterclaims not asserted by the Defendant in its Answer should be deemed waived.

6

Generally, a defendant must assert as a counterclaim "any claim that—at the time of its service—the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." Fed. R. Civ. P. 13(a)(1). An exception to this rule exists, however, if the plaintiff "sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim . . . ." Fed. R. Civ. P. 13(a)(2)(B). "Under this provision a defendant, desiring to defend an interest in property and obliged to litigate in a court to whose jurisdiction the defendant could not ordinarily be subjected, is permitted to assert counterclaims *at the defendant's election* . . . ." 6 Cyc. of Fed. Proc. § 16:19 (3d ed.) (emphasis added).

Here, the Defendant has elected not to assert its counterclaims until the issue of personal jurisdiction has been resolved on appeal. While it may have been more efficient for the Defendant to have asserted its counterclaims in the alternative,[1] such that discovery could immediately commence on those issues, the Defendant's action is nevertheless

---

[1] See, e.g., Family Dollar Stores, Inc. v. Christian Casey LLC, No. 3:06cv377, 2008 WL 820281, at *5 (W.D.N.C. Mar. 20, 2008) (Reidinger, J.) (noting the trend among courts to allow alternative pleading of counterclaims when a threshold defense such as improper service or jurisdiction is asserted).

permissible under Rule 13(a)(2)(B). Therefore, the Plaintiff's motion to strike the Defendant's reservation of counterclaims is denied.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Strike Insufficient Defenses and Reservation of Counterclaims [Doc. 129] is **DENIED.**

**IT IS SO ORDERED.**

Signed: October 1, 2022

Martin Reidinger
Chief United States District Judge