**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Case No. 1:21-cv-00067-MR**

---

**DMARCIAN, INC.,**

    *Plaintiff*,

      vs.                    **PROTECTIVE ORDER**

**DMARC ADVISOR BV, f/k/a**
**DMARCIAN EUROPE BV,**

    *Defendant*.

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED** that the following confidentiality provisions will govern all information and documents disclosed through discovery in this action.

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 13.4 below, this Protective Order does not entitle the Parties to file confidential information under seal; Local Civil Rule 6.1 sets forth the

procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>

    2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

    2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, including without limitation trade secrets, technical information, and/or commercially sensitive information requiring the protections against disclosure to a business competitor, such as (without limitation) source code (inclusive of all source code and related documentation requested in Plaintiff's pending discovery requests) and underlying trade secrets in relation to content and development of that source code, marketing plans, and the Parties' respective financial information.

    2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

    2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    Disclosure of Discovery Material: all items, testimony, or information, regardless of the medium or manner in which it is generated, stored, provided, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery or Court-ordered disclosures in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as a testifying expert witness or as a non-testifying expert consultant in an action involving the Parties, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party in an action involving

the Parties and have appeared in an action involving the Parties on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10   Party: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

4

Material; and (3) any testimony, conversations, briefs, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order **do not** cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or an order of this Court otherwise directs. This Court shall retain jurisdiction over all Parties bound hereby for the purposes of this Protective Order. Final Disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in all actions involving the Parties, with or without prejudice; or (2) final judgment in all actions involving the Parties after the completion and exhaustion of

all appeals, re-hearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, such Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY") to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY."

After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend

("CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY") to each page that contains Protected Material.

(b)     <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, portions of depositions shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" only if designated as such when the deposition is taken or within fifteen (15) business days after receipt of the transcript (as may be extended by agreement between the parties). Such designation shall be specific as to the portions to be protected. The Parties shall treat the entire deposition transcript and all exhibits to such deposition as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until such 15-day period has elapsed, or unless the Parties have stipulated that a given deposition did not include any information subject to this Protective Order. In the event that any person is present who is not entitled to access to "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information (whether in the form of exhibits or testimony), the Parties shall endeavor to address the presence of such person before the exhibit is shown to the witness or the question calling for such information is disclosed to the witness. If the Parties cannot agree on whether such person should be present, the Producing Party may suspend the deposition only as to those matters for which the presence of such Party is in dispute and in that event the Producing Party must promptly seek a protective order to determine whether

such person may be properly excluded. The Court shall have authority to shift costs to the Producing Party if such suspension was caused without reasonable basis. The time addressing the issue of the presence of such persons and suspension shall not count against the time allowed for such deposition.

(c)     For information produced in some form other than documentary and for any and all other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate Confidentiality. If corrected within ten (10) business days of a party's inadvertent failure to designate, an inadvertent failure to designate qualified information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon correction within ten business days of discovery of an inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

Any "CONFIDENTIAL" designation or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" designation (including a designation of source code
under Section 8) is subject to challenge. The following procedures shall apply to any
such challenge:

(a)    The burden of proving the necessity of a designation remains with the
Party asserting confidentiality.

(b)    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute
resolution process by providing written notice of each designation it is challenging
and describing the basis for each challenge. To avoid ambiguity as to whether a
challenge has been made, the written notice must recite that the challenge to
confidentiality is being made in accordance with this specific paragraph of the
Protective Order. The parties shall attempt to resolve each challenge in good faith
and must begin the process by conferring directly (in voice-to-voice dialogue; other
forms of communication are not sufficient standing alone) within 14 days of the date
of service of notice. In conferring, the Challenging Party must explain the basis for
its belief that the confidentiality designation was not proper and must give the
Designating Party an opportunity to review the designated material, to reconsider
the circumstances, and, if no change in designation is offered, to explain the basis
for the chosen designation. A Challenging Party may proceed to the next stage of

the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c) <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. Frivolous challenges and those made for an improper purpose

(e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

(d)     Notwithstanding any challenge to a designation, all material previously designated shall continue to be treated as subject to the full protections of this Protective Order until one of the following occurs:

(1)     the Party who made the designation withdraws it in writing;

(2)     the Party who made the designation fails to move timely for an Order as set forth in paragraph 6(c) above; or

(3)     the Court rules that the material should no longer be designated.

(e)     Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle any litigation involving both Parties herein. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose (whether directly or through any summary or other communication) any information or item designated "CONFIDENTIAL" to:

(a)    the Receiving Party's Outside Counsel of Record who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for litigation involving the Parties;

(c)    Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court, any other court hearing litigation involving the Parties, and the courts' personnel;

(e)    court reporters and their staff;

(f)    Professional Vendors or professional jury or trial Consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **<u>unless otherwise agreed by the Designating Party or ordered by the Court</u>**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(h)      the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information; and

(i)       Any mediator who is assigned or retained by the parties to mediate the matter, and his or her staff, subject to their agreement to maintain confidentiality to at least the same degree required by this Protective Order.

7.3      <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

(a)      the Receiving Party's Outside Counsel of Record who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(b)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c)     the Court, any other court hearing litigation involving the Parties, and the courts' personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or can demonstrate that she or he knew the information; and

(f)     any mediator who is assigned or retained by the parties to mediate the matter, and his or her staff, subject to their agreement to maintain confidentiality to at least the same degree required by this Protective Order.

7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to Consultants or Experts</u>.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Protective Order) any information or item that has been designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) attaches a copy of the Expert's current resume and identifies the Expert's current employer(s), and (3) identifies (by name and case number, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to a Party.

If Counsel for a Party, in good faith, is unable to use a document or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" through its experts or other authorized viewers without obtaining input from the Party they represent, Counsel shall confer with opposing Counsel in a good faith effort to reach agreement to approve disclosure of such document or item to a Party. If Counsel are unable to reach agreement, Counsel for the Party seeking disclosure shall move the Court for assistance in resolving the dispute.

8.  SOURCE CODE

(a)  The parties agree that source code (i.e., computer instructions or data definitions expressed in a form suitable for input to an assembler, compiler, other translator or other data processing module) or pseudo-source code (i.e., a notation resembling a programming language but not intended for actual compilation, which usually combines some of the structure of programming language with an information natural-language description of the computations to be carried out) (collectively, "Source Code") may be marked "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by the Parties if it is confidential, proprietary, or constitutes trade secrets. Such Source Code shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "HIGHLY

CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraph 7.3.

(b)     Source Code shall not be considered "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" if it is already in the possession of the Party to whom it is produced or has already been disclosed to a Party.

(c)     Source Code marked "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be made available for inspection and shall not be produced, except as provided for below. The Producing Party shall make this Source Code available at the Greensboro, NC, office of Womble Bond Dickinson (US) LLP or (at the option of the Receiving Party) at the Amsterdam, the Netherlands, office of Kennedy van der Laan N.V. if the producer is represented by those firms. If the producer is represented by Ellis & Winters LLP or Lexence N.V., the producer shall make this Source Code available at least at Ellis & Winters LLP's Greensboro, NC, office or (at the option of the Receiving Party) at Lexence N.V.'s Amsterdam, the Netherlands, office. Additionally, the Producing Party shall accommodate reasonable requests by the Receiving Party to produce this Source Code for inspection at a secure location convenient to the parties. Documents which are designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" because they contain confidential information that substantively relates to a party's Source

Code, but that is not Source Code itself, shall be produced in the ordinary course rather than being made available for inspection.

(d)     Source Code marked "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" will be loaded on to a non-networked computer that is password protected and maintained in a secure, locked area (the "Source Code Room"). Once the Receiving Party notifies the Producing Party that it has begun active review of this Source Code, the producer shall not access the source code computers until the close of expert discovery, unless the producer (1) needs to add source code to the review computers to supplement its production, or (2) believes in good faith that a legitimate need for access has arisen. The producer will notify the recipient of the need to access the computer and provide 72 hours' notice of such intended access. The Receiving Party may object, but shall not unreasonably withhold consent. To facilitate the taking of notes during the review of Source Code, persons admitted into the Source Code Room shall be entitled to take a personal laptop computer that is not connected to any wired or wireless network; however, the use of any input/output device (e.g., USB memory stick, CD, floppy disk, portable hard drive), camera, or any camera enabled device (cell phones with cameras are permitted so long as the camera is disabled) separate from the laptop computer is prohibited while accessing the computer containing the Source Code, the intent of this provision being that no reproduction or copying of the Source Code that can be taken from the Source Code

Room shall be made in any way. All persons entering the Source Code Room must agree to submit to reasonable security measures to ensure they are not carrying the separate prohibited input/output devices specified in this provision before they will be given access to the Source Code Room. The computer containing Source Code will be made available for inspection from 8:30 a.m. to 5:00 p.m. on weekdays. The parties shall work in good faith to accommodate reasonable requests for extended inspection hours on terms to be agreed by the parties; however, Source Code marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will not be made available for inspection on weekends.

(e)     The Receiving Party's Outside Counsel of Record and/or Expert shall be entitled to take written notes relating to the Source Code marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Terms used in this Source Code may be copied into the notes, but the Receiving Party's Outside Counsel of Record and/or Expert may not copy complete instruction sets of the Source Code marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" into the notes. No copies of any portion of the Source Code may leave the Source Code Room except as expressly provided herein. No other written or electronic record of the Source Code is permitted except as provided herein. Wholesale copying of Source Code is not permitted.

(f)     The Receiving Party may request paper copies of limited portions of Source Code marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", but in no case exceeding 30 contiguous pages or 200 pages total, that are reasonably necessary for use in court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code. The Producing Party shall provide printed Source Code in a form that includes bates numbers and the label "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate.

(g)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in electronic or paper form, including the name of the individual and the date and time of inspection, and whether any paper copies of portions of source code were provided. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary for inclusion (as exhibit or excerpt) in court filings, pleadings, or other papers (including a testifying expert's expert report) or

(2) necessary for use in deposition or (limited to file/path and/or function/module names) in correspondence with Counsel for the Producing Party. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to attempt to protect its confidentiality interests in the court from which the subpoena or order issued.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)　promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)　promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)　make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

The purpose of this provision is to alert the interested Parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court. Absent a court order to the

contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party or such Party's Counsel learns that, by inadvertence or otherwise, Protected Material has been disclosed to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Counsel of Record in this case are responsible for the compliance with the terms of this Order by all persons who come into possession or knowledge of Protected Material in any way incident to or stemming from disclosure to such Counsel's client as the Receiving Party hereunder.

12.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

26

Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the Court.

13.    MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Protective Order abridges the right of any Party or person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4 <u>Filing Protected Material</u>. This Protective Order does not, by itself, authorize the filing of any document under seal. Any motion, memorandum, document or other paper filed with the Court is presumptively a public document. Any party wishing to file any Protected Material in connection with a motion, brief, or other submission to the Court must comply with Local Rule 6.1. If necessary, the Parties can seek temporary relief from the court permitting a document to be filed under seal subject to a final determination as to whether the document may remain under seal. Should the Court allow Protected Material to be filed with the Court under seal, the Protected Material shall remain under seal until further order of the Court. The filing party shall place the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Protective Order. The ultimate disposition of protected materials subject to a final order of the Court on the completion of the litigation.

13.5 This Protective Order has no effect upon and shall not apply to a Party's use or disclosure of its own confidential information for any purpose; provided that this clause is not intended to override or modify any limitations on Defendant's use of the Source Code as set forth in the Court's injunction (Doc #39).

13.6 The Parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Protective Order; shall use their best efforts to act in good faith to separate out and segregate documents, things and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated, consistent with the provisions above. The burden of proof regarding the level of confidentiality of any information shall at all times be on the Designating Party.

14. <u>FINAL DISPOSITION</u>

(a) <u>Order Remains in Effect</u>. All provisions of this Protective Order restricting the use of Protected Material shall continue to be binding after Final Disposition of this matter unless otherwise agreed or ordered.

(b) <u>Return or Destruction of Protected Material</u>. Within thirty (30) days after Final Disposition, as defined in paragraph 4, all Protected Material under this Protective Order shall be returned to the producing Party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the Parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the Receiving Party, that Party elects destruction. As used in this subdivision, "all Protected Material"

includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. To "destroy" electronically stored information means to delete from all of the Receiving Party's databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a digital forensic expert.

Notwithstanding the above requirements to return or destroy all Protected Material, Counsel may retain attorney work product including an index which refers or relates to Protected Material so long as that work product does not duplicate verbatim substantial portions of the text of Protected Material. This work product continues to be subject to the terms of this Protective Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the Protected Material.

**IT IS SO ORDERED.**

Signed: June 12, 2023

Martin Reidinger
Chief United States District Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Protective Order that was

issued by the United States District Court for the Western District of North Carolina,

Asheville Division on June 12, 2023 in the case of *dmarcian, Inc. v. dmarc Advisor

BV (f/k/a dmarcian Europe BV)*, Case No.: 1:21-cv-00067-MR ("This Litigation").

I agree to comply with and to be bound by all the terms of this Protective Order,

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt of court. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the

provisions of this Protective Order.

I further agree to voluntarily submit to the jurisdiction and venue of the United

States District Court for the Western District of North Carolina, Asheville Division

for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of this action, and I understand that

other Parties in This Litigation are relying on my express agreement to be bound by

the Protective Order and the terms of this acknowledgment to allow disclosure to me of information pursuant to and covered by the Protective Order.

I hereby appoint _____ [print or type full name], of _____ [print or type full address and telephone number] as my North Carolina agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____