# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| **DMARCIAN, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **DMARC ADVISOR BV,** ) | |
| f/k/a dmarcian Europe BV, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Compel and Motion for Entry of Protective Order [Doc. 154].

## I. BACKGROUND

The Plaintiff dmarcian, Inc. filed its Complaint for copyright and trademark infringement and related state claims on March 12, 2021. [Doc. 1]. On March 25, 2021, the Plaintiff submitted a motion for a temporary restraining order and preliminary injunction. [Doc. 6]. The Plaintiff's Complaint was later amended, with the most recent amendment made on June 23, 2021. (Doc. 51].

On April 19, 2021, the Defendant DMARC Advisor BV, formerly known as dmarcian Europe BV, filed a motion to dismiss based on a lack of personal

jurisdiction and forum non conveniens. [Doc. 22]. On May 26, 2021, this Court issued an Order enjoining the Defendant and its agents and attorneys and denying the Defendant's motion to dismiss. [Doc. 39]. On June 25, 2021, the Defendant appealed the Preliminary Injunction. [Doc. 52].

On May 13, 2022, the Court issued an Order allowing discovery to proceed despite the pendency of the appeal. [Doc. 123]. On August 16, 2022, the Plaintiff issued requests for production seeking source code and related documents. [See Doc. 154-1]. Although the Defendant served written responses to the Plaintiff's requests, the Defendant has refused to produce any source code, or any documents related thereto, absent the entry of a protective order. The parties met and conferred multiple times about the wording of such an order, but were unable to come to any mutually acceptable language. Even with a protective order, the Defendant objects to producing the source code and related documents for its purportedly new platform. Specifically, the Defendant contends that this source code is written in a different language and is not subject to discovery. [Docs. 154-1, 154-6, 154-7].

In light of the Defendant's position, the Plaintiff filed the present motion, seeking the entry of a protective order as well as an order compelling the Defendant's responses to the Plaintiff's requests for production of

2

documents. [Doc. 154]. The Defendant filed a response in opposition to the Plaintiff's motion, and the Plaintiff filed a reply. [Docs. 156, 162]. Following a status conference on March 15, 2023, the parties again conferred about the wording of a protective order and submitted their final proposed protective orders to the Court for consideration. [Docs. 178, 179].

## II. STANDARD OF REVIEW

### A. Motion to Compel

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to

compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010).  The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

### B. Motion for Protective Order

Rule 26(c) of the Federal Rules of Civil Procedure provides that the court may, for good cause, issue a protective order to protect a party's trade secrets or other confidential research, development, or commercial information.  Fed. R. Civ. P. 26(c)(1)(G).  To obtain a protective order to protect confidential information, "[t]he proponent must show that the information is confidential and that its disclosure would create a risk of harm to the party's interests," as well as that the risk of harm from disclosure outweighs the harm of restricting discovery. Biazari v. DB Indus., LLC, No. 5:16-cv-49, 2017 WL 1498122, at *2 (W.D. Va. Apr. 26, 2017).  Generally speaking, a party seeking a protective order has the burden of making a particularized showing of why discovery should be denied. Smith v. United Salt Co., No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. Sept. 9, 2009).  Whether to grant or deny a motion for a protective order is generally

4

left within the district court's broad discretion. Innovative Therapies, Inc. v. Meents, 302 F.R.D. 364, 377 (D. Md. 2014); Fed. R. Civ. P. 26(c).

## III. DISCUSSION

### A. Motion to Compel

As a preliminary matter, the Defendant argues that the Plaintiff's Motion to Compel should be denied as premature, because both parties agreed to produce sensitive source code and other material only once a protective order is entered. As no protective order has yet been entered, the Defendant argues, any motion to compel such sensitive material is premature. The Defendant further contends that the Plaintiff failed to include a certification in its motion that the parties have conferred in good faith to resolve this dispute and are unable to do so, because there simply is no discovery dispute ripe for the Court's consideration. [Doc. 156 at 2].

Contrary to the Defendant's argument, this discovery dispute is more than ripe. The Plaintiff propounded its discovery requests on August 16, 2022. To date, the Defendant has failed to produce any documents in response to these requests, asserting that it will not do so until the protective order issue is resolved. Despite taking this position, however, the Defendant has not taken *any* steps to move this Court for the entry of a protective order. As the party resisting discovery, the burden is on the Defendant to seek a

5

protective order. See Infernal Tech., LLC v. Epic Games, Inc., 339 F.R.D. 226, 229 (E.D.N.C. 2021) (citing Fed. R. Civ. P. 26(c)(1)).

The Defendant appears to argue that the present motion to compel is unnecessary because the parties mutually agreed to suspend the production of any material involving source code pending the resolution of the protective order issue. The Defendant has not produced any evidence of specific discovery requests that the Plaintiff has resisted on the basis of a lack of a protective order, nor has the Defendant moved to compel any such production. The only discovery requests that are before the Court are those requests propounded to the Defendant by the Plaintiff, and the Court will therefore focus its analysis there.

While the Plaintiff's motion admittedly does not contain an explicit certification of a good faith effort to resolve the parties' dispute without court intervention, a review of the correspondence between counsel makes it clear that the Plaintiff has made numerous good faith attempts both to negotiate a protective order and to obtain the production of documents before filing this motion. The Plaintiff first circulated a proposed protective order in August 2021, a full year before the Plaintiff even propounded the present discovery requests. After the Plaintiff propounded its discovery, the parties continued to exchange numerous drafts of a proposed protective order. When the

6

parties reached an impasse on certain issues, particularly with regarding the manner of production of source code and the use of such code in the Dutch proceedings, the Plaintiff's counsel advised the Defendant's counsel of their intent to seek a motion to compel production of documents responsive to their discovery requests. Still, the Defendant refused to either finalize an agreement or seek a motion for a protective order.

Under these circumstances, the Court finds that the Plaintiff has made good faith efforts to resolve the discovery issues without court intervention but has been unable to do so. Accordingly, the Court finds that the Plaintiff was justified in bringing the present motion.

The Court now turns to the merits of the motion to compel. In its discovery requests, the Plaintiff sought the production of the following documents:

1. A copy of Source Code in Defendant's possession for the following dates/points in time:

    a. The Source Code Plaintiff first provided to/provided access to Defendant for use in their Contract of Cooperation.[1]

    b. The Source Code on the date that any person employed or contracted by the Defendant first made any edits to the Source Code.

---

[1] The "Contract of Cooperation" is defined in the requests as "the cooperative business arrangement Plaintiff had with Defendant beginning in or about 2016." [Doc. 154-1 at 2].

7

    c.     The Source Code as it existed on the day that Defendant began operating its own software as a service platform (in or around February 2021) separate from and independent of Plaintiff (which use is subject of Plaintiff's copyright infringement claim, among others).

    d.     The Source Code in Defendant's possession as it existed on May 28, 2021.

    e.     A copy of the Source Code currently used by Defendant.

2. A copy of all change logs to the Source Code.

3. A copy of all change logs to any Source Code used by Defendant since May 28, 2021.

4. A copy of all records of payment by Defendant to any person for work performed on any Source Code from January 1, 2015 to present, including but not limited to any invoices, statements, communications or other documents identifying the specific contributions or work for which the payments were made.

5. A copy of any Source code developed by or under the direction of Defendant provided to any other entity, including but not limited to any other entity form by Martijn Groeneweg and/or Herwert Kalkman (i.e., an entity(ies) other than Defendant or Plaintiff).

6. With respect to the Source Code which is the subject of your response to RFP #5 above:

    a.     A copy of any documents identifying any entity which received a copy of the Source Code.

    b.     A copy of any communications relating to providing the Source Code to any such entity.

    c.     A copy of any communications relating to the development of Source Code by or for the benefit of any such entity.

      d.     A copy of all change logs relating to such Source Codes.

      e.     A copy of all records (including but not limited to statements, invoices, accounts payable, accounts receivable, check or wire records) reflecting payments relating to work performed on such Source Code.

7. A copy of any Source Code created by or on behalf of Defendant other than code based on the Source Code provided by Tim Draegen and/or Plaintiff.

8. With respect to the Source code which is the subject of your response to RFP #7 above:

      a.     A copy of any documents identifying any entity which received a copy of the Source Code.

      b.     A copy of any communications relating to providing the Source Code to any such entity.

      c.     A copy of any communications relating to the development of Source Code by or for the benefit of any such entity.

      d.     A copy of all change logs relating to such Source Codes.

      e.     A copy of all records (including but not limited to statements, invoices, accounts payable, accounts receivable, check or wire records) reflecting payments relating to work performed on such Source Code.

[Doc. 154-1 at 4-10]. These requests generally fall into two categories: (1) the source code and related documents (such as change logs) under the Defendant's control after it obtained access to the Plaintiff's source code (*i.e.*, used during the "contract of cooperation"); and (2) the source code and

9

related documentation related to the Defendant's purportedly new platform. With respect to the first category of documents, the Defendant objects to the production of any such documents absent the entry of an appropriate protective order. As to the second category of documents, the Defendant objects to the production of its new source code on the grounds that such code is not relevant to the present proceedings.[2] The Court will address each of these objections in turn.

### 1. Source Code Used During Contract of Cooperation

The Defendant does not appear to dispute the relevancy of the requested documents pertaining to the source code used by the Defendant during the parties' "contract of cooperation." Rather, the Defendant asserts that it will produce such documents only pursuant to a protective order. While the parties attempted to draft a mutually agreeable protective order over a period of several months, the parties were unable to reach agreement as to certain key issues.

---

[2] The Defendant also contends that any discovery in this action should be stayed while this Court obtains an opinion from the Register of Copyrights about whether the Plaintiff's copyright registration is invalid. [Doc. 156 at 2]. For the reasons stated in the Order referring this matter to the Register of Copyrights, which is entered simultaneously with this Order, the Court declines to stay this action pending that referral.

With the entry of a protective order contemporaneously with this order, the Defendant's objection to the requested production has been rendered moot. The Defendant will be directed to produce the requested documents within fourteen (14) days of this Order.

### 2. Source Code Related to Defendant's New Platform

In responding to the Plaintiff's discovery requests, the Defendant objected to the production of its new source on the grounds of relevancy, as not proportional to the needs of this case, and as unduly burdensome. [See Doc. 156 at 5]. The Defendant also contended that any production of documents responsive to this request should be made pursuant to a protective order and limited to outside counsel and experts. [Id.].

In his Declaration, the Plaintiff's CEO, Tim Draegen, identifies several specific characteristics of the Defendant's new platform that are used in the dmarcian code, as well the inclusion of additional features in the Defendant's new platform which had been shared with the Defendant's principal, Martijn Groeneweg in dmarcian development meetings. [See Doc. 154-7]. Mr. Draegen's testimony calls into question the Defendant's contention that it independently designed a new platform separate and apart from the Plaintiff's. Accordingly, the Court finds and concludes that the requested documents are relevant to the Plaintiff's claims, and thus the Plaintiff should

11

be allowed to discover the source code and other documents related to the Defendant's new platform. The Defendant will be directed to produce such materials within fourteen (14) days of the entry of this Order.

### 3. Costs Related to Motion to Compel

The Plaintiff requests an award of costs related the filing of the motion to compel. [Doc. 155 at 16-19].

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, as noted above, the Plaintiff made numerous good faith efforts to resolve the parties' discovery disputes without court intervention. Despite its insistence that a protective order be put in place before any relevant documents were produced, the Defendant itself took no initiative to move for the entry of a protective order. Under these circumstances, the Court concludes that the Defendant's lack of responsiveness was not substantially justified. Finally, the Defendant has not identified any other circumstances that would render an award of expenses in this matter unjust. Accordingly, the Court will award the Plaintiff its fees and costs incurred in prosecuting the motion to compel. The Plaintiff will be directed to provide a statement of its fees and expenses incurred in pursuing this motion within fourteen (14) days of the entry of this Order.

B.     **Motion for Protective Order**

The Court now turns to the entry of a protective order to govern the exchange of confidential information in this case. The parties' sole remaining substantive dispute regarding the wording of the protective order relates to the use of protected materials outside of the instant litigation. The Plaintiff proposes to give the parties' respective Dutch counsel access to confidential materials but only for the purposes of settlement discussions and mediation. [Doc. 178-1]. Further, the Plaintiff has requested that any Dutch counsel

who is provided access to any confidential materials in the U.S. case must submit to the jurisdiction of this Court for enforcement of the protective order. [Id.]. The Defendant, on the other hand, contends that the protective order should permit the parties to use the confidential materials produced in the present litigation in the Dutch proceedings. [Doc. 179-1].

The Plaintiff opposes the use of any confidential materials produced in the present action being used in the Dutch proceedings, citing concerns that there are insufficient protections available in the Dutch courts to protect the disclosure of these confidential materials. In so arguing, the Plaintiff relies on the Declarations of its Dutch counsel, Timo S. Jansen, who states that Dutch courts have an "open system of evidence" [Jansen 4th Decl.: Doc. 154-2 at ¶ 3]; that the Dutch courts do not provide any "comparable protective measures" to protect the disclosure of confidential information, such as protective orders [id. at ¶ 4]; that there are no means by which a Dutch court can enforce a protective order entered by a United States court [id. at ¶ 5]; and that it is "possible that a Dutch court will discuss confidential information . . . in its judgment to support its ruling." [Jansen 5th Decl.: Doc. 161 at ¶ 2].

The Plaintiff's concerns, however, appear to be somewhat overstated. As explained by the Defendant's Dutch counsel, Alfred Meijboom, the parties' filings in the Netherlands "are neither published nor available for

14

inspection by the public." [Meijboom 3rd Decl.: Doc. 157 at ¶ 5]. "The only written documents which are published or available for public inspection are the court's decisions pursuant to Article 27 Dutch Code for Civil Procedure." [Id.]. Thus, "confidential information submitted by a party as part of the litigation can only be perceived by the public if it is part of the hearing, and therefore presented in an oral form." [Id. at ¶ 8]. The likelihood of a party reciting source code in oral testimony or argument before a tribunal appears to be extremely low. [See id. (noting that in 32 years of practice, counsel had "never experienced and never heard of source code files being declaimed in court hearings")]. If confidential materials are to be discussed during a hearing, "either party may request the court to hear parties' arguments in camera (i.e. without [the] public)." [Id. at ¶ 9]. In Mr. Meijboom's opinion, a Dutch court would be particularly likely to grant this request if "such information is subject to a protective order of a United States court." [Id.].

As for the Plaintiff's concern that the Dutch court's judgment could possibly include confidential information, even Plaintiff's own Dutch counsel concedes that a Dutch court would "assess whether including confidential information is really necessary to support its ruling, as confidential information should not unnecessarily be revealed in a judgment." [Jansen 5th Decl.: Doc. 161 at ¶ 4].

15

In any event, the Plaintiff's concerns about what may or may not happen in the Dutch proceedings is misplaced because this Court's protective order will always govern the parties' use of materials produced in this litigation. If a protective order were entered restricting the use of confidential materials only for prosecuting, defending, or attempting to settle litigation between the parties, and either party violated that instruction—whether in the United States or in Europe—that party would be accountable to this Court for the violation.

For all of these reasons, the Court will enter a protective order in this case allowing the disclosure of confidential materials "only for prosecuting, defending, or attempting to settle litigation between the Parties."

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel and Motion for Entry of Protective Order [Doc. 154] is **GRANTED** as stated in this Order. The Court will enter a separate protective order contemporaneously herewith.

**IT IS FURTHER ORDERED** that the Defendant shall file full responses to the Plaintiff's requests for production of documents within fourteen (14) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Plaintiff shall submit a statement of its fees and expenses incurred in prosecuting this motion within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: June 12, 2023

Martin Reidinger
Chief United States District Judge