IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| | | |
|---|---|---|
| **DMARCIAN, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **DMARC ADVISOR BV, f/k/a** | ) | |
| **dmarcian Europe BV,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Seal Declaration of Pamela S. Duffy Offered in Support of Motion to Extend Time to File Expert Report on Limited Issue [Doc. 238].

The Plaintiff moves for leave to file under seal a Declaration of its counsel, Pamela S. Duffy [Doc. 239] (hereinafter, "the Duffy Declaration"), which was submitted in support of the Plaintiff's Motion to Extend Time to Disclose Its Expert Report on C# Source Code. [Doc. 238]. The Plaintiff further requests that the Duffy Declaration be designated as for "attorneys' eyes only." [Id. at 2]. The Defendant does not oppose the Plaintiff's motion to seal the Duffy Declaration but objects to any "attorneys' eyes only" designation. [Doc. 251].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The motion was filed on August 8, 2023, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiff has demonstrated that the Duffy Declaration references sensitive and personal health information pertaining to the Plaintiff's (now former) expert, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these materials is narrowly tailored to serve the interest of protecting this sensitive information.

As for the Plaintiff's request to restrict access to the Duffy Declaration to "attorneys' eyes only," the Court does not find that the information contained in the Duffy Declaration constitutes "extremely sensitive" information that if disclosed would "create a substantial risk of serious harm that could not be avoided by less restrictive means." [See Doc. 204 at 3: Protective Order (defining "attorneys' eyes only" designation)]. Accordingly, the Plaintiff's request for an "attorneys' eyes only" designation is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Seal [Doc. 238] is **GRANTED IN PART** and **DENIED IN PART** as follows. The Motion is **GRANTED** to the extent that the Duffy Declaration [Doc. 239] shall be filed under seal and shall remain under seal until further Order of the Court. The Plaintiff's request to restrict the Duffy Declaration to "attorneys' eyes only" is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 19, 2023

Martin Reidinger
Chief United States District Judge