# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC.,            ) | |
|                       ) | |
|         **Plaintiff,**     ) | |
|                       ) | |
|    **vs.**                   ) | **MEMORANDUM OF** |
|                       ) | **DECISION AND ORDER** |
| DMARCIAN EUROPE BV,    ) | |
|                       ) | |
|         **Defendant.**    ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Declaration of Pamela S. Duffy and the Declaration of David A. Dorey, as amended, regarding the fees incurred in litigating the Plaintiff's Motion to Compel. [Docs. 213, 215].

On June 12, 2023, the Court entered an Order granting the Plaintiff's Motion to Compel and awarding the Plaintiff its fees and expenses incurred in prosecuting its Motion. [Doc. 205 at 16-17]. The Plaintiff was directed to submit a statement of its fees and expenses within fourteen (14) days. [Id. at 17]. The Plaintiff submitted the present Declarations of its counsel, Pamela S. Duffy and David A. Dorey, on June 26, 2023. [Docs. 213, 215]. The Defendant has not filed any response to the Plaintiff's filings.

The Plaintiff seeks an award in the total amount of $20,161.00 for the work performed by four attorneys: Pamela S. Duffy and Tyler Jameson of the

law firm of Ellis & Winters, located in Greensboro, North Carolina; and David

A. Dorey and Devan A. McCarrie of the law firm of Blank Rome LLP, located

in Wilmington, Delaware.[1]

In awarding attorneys' fees and expenses incurred with respect to

prosecuting a motion to compel, the Court utilizes a lodestar analysis. In so

doing, the Court "should first focus on the time and labor expended and the

customary fees for like work." In re Gen. Motors Corp., 110 F.3d 1003, 1032

(4th Cir. 1997); Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174

(4th Cir. 1994) ("The starting point for establishing the proper amount of an

award is the number of hours reasonably expended, multiplied by a

reasonable hourly rate."). After determining this initial amount, the Court

must then "consider whether to adjust the fee on the basis of other factors,

briefly explaining any adjustment." In re Gen. Motors Corp., 110 F.3d at 1032

(quoting Colonial Williamsburg Foundation v. Kittinger Co., 38 F.3d 133, 138

(4th Cir. 1994). In exercising its discretion in the application of this lodestar

method, the Court is guided by the following factors:

> (1) the time and labor expended; (2) the novelty and
> difficulty of the questions raised; (3) the skill required
> to properly perform the legal services rendered; (4)
> the attorney's opportunity costs in pressing the

---

[1] Ms. McCarrie is not admitted to the Bar of North Carolina or this Court, and she is not counsel of record in this action.

2

instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)).  "Although the Court considers all of the factors, they need not be strictly applied in every case inasmuch as all of the factors are not always applicable."  Firehouse Restaurant Group, Inc. v. Scurmont LLC, No. 4:09-cv-00618-RBH, 2011 WL 4943889, at *12 (D.S.C. Oct. 17, 2011) (citing EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990)).  The burden is on the fee applicant to justify the reasonableness of the requested fee.  See Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

Upon review of the attorneys' billing records, the Court finds the total amount of time and labor expended to be reasonable.  The Court further finds that the hourly rates charged by Ms. Duffy and Mr. Jameson ($330 and $200 per hour, respectively) to be reasonable.  Accordingly, the Court will

3

award the Plaintiff fees in the amount of $9,042.00 for the work performed by Ms. Duffy and Mr. Jameson.

Based on the Court's own experience and familiarity with the hourly rates charged in Western North Carolina, the Court finds that the rates charged by Mr. Dorey and Ms. McCarrie are not reasonably in accord with the customary fees charge for like work in this District and Division. The Court previously reduced the rates of Mr. Dorey and other Blank Rome attorneys in this case to be commensurate with the rates charged by Plaintiff's other counsel of record [Doc. 124], and the Court will do so again here. Accordingly the Court will award the Plaintiff fees in the amount of $3,421.00 for the work performed by the Blank Rome attorneys. [See Doc. 215 at 4 (calculating fee award with adjusted rates)].

Considering the time and labor expended, the skill required to perform the legal services rendered, the customary fee for like work, the experience and ability of counsel, and the legal issues raised, the Court will award the Plaintiff a total of $12,463.00 in fees incurred in prosecuting the Motion to Compel.

**IT IS, THEREFORE, ORDERED** that the Plaintiff is hereby awarded $12,463.00 in attorneys' fees related to litigating the Plaintiff's Motion to Compel.

4

**IT IS SO ORDERED.**

Signed: September 19, 2023

Martin Reidinger
Chief United States District Judge

5