IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.: 1:21-CV-00067

| | |
|---|---|
| DMARCIAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> DMARC ADVISOR BV, <br> f/k/a dmarcian Europe BV, <br><br> Defendant. | **PLAINTIFF'S BRIEF IN PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO SEAL** |

NOW COMES the Plaintiff, by and through its undersigned counsel, and hereby submits this brief in partial opposition to Defendant's Motion to File Under Seal ("Motion to Seal," Doc. 300) exhibits to the Ninth Declaration of Samuel B. Hartzell (Doc. 289), to the extent such motion encompasses documents not designated as confidential or highly confidential attorneys' eyes only under the Protective Order. (Doc. 204). Plaintiff agrees that some of the materials should be maintained under seal, but that the sealing of all materials to include nonconfidential materials was overly broad.

## STATEMENT OF FACTS

On 10 January 2024, Defendant DMARCIAN EUROPE BV ("DBV") filed its Motion for Summary Judgment (Doc. 294) and to Exclude Certain Opinions of Plaintiff's Expert John R. Levine Pursuant to FRE 702 and *Daubert*, Doc. (Doc. 298). In support of these motions, DBV filed its Ninth Declaration of Samuel B. Hartzell attaching nine exhibits that are sealed in their entirety. (Doc. 289). DBV's motion asserts that these nine exhibits "include information that DMARC Advisor or Plaintiff marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order[.]" (Doc. 300). Along those lines, DBV states that this confidential information "includes materials identifying customers, revenues and expenses, source code, and personal information." *Id.* Plaintiff agrees with this characterization of some of the exhibits to the Declaration and agrees that this information is confidential or AEO under the protective order and should remain under seal; however, much of it is not.

Specifically, the exhibits to Mr. Hartzell's Declaration are as follows:

(A) A 69-page set of excerpts from, and selected exhibits to, the November 27, 2023 30(b)(6) Deposition of dmarcian (dmarcian 30(b)(6)) (none of which has confidential information);

(B) A 5-page set of excerpts from the dmarcian 30(b)(6) continuing on November 28, 2023 (none of which has confidential information);

(C) Excerpts from, and selected exhibits to, the November 28, 2023 Deposition of Timothy Draegen, 31 pages of which are not confidential and 9 pages of which are confidential as indicated on the Confidentiality Designation for this deposition, (Doc. 313-1, Notice of Filing – Confidentiality Designation). Specifically, Deposition Exhibit 39 is marked confidential. This relates to confidential financial information between DBV and Plaintiff and their respective ownership.

(D) Excerpts from, and selected exhibits to, the December 5, 2023 Deposition of Timothy G. Draegen, Vol. II, of which 36 pages are confidential and 11 pages are not (all part of exhibits). (Specifically, Deposition Exhibits 44, 45, and 52 are marked confidential. This information relates to Plaintiff's trade secrets.

(E) Excerpts from, and selected exhibits to, the December 2023,[1] Deposition of John R. Levine, PhD in this case of which 74 pages are confidential (most of which are source code excerpts which had been

---

[1] Dr. Levine was originally scheduled to be deposed December 1, 2023, and the Confidentiality Designation inadvertently identifies that date. There is only one deposition of Dr. Levine.

marked as an exhibit) and 81 pages of which are not confidential. (Doc. 313-2, Notice of Filing – Confidentiality Designation). Specifically, Deposition Exhibit 12 is marked confidential.  This information relates to Plaintiff's trade secrets, including information pertaining to its source code.

(F)  Excerpts from the November 30, 2023 Deposition of Robert Wise of which 6 pages are confidential and 6 pages are not. (Doc. 313-1, Notice of Filing – Confidentiality Designation).   This information relates to Plaintiff's trade secrets, including information pertaining to its source code, including its architectural structure.

(G)  Excerpts from, and selected exhibits to, the November 29, 2023 Deposition of Shannon C. Draegen in which 145 pages are confidential (most of which are exhibits including customer lists and dmarcian's financial information) and 25 pages of which are not confidential (Doc. 313-2, Notice of Filing – Confidentiality Designation). Specifically, Deposition Exhibits 12, 13, and 14 are marked confidential.  This information relates to Plaintiff's confidential customer and financial information.

(H)  Excerpts from, and selected exhibits to, the December 8, 2023 Deposition of Shannon Draegen, Volume II of which 118 pages are

confidential (most of which are exhibits including dmarcian's financial information and customer data) and 39 pages are not. (Doc. 313-3, Notice of Filing – Confidentiality Designation). On the record, a portion of this testimony addressing Plaintiff's financial information was also marked as Highly Confidential.  (289-8, S. Draegen Dep. 181:1-271). Portions of Exhibit 18 (interrogatory responses) identified some information as Confidential or Highly Confidential. Deposition Exhibits 19, 20, and 21 were also designated as Highly Confidential when produced. This information relates to Plaintiff's confidential customer and financial information.

(I)  This is a three-page document that Plaintiff produced in this case Bates #DM004034 which was marked confidential.

Plaintiff requests that the Court maintain the documents designated as confidential or AEO under the Protective Order under seal.  Plaintiff notes that these should be marked on their face as "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" as required under the Protective Order.  (Doc. 204, ¶ 13.4).   However, the Court should instruct Defendant to file the balance of the non-confidential documents publicly so as to comply with Local Civil Rule 6.1 and applicable case law.

## QUESTIONS PRESENTED

I.      What is the standard for a motion to file a document under seal?

II.     Whether the Defendant has met this standard.

## STATEMENT OF LAW AND ARGUMENT

## I.      STANDARD FOR A MOTION TO SEAL

While a party may file a motion to seal pursuant to Local Civil Rule 6.1, "[t]he public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).

Courts have held that documents containing confidential business information and trade secrets warrant protection from the public. *See, e.g., Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that the court may limit public access to "sources of business information that might harm a litigant's competitive standing"); *Level 3 Communications, LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 581–82 (E.D.Va.2009) ("[M]any courts have considered the trade secret status of testimony or materials submitted to a court a significant private interest to be weighed against the common law, or even the First Amendment, right of public access that would otherwise apply to them."); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 901958 (E.D.N.C. Mar. 15, 2011)

(protecting trade secrets and confidential business information not generally available to the public). This rule should be applied to protect the confidential information identified by Plaintiff as set forth in the Statement of Facts.

Pursuant to Local Civil Rule 6.1(f), when addressing a motion to seal, a court must consider possible alternatives to sealing. If a court determines that no suitable alternatives exist and sealing is essential, the court must "state its reasons with findings supporting its decision" and "specify whether the sealing is temporary or permanent[.]" *Id.*

## II. DEFENDANT HAS NOT MET THE STANDARD TO SEAL THE NINE EXHIBITS IN THEIR ENTIRETY

Defendant DBV has not demonstrated why sealing the nine exhibits ***in their entirety*** is "necessary to protect DMARC Advisor's and Plaintiff's sensitive financial, customer, and technical information." (Doc. 300, Motion ¶4). DBV should tailor its filing so that information designated as confidential is filed under seal but those portions which were not designated as confidential are filed under the public record. *See, e.g., Press-Enterprise I*, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984). Plaintiff would also support amended filings which use redactions of specific financial figures or customer names where practicable and would work with Defendant to try and agree on appropriate protections as to Plaintiff's

information.  *Cf. ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F.Supp.2d 419, 428 (M.D.N.C. 2011) (where confidential information is pervasive, redaction is impractical).

Finally, Plaintiff notes that Defendant explicitly referenced Plaintiff's confidential information from the confidential portions in its publicly filed brief. (Doc. 295, p. 24).  The specific financial figures referenced in the brief are derived from documents and deposition testimony of Ms. Draegen which were designated as Highly Confidential.  (Doc. 289-8).  Those figures should be redacted from the public filing of the Defendant's brief.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court GRANT the Defendant's motion as to documents and testimony designated as Confidential or Highly Confidential under the Protective Order and to deny Defendant's Motion to Seal to the extent it seeks to seal information that is not designated confidential by either party pursuant to the Protective Order.

This the 24th day of January, 2024.

/s/ Pamela S. Duffy
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com

Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff*


OF COUNSEL:
*/s/ David Dorey*
David Dorey, DE #5283
Blank Rome, LLP
David.dorey@BlankRome.com
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6418
   *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing MEMORANDUM was served upon counsel for all other parties to this action listed below pursuant to N.C. R. Civ. P.5(b) by efiling a copy of the same utilizing the Western District of North Carolina's efiling system:

Mr. Pressly M. Millen
Mr. Samuel B. Hartzell
Womble Bond Dickinson (US) LLP
P O Box 831
Raleigh, NC 27602
*Attorneys for DMARC Advisor BV*

This the 24th day of January, 2024.

*/s/ Pamela S. Duffy*
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff*