IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DMARC ADVISOR BV, )<br>f/k/a dmarcian Europe BV, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Compel [Doc. 225].

**I.    BACKGROUND**

On April 30, 2023, the Defendant DMARC Advisor served the Plaintiff dmarcian, Inc. with the Defendant's Third Set of Requests for Production ("Requests for Production"). [Doc. 226-1]. On May 4, 2023, the Defendant served its First Set of Interrogatories (the "Interrogatories"). [Doc. 221-1].

The Plaintiff requested, and the Defendant agreed to, extensions of both response deadlines until June 13, 2023. [See Doc. 226-2 at 3]. The Plaintiff then requested another extension of the interrogatory response

deadline, and the Defendant stipulated that those responses would be due on June 16. [See id. at 2].

On June 13, 2023, the Plaintiff served its Response to the Defendant's Requests for Production. [Doc. 226-3]. However, the Plaintiff did not produce any documents in response to those Requests at that time. On June 16, 2023, the Plaintiff served its Response to the Defendant's Interrogatories. [Doc. 221-2]. Thereafter, the Defendant identified a number of deficiencies in the Plaintiff's interrogatories responses. [Doc. 221-3]. While the parties met and conferred for several weeks over these discovery requests, they were not able to come to a resolution of their disputes.

The Defendant filed the present Motion to Compel on July 24, 2023. [Doc. 227]. In its Response filed on August 8, 2023, the Plaintiff indicated that it intended to produce further documents and provide supplemental interrogatory responses by the end of August. [Doc. 236]. The Plaintiff served its Supplemental Response on August 30, 2023. [Doc. 265-1]. In light of the Plaintiff's supplementation of its discovery responses, the Court ordered the parties to file supplemental briefs regarding the status of their discovery disputes. [Doc. 257]. The parties complied with the Court's Order and filed their supplemental briefs on October 4, 2023. [Docs. 266, 268].

2

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

## III. DISCUSSION

### A. Responses to Interrogatories

The Defendant contends that the Plaintiff's supplemental responses did not address the deficiencies previously identified by the Defendant in its Motion to Compel. Specifically, the Defendant argues that the Plaintiff's responses to Interrogatory Nos. 1, 3, 4, and 6-9 are still deficient and that the Court should compel the Plaintiff to make full and complete responses to these interrogatories. [Doc. 268]. The Court will address each of these interrogatories in turn.

**Interrogatory No. 1**: The Defendant's first interrogatory asks "when (date) and where (city and country)" the Plaintiff contends that the parties' alleged contract was formed. [Doc. 222-1 at 3]. In its original response, the Plaintiff provided a lengthy narration of the various communications and interactions between Tim Draegen (on behalf of the Plaintiff) and Martijn Groeneweg (on behalf of the Defendant) from 2105 through 2016. In its supplemental response, the Plaintiff further stated, in pertinent part, as follows:

> The last act required to form the primary contract of cooperation took place in November 2105 based on Tim Draegen's communications from North Carolina, as did the later written memorialization of the terms which took place over a period of time as to various

4

> aspects of the parties' relationship. As to those written communications, the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party; accordingly, pursuant to Rule 33(d), and in addition to the documents and information already produced and cited in Court proceedings, Plaintiff['s] production of documents from which this response may be ascertained includes electronic communications between Plaintiff and Mr. Groeneweg, primarily exchanged in 2015 and 2016.

[Doc. 265-1 at 3].

The Defendant contends that this supplemental response is deficient in that it fails to identify either the written 2015 communication that forms the allegedly breached Contract or the city from which such communication was sent. [Doc. 268 at 2].

A party served with an interrogatory may, in lieu of a written response, produce the party's business records "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). In so doing, the responding party must specify[ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).

5

Here, the Plaintiff's response affirmatively states that the last act forming the contract took place in North Carolina. The Defendant does not explain why the identification of the particular *city* in North Carolina from which this communication originated is necessary or relevant to any claims or defenses in this action.

The Plaintiff also asserts that the answer to the Defendant's interrogatory may be readily determined from an examination of the documents produced, particularly the electronic communications between Draegen and Groeneweg. The Defendant does not contend that these communications have not been produced to date or that the answer to its interrogatory is not readily ascertainable from the records that already have been produced. Further, it appears that the burden of ascertaining the answer from these documents would be substantially the same for either party. See Fed. R. Civ. P. 33(d). For these reasons, the Court concludes that the Plaintiff's response, as supplemented, to Interrogatory No. 1 is sufficient. The Defendant's motion to compel a further response to this interrogatory is therefore denied.

**Interrogatory No. 3:** The Defendant's third interrogatory asks the Plaintiff to identify all differences between the allegedly infringed "dmarcian

6

Code as it existed on February 9, 2012" and later copies of that Code. [Doc. 221-1 at 3].

In its supplemental response, the Plaintiff refers to the report of its expert, Dr. John Levine for a discussion of the differences between the Plaintiff's code as of February 9, 2012 and June 18, 2012. [Doc. 265-1 at 6]. The Plaintiff further notes that the differences between the June 18, 2012 version of the code and the updated code that was copyrighted may be ascertained through an examination of the change logs or commit logs housed in the GIT repository from the source code that the Plaintiff already has made available for inspection by the Defendant. [Id.]. While the Defendant argues that the Plaintiff should be required to give a more direct answer, the Court finds that the Plaintiff's response, as supplemented, adequately answers the interrogatory posed. The Defendant's motion to compel a further response as to this interrogatory is therefore denied.

**Interrogatory No. 4:** The Defendant's fourth interrogatory asks the Plaintiff to identify, for the 2021 work that was copyrighted, "all previously published code, previously registered code, code in the public domain, and copyrightable code owned by any person or entity other than" the Plaintiff. [Doc. 221-1 at 4]. In its supplemental response, the Plaintiff asserts that "the

7

underlying source Code that operated the customer facing, public SaaS platform was never published." [Doc. 265-1 at 7].

The Defendant argues that it cannot be determined from the Plaintiff's response "what code [the Plaintiff] contends was previously published, previously registered, in the public domain, or owned by any person or entity other than [the Plaintiff]." [Doc. 268 at 4]. However, a plain reading of the Plaintiff's response yields that the Plaintiff is taking the position that *none* of the code was ever published and therefore was never registered, in the public domain or owned by another entity. The Plaintiff's response sufficiently answers the interrogatory posed and therefore, the Defendant's motion to compel is denied with respect to this interrogatory.

**Interrogatory Nos. 6-9:** Interrogatory Nos. 6 through 9 relate to the Defendant's alleged interference with contracts in the United States and the customer confusion. [Doc. 221-1 at 4-5]. In response, the Plaintiff states that the answers to these interrogatories are readily ascertainable from the documents that the Plaintiff has produced as well as the Defendant's own business records. [Doc. 265-1 at 8-11]. The Plaintiff did not supplement these responses.

The Defendant contends that the Plaintiff's responses are "non-responsive boilerplate" and that further and more complete responses

should be compelled. [Doc. 227 at 10]. The Defendant, however, does not contend that the answers it seeks are not readily ascertainable form the documents provided by the Plaintiff or the documents within the Defendant's own control. The Defendant's motion to compel further responses to these interrogatories are therefore denied.

## B. Requests for Production

The Defendant argues that the Plaintiff's document production remains incomplete and that this Court should compel the Plaintiff to make a complete production in response to all of the Defendant's requests. [Doc. 268 at 4].

The Defendant, however, offers only two examples of deficiencies in the Plaintiff's production. First, the Defendant argues that, in response to Request for Production No. 92, the Plaintiff has produced only five documents that reference Clarizen, one of the Plaintiff's U.S. customers, and that four of those documents are merely copies of this Court's Order and Preliminary Injunction. The Defendant contends that this meager production is inconsistent with the Plaintiff's focus throughout this litigation on the Defendant's alleged theft of Clarizen as a customer, as well as other evidence in the record that indicates that such additional documents may exist, such as evidence that the Plaintiff prepared a quotation for Clarizen in August 2018. [Id. at 4, 5 n.2]. The Plaintiff makes no specific response to

9

the Defendant's contention regarding the production of documents related to Clarizen. [See Doc. 266].

To the extent that any documents responsive to the Defendant's Request for Production No. 92 remain in the Plaintiff's possession or control and have yet to be produced, the Plaintiff will be directed to provide the Defendant with such documents within fourteen (14) days of the entry of this Order.

The Defendant's second example of the deficiency in the Plaintiff's production is that the Plaintiff has not yet produced a copy of the correction that it filed with the U.S. Copyright Office in October 2023, despite the Defendant's request for any documents related to the Plaintiff's copyright registration. [Doc. 268 at 5]. Notably, the Defendant's request for "[a]ll document submitted to or received from the U.S. Copyright Office related to" the Plaintiff's copyright was set forth in the Defendant's *First* Set of Requests for Production, which was *not* the subject of the Defendant's Motion to Compel.[1] Accordingly, the Defendant's motion to compel is denied with respect to this particular request.

---

[1] The Defendant also appears to argue that the correction should have been produced in response to one of its requests set forth in its Third Set of Requests for Production. [Doc. 268 at 5]. However, the specific request cited asks only for "documents and communications supporting or otherwise relevant to the allegation that 'Defendant has

10

## C. Request for Fees

The Defendant requests an award of fees related to the filing of the motion to compel. [Doc. 227 at 10-11].

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

---

solicited third parties to purchase Plaintiff's copyrighted software.'" [Doc. 226-1 at 9]. The Defendant offers no explanation as to how the correction submitted by the Plaintiff to the Copyright Office would be relevant to this particular request.

As noted above, the Defendant's motion to compel has been granted only to the extent that the Plaintiff is being compelled to produce any documents that have not already been produced with respect to Clarizen. In all other respects, the motion to compel has been denied. Under these circumstances, the Court determines in its discretion that an award of fees would be unjust. Accordingly, the Defendant's request for an award of fees is denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Compel [Doc. 154] is **GRANTED IN PART** and **DENIED IN PART** as stated in this Order.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the Plaintiff shall produce any documents responsive to the Defendant's Request for Production No. 92 which remain in the Plaintiff's possession or control and have yet to be produced.

**IT IS FURTHER ORDERED** that the Defendant's request for an award of fees incurred in prosecuting this motion [Doc. 154] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 7, 2024

*Martin Reidinger*
Chief United States District Judge