IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC.,<br><br>        Plaintiff,<br><br>  vs.<br><br>DMARC ADVISOR BV,<br>f/k/a dmarcian Europe BV,<br><br>        Defendant. | **LETTER OF REQUEST FOR ORAL EXAMINATION OF HUB HARMELING** |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

A Request is hereby made by the United States District Court for the Western District of North Carolina, 100 Otis Street, Asheville, NC 28801, UNITED STATES OF AMERICA, to the Ministry of Justice, for assistance in obtaining testimony needed for an upcoming trial in the above-captioned action. This request is made pursuant to Chapters I and III of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). This Court respectfully requests this Letter of Request from this Court and accompanying Commission be recognized, and that Dutch Ministry of Justice authorizes

the taking of evidence in the territory of the Netherlands by the commissioners appointed for this purpose as developed below, in adherence to Article 17 of the Hague Convention and in the interest of comity.

| | |
|---|---|
| 1. Requesting Judicial Authority | Honorable Martin Reidinger<br>Chief United States District Judge<br>United States District Court for the Western District of North Carolina<br>100 Otis Street<br>Asheville, NC 28801<br>UNITED STATES OF AMERICA |
| 2. Central Authority of the Requested State | De Officier van Justice<br>Arrondissenmentsparket Den Haag<br>Afdeling executie, t.a.v. Ms. J. Booister<br>Postbus 20302<br>2500 EH Den Haag<br>The Netherlands |
| 3. Person to whom the executed request is to be returned | Plaintiff's US Counsel:<br>Pamela Duffy<br>Ellis & Winters LLP<br>300 N. Greene Street<br>Suite 800<br>Greensboro, NC 27401<br>UNITED STATES OF AMERICA<br><br>David Dorey, DE #5283<br>Blank Rome, LLP<br>David.dorey@BlankRome.com<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 425-6418 |

|  |  | Plaintiff's Dutch Counsel:<br>Timo Jansen and Mukesh Hoeba<br>Lexence<br>Postbus 75999<br>1070 AZ Amsterdam |
|---|---|---|
| 4. | Specification of date by which requesting authority requires receipt of response to the Letter of Request | The requesting authority would greatly appreciate a response to the Request by February 29, 2024. |
|  | Reason for urgency | Oral examination of Hub Harmeling needed to obtain necessary evidence in preparation for trial set for May 13, 2024. |

In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following Request:

| 5. | (a) Requesting authority | United States District Court for the Western District of North Carolina<br>100 Otis Street<br>Asheville, NC 28801<br>UNITED STATES OF AMERICA |
|---|---|---|
|  | (b) To the Competent Authority of | The Netherlands |
|  | (c) Name of the case and identifying number | *dmarcian, Inc. v. DMARC Advisor, BV, f/k/a dmarcian Europe BV*, Case No.: 1-21-CV-00067 |
| 6. | (a) Plaintiff | dmarcian, Inc. |
|  | Name and address of Plaintiff's representatives | Pamela Duffy<br>Tyler Jameson<br>Ellis & Winters LLP<br>300 N. Greene Street<br>Suite 800<br>Greensboro, NC 27401<br>UNITED STATES OF AMERICA |

3

|  | David Dorey<br>Blank Rome, LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br>UNITED STATES OF AMERICA |
|---|---|
| (b) Defendant | DMARC Advisor, BV f/k/a dmarcian Europe BV |
| Name and address of Defendant's representatives | Pressly M. Millen<br>Samuel B. Hartzell<br>Womble Bond Dickinson (US) LLP<br>PO Box 831<br>Raleigh, NC 27602<br>UNITED STATES OF AMERICA |
| 7. (a) Nature of the proceedings | Copyright and trademark infringement, theft of trade secrets, breach of contract |
| (b) Summary of Complaint | This civil action was brought to recover for damages that Plaintiff contends it suffered through Defendant's alleged theft of several types of intellectual property protected by United States law, including among others copyright law, trademark law, and trade secrets (collectively "IP"). Plaintiff is a software company that helps users authenticate incoming emails through the Domain-based Message Authentication Reporting and Conformance (DMARC) protocol. Defendant contracted with Plaintiff to engage in a cooperative joint business which included authorization to use Plaintiff's IP.<br><br>In or about early 2021, Defendant began to use Plaintiff's IP outside of the cooperative relationship without authority of Plaintiff and Defendant further asserted its own alleged intellectual property rights in the IP. Plaintiff asserts, among other things, |

|  | that Defendant's conduct was a breach of the parties' agreements. |
|  | In 2020, Defendant filed suit in the Enterprise Court of the Appellate Court of Amsterdam in the Netherlands. In September 2020, the Enterprise Chamber seized control of Defendant and appointed Mr. Harmeling as Defendant's independent director. Mr. Harmeling did not previously have a relationship with Defendant. Mr. Harmeling's actions on behalf of Defendant after his appointment are at issue in the dispute. |
| 8. (a) Evidence to be Obtained | The evidence sought to be obtained is the oral testimony of Hub Harmeling. |
| (b) Purpose of the Evidence | The testimony of Hub Harmeling is relevant to the issues in dispute and needed for the impending trial scheduled to begin in May of 2024. |
| 9. Identity and address of the person to be examined | H.J.M. ("Hub") Harmeling<br>Paulus Potterlaan 12<br>2102 CD Heemstede<br>The Netherlands |
| 10. Statement of subject matter about which Mr. Harmeling is to be examined | See attached Exhibit A |
| 11. Special methods or procedure to be followed | In the interests of justice to enable this Court to determine the issues pending before it, it is requested that you please cause and compel the deposition of Hub Harmeling under oath to testify truthfully, that counsel for both sides be given the opportunity to question the witness, and that a verbatim transcript be prepared. |

| | |
|---|---|
| | It is further requested that the deposition take place by video at a time to be agreed upon by the attorneys of record in the above-identified matter and Mr. Harmeling, provided that the deposition take place no later than March 15, 2024.<br><br>It is further requested that any certified record of the deposition be sent to: Pamela S. Duffy and David Dorey |
| 12. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified | This Court respectfully requests that you notify this court; the representatives of the parties identified above; and the witness from whom evidence is requested as indicated above; and such other persons as you deem proper. |
| 13. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request | No judicial personnel of the requesting authority will attend or participate. |
| 14. Specification of privilege or duty to refuse to give evidence under the law of the Requesting State | Plaintiffs do not believe that the witness benefits from any privilege or duty to refuse to give the requested evidence, and does not endorse the assertion of any such privilege or duty, except to the extent that the Defendant in this action may assert attorney-client privilege as to specific questions as appropriate. |

| | |
|---|---|
| 15. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | Subject to any later order of the Court which may be entered in connection with shifting costs, all costs of the Hague Convention proceeding for procedural costs associated with the depositions requested will be borne by Plaintiff dmarcian, Inc., provided that each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any Hague Convention proceedings with respect to the deposition sought in this Letter of Request. |

This Court expresses its appreciation of the Ministry of Justice for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the Ministry of Justice in a similar manner when required. Asheville, North Carolina, United States of America.

Signed: February 7, 2024

_____
Martin Reidinger
Chief United States District Judge

Exhibit A: Topics of Oral Examination

Plaintiff respectfully requests to ask Mr. Harmeling questions regarding the following topics and requests an opportunity to ask follow-up questions as may be required by Mr. Harmeling's responses:

A. Mr. Harmeling's qualifications and role as independent director of Defendant, his appointment, and the process related to such appointment.

B. All actions taken by Mr. Harmeling in his role as independent director of Defendant and the scope of his authority.

C. Mr. Harmeling's knowledge of the dispute between Plaintiff and Defendant and his efforts to resolve such dispute.

D. Mr. Harmeling's interactions with Plaintiff, with Defendant and its advisors or employees, and with Defendant's shareholders and directors (Tim Draegen and TDX, through its representatives Martijn Groeneweg and Herwert Kalkman), including but not limited to those interactions that led to the actions initiated or taken by Mr. Harmeling on behalf of Defendant.

E. Mr. Harmeling's involvement in actions taken by Defendant which are the subject of the complaint, including without limitation: obtaining access to and exercising control over and using Plaintiff's IP; establishing a separate website using to operate independently from Plaintiff; and Defendant's communications with customers and prospective customers seeking that they cease using the Plaintiff's platform and commence using Defendant's separate platform.

F. The substance, purpose, and effect of all communications Mr. Harmeling had with Plaintiff's and Defendant's representatives regarding the dispute.

G. All instructions given by Mr. Harmeling to employees of Defendant to procure copies of Plaintiff's source code, trade secrets, customer information, or other intellectual property in relation to Defendant's efforts to conduct business independently from Plaintiff, including the nature of the instruction, the persons to whom he gave such instructions, and the date(s) of such instructions.

H. All communications with customers and other third parties asserting that Plaintiff suffered a data breach requiring notifications to customers under the GDRP.

I. All statements and contentions set forth in Mr. Harmeling's declarations submitted in the above-identified United States action.

J. Mr. Harmeling's knowledge of and/or participation in Defendant's actions in violation of the Preliminary Injunction which led to issuance of contempt orders.