THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DMARC ADVISOR BV, ) | |
| formerly known as dmarcian ) | |
| Europe BV, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to File Under Seal [Doc. 300]; the Defendant's Motion to File Temporarily Under Seal [Doc. 321]; and the Plaintiff's Motion to Seal Exhibits in Opposition to Defendant's Motion for Summary Judgment [Doc. 324].

The Local Rules of this Court require civil motions, with some exceptions not applicable here, to include a statement that counsel conferred with opposing counsel and attempted in good faith to resolve areas of disagreement prior to filing the motion. LCvR 7.1(b). The present motions to seal fail to reflect any effort of counsel to confer prior to filing. One of these motions, filed by the Defendant, goes so far as to indicate that the Defendant does not believe that the subject documents even warrant filing under seal.

[Doc. 321 at 1]. Rather, defense counsel represents that the motion was filed in order to give the Plaintiff "the opportunity to explain why it believes these documents should be sealed." [Id.].

Motions of this nature are a waste of this Court's time and resources. The purpose of Rule 7.1(b) is to allow the parties to discuss potential areas of disagreement and possibly resolve such issues without the Court's intervention. Even if no agreement is reached, requiring the parties to confer prior to filing results in the issues becoming more streamlined and more coherently presented to the Court.

For these reasons, the Court will deny the present motions to seal without prejudice. The parties shall be required to confer either in person or by telephone regarding the subject matter of the motions and to show in any subsequently re-filed motions that the parties conferred and attempted in good faith to resolve any areas of disagreement.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to File Under Seal [Doc. 300]; the Defendant's Motion to File Temporarily Under Seal [Doc. 321]; and the Plaintiff's Motion to Seal Exhibits in Opposition to Defendant's Motion for Summary Judgment [Doc. 324] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall confer either in person or by telephone regarding the subject matter of the motions and shall show in any subsequently re-filed motions that the parties conferred and attempted in good faith to resolve any areas of disagreement.

**IT IS SO ORDERED.**

Signed: February 16, 2024

Martin Reidinger
Chief United States District Judge