# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CASE NO.: 1:21-CV-00067

DMARCIAN, INC.,

        Plaintiff,

  v.

DMARC ADVISOR BV,
f/k/a dmarcian Europe BV,

        Defendant.

**LETTER OF REQUEST FOR ORAL EXAMINATION OF HERWERT KALKMAN**

---

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

A Request is hereby made by the United States District Court for the Western District of North Carolina, 200 U.S. Courthouse Building, 100 Otis Street, Asheville, NC 28801, UNITED STATES OF AMERICA, to the Ministry of Justice, for assistance in obtaining testimony needed for an upcoming trial in the above-captioned action. This request is made pursuant to Chapters I and III of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").

| 1. Requesting Judicial Authority | Honorable Martin Reidinger<br>United States Chief District Judge<br>United States District Court for the<br>Western District of North Carolina<br>200 U.S. Courthouse Building<br>100 Otis Street<br>Asheville, NC 28801<br>UNITED STATES OF AMERICA |
|---|---|
| 2. Central Authority of the Requested State | De Officier van Justice<br>Arrondissenmentsparket Den Haag<br>Afdeling executie, t.a.v. Ms. J. Booister<br>Postbus 20302<br>2500 EH Den Haag<br>The Netherlands |
| 3. Person to whom the executed request is to be returned | Pamela Duffy<br>Ellis & Winters LLP<br>300 N. Greene Street<br>Suite 800<br>Greensboro, NC 27401<br>UNITED STATES OF AMERICA<br><br>David Dorey, DE #5283<br>Blank Rome, LLP<br>David.dorey@BlankRome.com<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 425-6418<br><br>Plaintiff's Dutch Counsel:<br>Timo Jansen and Mukesh Hoeba<br>Lexence<br>Postbus 75999<br>1070 AZ Amsterdam |
| 4. Specification of date by which requesting authority requires receipt of response to the Letter of Request | The requesting authority would greatly appreciate a response to the Request by July 1, 2024. |

2

| | |
|---|---|
| Reason for urgency | Oral examination of Herwert Kalkman needed to obtain necessary evidence in preparation for trial set for September 3, 2024. |
| In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following Request: | |
| 5. (a) Requesting authority | United States District Court for the Western District of North Carolina 200 U.S. Courthouse Building 100 Otis Street Asheville, NC 28801 UNITED STATES OF AMERICA |
| (b) To the Competent Authority of | The Netherlands |
| (c) Name of the case and identifying number | *dmarcian, Inc. v. DMARC Advisor, BV, f/k/a dmarcian Europe BV*, Case No.: 1-21-CV-00067 |
| 6. (a) Plaintiff | dmarcian, Inc. |
| Name and address of Plaintiff's representatives | Pamela Duffy Tyler Jameson Ellis & Winters LLP 300 N. Greene Street Suite 800 Greensboro, NC 27401 UNITED STATES OF AMERICA<br><br>David Dorey Blank Rome, LLP 1201 Market Street, Suite 800 Wilmington, DE 19801 UNITED STATES OF AMERICA |
| (b) Defendant | DMARC Advisor, BV f/k/a dmarcian Europe BV |
| Name and address of Defendant's representatives | Pressly M. Millen Samuel B. Hartzell Womble Bond Dickinson (US) LLP PO Box 831 Raleigh, NC 27602 UNITED STATES OF AMERICA |

3

| | |
|---|---|
| 7. (a) Nature of the proceedings | Copyright and trademark infringement, theft of trade secrets, breach of contract |
| (b) Summary of Complaint | This civil action was brought to recover for damages that Plaintiff contends it suffered through Defendant's alleged theft of several types of intellectual property protected by United States law, including among others copyright law, trademark law, and trade secrets (collectively "IP"). Plaintiff is a software company that helps users authenticate incoming emails through the Domain-based Message Authentication Reporting and Conformance (DMARC) protocol. Defendant contracted with Plaintiff to engage in a cooperative joint business which included authorization to use Plaintiff's IP. <br><br> In or about early 2021, Defendant began to use Plaintiff's IP outside of the cooperative relationship without authority of Plaintiff and Defendant further asserted its own alleged intellectual property rights in the IP. Plaintiff asserts, among other things, that Defendant's conduct was a breach of the parties' agreements. |
| 8. (a) Evidence to be Obtained | The evidence sought to be obtained is the oral testimony of Herwert Kalkman. |
| (b) Purpose of the Evidence | The testimony of Herwert Kalkman is relevant to the issues in dispute and needed for the impending trial scheduled to begin in September of 2024. |
| 9. Identity and address of the person to be examined | Herwert Kalkman <br> Tijpport 31 <br> 3312 WB Dordrecht <br> The Netherlands |

4

| | |
|---|---|
| 10. Statement of subject matter about which Mr. Kalkman is to be examined | See attached Exhibit A |
| 11. Special methods or procedure to be followed. | In the interests of justice to enable this Court to determine the issues pending before it, it is requested that you please cause and compel the deposition of Herwert Kalkman under oath to testify truthfully, that counsel for both sides be given the opportunity to question the witness, and that a verbatim transcript be prepared.

It is further requested that the deposition take place by video at a time to be agreed upon by the attorneys of record in the above-identified matter and Mr. Kalkman, provided that the deposition take place no later than July 31, 2024.

It is further requested that any certified record of the deposition be sent to: Pamela S. Duffy and David Dorey |
| 12. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified. | This Court respectfully requests that you notify this court; the representatives of the parties identified above; and the witness from whom evidence is requested as indicated above; and such other persons as you deem proper. |
| 13. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request | No judicial personnel of the requesting authority will attend or participate. |

5

| | |
|---|---|
| 14. Specification of privilege or duty to refuse to give evidence under the law of the Requesting State | Neither this Request, nor the deposition to take place pursuant to this Request shall constitute or operate as a waiver of any argument, position, objection, allegation, claim, or defense, of any party in the above-captioned action, or the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections, or prohibitions that may apply to that evidence under the laws of the Netherlands, the United States, or any State within the United States. |
| 15. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | Subject to any later order of the Court which may be entered in connection with shifting costs, all costs of the Hague Convention proceeding for procedural costs associated with the depositions requested will be borne by Plaintiff dmarcian, Inc., provided that each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any Hague Convention proceedings with respect to the deposition sought in this Letter of Request. |

6

This Court expresses its appreciation of the Ministry of Justice for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the Ministry of Justice in a similar manner when required. Asheville, North Carolina, United States of America

Signed: April 19th, 2024

Martin Reidinger
Chief United States District Judge

7

Exhibit A: Topics of Oral Examination

Plaintiff respectfully requests to ask Mr. Kalkman questions regarding the following topics and requests an opportunity to ask follow-up questions as may be required by Mr. Kalkman's responses:

A. Mr. Kalkman's qualifications and training in software code development and knowledge of specific coding languages.

B. The circumstances and events that led to Mr. Kalkman working with the parties on code development.

C. Mr. Kalkman's work on code development during the period of cooperation between Plaintiff and Defendant, including but not limited to work on "DMARC Delegation" features and direction Mr. Kalkman provided to the Bulgarian development team.

D. Payments Mr. Kalkman received from Measuremail while contributing to Plaintiff's source code during the period of cooperation between Plaintiff and Defendant.

E. The events and circumstances surrounding Mr. Kalkman being removed from the parties' software development process and then subsequently rejoining in January 2020.

F. Mr. Kalkman's work on code development for Defendant, including but not limited to code development for the "DMARC Manager" platform.

G. Any and all contributions to code Mr. Kalkman has provided Defendant through Sportadventurie.nl B.V.

H. Any and all IP assignments from Mr. Kalkman, whether individually or through Sportadventurie.nl, to Defendant.

I. Mr. Kalkman's knowledge of the dispute between Plaintiff and Defendant, including but not limited to information Mr. Kalkman obtained in his role as a part owner of The Digital Xpedition (TDX) Holding BV and/or as an indirect director of Defendant.

J. All communications with Hub Harmeling related to Mr. Harmeling's role as independent director of Defendant.

K. Mr. Kalkman's knowledge of and/or participation in Defendant's actions in violation of the Preliminary Injunction which led to issuance of contempt orders.