IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| | | |
|---|---|---|
| **DMARCIAN, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **DMARC ADVISOR BV,** | ) | |
| f/k/a dmarcian Europe BV, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Amended Motion to Seal Exhibits in Opposition to Defendant's Motion for Summary Judgment [Doc. 347].

The Plaintiff, through counsel, moves the Court for leave to file certain exhibits to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment [Docs. 325-1, 325-2] under seal in this case. For grounds, counsel states that the exhibits include confidential business information and trade secrets. [Doc. 347]. On March 28, 2024, the Defendant filed a Brief in Partial Opposition to the Plaintiff's Motion. [Doc. 348]. On April 4, 2024, the Plaintiff filed a Reply. [Doc. 349].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed his motion on March 14, 2024, and it has been accessible to the public through the Court's electronic case filing system since that time. With regard to Document 325-1, the Plaintiff has demonstrated that the exhibit contains confidential business information, including revenue and customer information, and that the public's right of access to such information is substantially outweighed by the Plaintiff's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). However, with regard to Document 325-2, the Plaintiff has not demonstrated that the exhibit contains trade secrets or other private information, as this exhibit merely contains broad and high-level discussion of the Plaintiff's product design, some of which is available in more detail in other documents on the public docket. Having considered less drastic

alternatives to sealing the document, the Court concludes that sealing of only Document 325-1 is necessary to protect the Plaintiff's privacy interests.

Accordingly, the Plaintiff's Motion to Seal is partially granted, and counsel shall be permitted to file Document 325-1 under seal.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Seal Exhibits in Opposition to Defendant's Motion for Summary Judgment [Doc. 347] is **GRANTED IN PART** and **DENIED IN PART.** Specifically, the Plaintiff's Document 325-1 shall be filed under seal and shall remain under seal until further Order of the Court. Document 325-2 shall be filed on the public docket.

**IT IS SO ORDERED.**

Signed: April 22, 2024

Martin Reidinger
Chief United States District Judge