IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DMARC ADVISOR BV, ) <br> f/k/a dmarcian Europe BV, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Second Motion to Compel [Doc. 279] and the Plaintiff's Motion Seeking Additional Time to Depose Defendant's Expert [Doc. 282].

## I. BACKGROUND

The Pretrial Order and Case Management Plan ("the CMO") entered in this case originally set a discovery deadline of February 28, 2023. [Doc. 133]. The CMO specifically states that the parties may stipulate to an extension of the discovery completion deadline so long as such extension expires no later than 14 days prior to the trial. [Id. at 4-5]. With regard to motions to compel discovery, the CMO states that such motions must be filed within the discovery period or they would be deemed waived. [Id. at 10].

As the CMO explicitly states, the terms of the CMO are subject to modification only by the Court "and may not be modified by agreements among the parties." [Id. at 20].

Following the entry of the CMO, the Court on motions of the parties extended the discovery deadline on two occasions, with the final deadline being set as December 1, 2023. [Docs. 207, 258].

On December 1, 2023, the parties filed a Stipulation indicating their agreement to extend the period of fact discovery in order to complete certain fact depositions during the week of December 4, 2023 and, potentially, the week of December 11, 2023. [Doc. 277 at 2].

On December 8, 2023, the Plaintiff filed an unopposed motion to extend the deadline for filing "expert discovery motions." [Doc. 278 at 1]. The Court granted the Plaintiff's motion, giving the Plaintiff until December 15, 2023 to file motions related to expert discovery. [Text-Only Order Dec. 11, 2023].

The Plaintiff filed the present Second Motion to Compel on December 15, 2023. [Doc. 279]. In the event that the Second Motion to Compel is granted and additional source code and design/development documents are produced, the Plaintiff seeks to depose the Defendant's expert, Dr. Eslamimher, for an additional two hours regarding this new production. [Doc.

282]. The Defendant has filed Responses opposing both of the Plaintiff's Motions [Docs. 286, 287], and the Plaintiff has filed Replies [Docs. 306, 307]. Accordingly, these motions are ripe for disposition.

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The decision to grant or deny a motion to compel is generally an issue within the broad

3

discretion of the trial court.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

## III. DISCUSSION

As noted above, the deadline for the filing of motions to compel discovery expired upon the closing of the discovery period, December 1, 2023.  Although the parties agreed amongst themselves to extend the period of fact discovery beyond December 1st, this agreement did not extend the deadline for the filing of motions to compel.  While the Court granted the Plaintiff an extension of time to file motions to address discrete issues regarding *expert discovery*, such extension did not extend the deadline for the filing of motions to compel on issues of *fact discovery*.

By the present motion, the Plaintiff seeks *inter alia* to compel: (1) the production of emails and other documents from Hub Harmeling and TDX; (2) the production of any additional customer contracts; and (3) the review of Mr. Groeneweg's old laptop for any responsive information.  [See Doc. 281].  The Plaintiff also moves the Court to compel the Defendant to produce a fully prepared designee for a Rule 30(b)(6) deposition and to strike certain affirmative defenses asserted by the Defendant.  [Id.].  These, however, are not issues of "expert discovery."  These are issues of *fact discovery* which should have been addressed prior to the expiration of the discovery deadline.

4

Thus, to the extent that the Plaintiff moves to compel discovery as to these or any other factual discovery issues, the Plaintiff's motion is denied as untimely.

The only issue addressed in the Plaintiff's Motion to Compel which is remotely related to "expert discovery" is the Plaintiff's request to compel a more complete response to Request for Production (RFP) No. 60, which requests documents related to the development of the C# platform. [Doc. 281 at 21]. The Plaintiff appears to contend that such documents are necessary in order to fully depose the Defendant's expert, Dr. Eslamimher. [See Doc. 282].

In response to the Plaintiff's motion, the Defendant states that it has already conducted a reasonable, good faith search for documents responsive to the Plaintiff's request, and that it has made those materials available either on the source code review computer or in document productions made to the Plaintiff. [Doc. 286 at 10]. While the Plaintiff contends that it "has reason to doubt the production is complete" [Doc. 281 at 22], it does not explain what that reason may be. The Court will not grant a motion to compel based on sheer speculation. Accordingly, the Plaintiff's motion to compel further response to RFP No. 60 is denied.

5

By way of a separate motion, the Plaintiff moves for additional time to depose the Defendant's expert, Dr. Eslamimher, in the event that the Plaintiff's motion to compel is granted and additional documents are produced. [Doc. 282]. Because the Plaintiff's motion to compel has been denied in its entirety, the Plaintiff's motion for additional time to depose the Defendant's expert is moot.

## O R D E R

**IT IS, THEREFORE, ORDERED** the Plaintiff's Second Motion to Compel [Doc. 279] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion Seeking Additional time to Depose Defendant's Expert [Doc. 282] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: April 22, 2024

Martin Reidinger
Chief United States District Judge

6

Case 1:21-cv-00067-MR    Document 354    Filed 04/22/24    Page 6 of 6