# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:21-cv-00067-MR

DMARCIAN, INC.,                    )
                                   )
               Plaintiff,      )
                                   )
        vs.                 )      **O R D E R**
                                   )
DMARC ADVISOR BV, f/k/a            )
dmarcian Europe BV,                )
                                   )
              Defendant.      )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Motion to Seal Exhibits to Its Brief in Opposition to Defendant's Motion to Exclude Certain Opinions of Plaintiff's Expert John R. Levine, PhD.  [Doc. 330].

The Plaintiff moves for leave to file under seal certain exhibits attached to the Declaration of David Dorey [Docs. 329-2, 329-3] to the Plaintiff's Brief in Opposition to Defendant's Motion to Exclude Certain Opinions of Plaintiff's Expert John R. Levine, PhD.[1]  [Doc. 330].  For grounds, the Plaintiff states

that these exhibits contain a discussion of the Plaintiff's trade secrets and

_____

[1] While it appears that the Plaintiff seeks only to file Documents 329-2 and 329-3 under seal, the Plaintiff provisionally filed under seal the entirety of Mr. Dorey's Declaration and all of the other exhibits attached thereto as well.  As the Plaintiff has not sought to seal these documents, the Court will instruct the Clerk to unseal these other documents.

confidential business information that warrant protection from public disclosure. The Plaintiff has filed in the public record redacted versions of the exhibits to Mr. Dorey's Declaration that are sought to be sealed. [See Docs. 332-2, 332-3]. The Plaintiff indicates in its motion that the Defendant does not consent to the sealing of at least part of these exhibits. [Doc. 330 at 2]. However, the Defendant has not filed any response in opposition to the motion to seal.

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The motion was filed on February 5, 2024, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiff has demonstrated that the deposition excerpts attached to Mr. Dorey's Declaration reference confidential business information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these materials is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Seal [Doc. 330] is **GRANTED**, and the deposition excerpts filed as

329-2 and 329-3 shall be filed under seal and shall remain under seal until further Order of the Court.

The Clerk of Court is respectfully instructed to unseal Documents 329, 329-1, 329-4, 329-5, 329-6, and 329-7.

**IT IS SO ORDERED.**

Signed: April 22, 2024

Martin Reidinger
Chief United States District Judge

4