# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC., )<br> )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>DMARC ADVISOR BV, f/k/a )<br>dmarcian Europe BV, )<br> )<br>    Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Leave to File Third Amended Complaint. [Doc. 303].

## I. BACKGROUND

On March 12, 2021, the Plaintiff dmarcian, Inc. filed this lawsuit, alleging, among other claims, infringement of the source code material that is subject of its copyright, registered as TX0008941559 ("the '559 Copyright"). [Doc. 1: Complaint at ¶¶ 43, 127]. The Plaintiff amended its Complaint in April 2021 and again in June 2021, without altering these allegations. [Doc. 19: Amended Complaint; Doc. 51: Second Amended Complaint].

The Defendant DMARC Advisor BV filed its Answer on June 13, 2022, asserting ownership (either total, partial or shared) of the intellectual property that the Plaintiff claims the Defendant is infringing, including the source code at issue. [Doc. 126 at 19]. The Defendant also asserted in its Answer that the Plaintiff's claims are barred in whole or in part due to the Plaintiff's fraud on the Copyright Office, including misrepresentations of the authorship and ownership of the code deposited with the Copyright Office. [Id. at 21].

The Plaintiff now moves for leave to file a Third Amended Complaint. [Doc. 303]. Specifically, the Plaintiff seeks to include an assertion that a "controversy exists between Plaintiff and Defendant concerning the rightful owner of copyrightable material identified as the dmarcian Code through February 2021." [Doc. 303-1 at ¶ 252]. The Plaintiff also seeks to assert a new declaratory action claim, seeking "a declaration that Plaintiff owns the copyrightable material identified as the dmarcian Code, and Defendant has no right or entitlement to the dmarcian Code." [Id. at ¶ 253].

In order to analyze the merits of the Plaintiff's motion to amend, a brief review of the history of this copyright is necessary. The Plaintiff filed its original copyright application in February 2021, seeking to register the "dmarcian Source Code." [Doc. 148-1: Dorey Decl. Ex. 1 at 31]. In support of this application, the Plaintiff submitted twenty pages of code and

represented that the work for which it sought a copyright was completed in 2012 and first published on February 9, 2012; that the nation of first publication was the United States; and that the work's author was Eudaemonic Development, LLC.  [See id. at 31-55; Doc. 206: Order at 6]. As part of this application, the Plaintiff deposited a copy of the code as it existed in 2021, rather than a copy of the code as it existed in 2012, its purported year of creation.  [See Doc. 206: Order at 20].

Based on the information provided in the application, the Copyright Office had no reason to question the Plaintiff's representations and accepted them as true and accurate.  [Doc. 272-1: Response of Register of Copyrights at 4].  The Copyright Office thus registered the claim on March 9, 2021 and assigned it registration number TX0008941559.  [Doc. 148-1: Dorey Decl. Ex. 1 at 26].

Once discovery commenced in this action, the Defendant served the Plaintiff with a document request seeking the "deposited material" that the Plaintiff provided to the Copyright Office and the "written agreement" between the Plaintiff and Eudaemonic Development, LLC.  [Doc. 267-2: Defendant's First Set of Requests for Production at 3-4].  Thereafter, in August 2022, the Plaintiff filed "an application for supplementary registration" with the Copyright Office in which it "sought to change the author from

Eudaemonic [Development] LLC to Timothy G. Draegen." [Doc. 272-1: Response of Register of Copyrights at 4]. Once again, the Copyright Office "had no reason to question Plaintiff's representations and accepted them as true and accurate." [Id. at 4-5]. The Copyright Office registered the supplemental claim on September 1, 2022, effective August 19, 2022, and assigned it registration number TX0009164197. [See id. at 5].

On September 30, 2022, the Defendant filed a motion in this Court "alleging inaccuracies in the Plaintiff's application for copyright registration and requesting the review of the Register of Copyrights." [Doc. 206: Order at 2]. In June 2023, the Court granted that motion in part. Specifically, the Court concluded that the Defendant had "sufficiently alleged inaccuracies regarding year of completion and publication date" and referred the following three questions to the Copyright Office:

> (1) Would the Register of Copyrights have refused Registration Numbers TX0009164197 or TX0008941559 had it known that the deposited code was created in or after 2017?
>
> (2) Would the Register of Copyrights have refused Registration Numbers TX0009164197 or TX0008941559 had it known that the deposited lines of code were the lines in use in 2021, and not an exact copy of the code as it existed in 2012?
>
> (3) Would the Register of Copyrights have refused Registration Numbers TX0009164197 or

TX0008941559 had it known that the deposited code was published in or after 2017?

[Id. at 26-27].

On October 11, 2023, and while this referral was pending, the Plaintiff filed another supplementary application with the Copyright Office, this time seeking "to remove the date of first publication and the nation of publication information from the Registration." [Doc. 275-1: Addendum to Response of Register of Copyrights at 2]. In the application, the Plaintiff explained:

> The work originally registered under TX0008941559 was inadvertently and incorrectly identified as published in the original submission. The registrant mistakenly construed the 2012 launch of its software-as-a-service platform as publication of the work. In actuality, the work (i.e., the underlying source code) was never published and remains today unpublished within the meaning of the Copyright Act.

[Id.]. The Plaintiff did not disclose that the registration that it sought to supplement was the subject of this litigation. [Id.]. Because the registration specialist who received the application was not aware of this ongoing suit, the specialist had no reason to question the Plaintiff's representations and accepted them as true and accurate. [Id. at 2-3]. Accordingly, the registration specialist issued a supplementary registration to the Plaintiff under TXu002393361, effective October 11, 2023. [Id. at 3].

On October 16, 2023, the Register of Copyrights responded to the three questions this Court referred. The Register wrote that "the Copyright Office would not have registered the Work if it had known that the application provided incorrect dates of first publication and/or completion, or that the deposit included material created or published after the dates provided on the application." [Doc. 272-1 at 1; see also id. at 15].

On November 27, 2023—after the expert report deadlines had expired and just before the December 1, 2023 fact discovery deadline—the Plaintiff filed yet another supplementary application. This time, the Plaintiff sought to change the year of completion of the work by nine years, from 2012 to 2021. [Doc. 289-3: T. Draegen Dep. Ex. 30].

While that supplemental application was pending, on January 10, 2024, the Defendant filed a motion for summary judgment and a motion to exclude the Plaintiff's expert. The Defendant seeks summary judgment on the Plaintiff's copyright claim at least in part on the theory that the Plaintiff's misrepresentations to the Copyright Office bar its claim. [Doc. 295: Defendant's MSJ Brief at 14-16]. The Defendant further argues that the Plaintiff cannot show infringement of the Code that it purported to register. [Id. at 17-20].

On the same day that the Defendant filed its motion for summary judgment, the Plaintiff filed a motion for partial summary judgment with respect to some of the affirmative defenses asserted by the Defendant. [Doc. 297: Pltf's Motion for Summary Judgment]. The Plaintiff also filed the present Motion for Leave to File Third Amended Complaint. [Doc. 303: Pltf's Motion to Amend].

On February 6, 2024, the Copyright Office advised the Plaintiff that the supplementary claim correcting the '559 Copyright's year of completion to 2021 was refused. [Doc. 343-1 at 11]. In so doing, the Copyright Office stated its conclusion that the initial copyright registration "was issued in error because the deposited copy of the work was incomplete." [Id.]. As such, the Copyright Office concluded, the Plaintiff's copyright registration "is now eligible for cancellation." [Id.].

## II. STANDARD OF REVIEW

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that, after the time period set forth in Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that leave to amend shall be freely given "when justice so requires." Id. Therefore, absent a showing of

undue delay, bad faith, futility, or prejudice to the opposing party, a Court should grant a party leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

By the present motion, the Plaintiff seeks to add (1) an allegation that a "controversy exists between Plaintiff and Defendant concerning the rightful owner of copyrightable material identified as the dmarcian Code through February 2021" [Doc. 303-1 at ¶ 252]; and (2) a claim for a declaration that the Plaintiff "owns the copyrightable material identified as the dmarcian Code, and Defendant has no right or entitlement to the dmarcian Code." [Id. at ¶ 253].

The Court begins its analysis with the allegation that the Plaintiff seeks to add regarding the parties' respective rights of the "copyrightable material" in the Code through February 2021. As the case currently stands, the Plaintiff is asserting a claim of infringement of the '559 Copyright. Such a claim necessarily requires proof of ownership of the copyright itself. See Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc., 618 F.3d 417, 428 (4th Cir. 2010) ("A plaintiff claiming copyright infringement must establish ownership of the copyright by the plaintiff and copying by the defendant.") (citation and internal quotation marks omitted). However, in its

proposed amendment, the Plaintiff seems to be expanding the scope of its claimed ownership from ownership of what was *copyrighted* (i.e., the '559 Copyright) to ownership of the "copyrightable material" in the Code through February 2021, material which may or may not be covered by the '559 Copyright. Indeed, the "copyrightable material" in the Code may encompass a number of different versions of the Code. See U.S. Copyright Office, Compendium of U.S. Copyright Practices, § 721.9(D) (3d ed. 2021) (noting that each version of a computer program is considered a separate work, and registration should be sought for each version).[1]

Throughout the past three years of litigation, the Plaintiff has asserted a claim of copyright infringement based solely on the alleged infringement of the '559 Copyright. Now, after the expiration of the discovery period and on the day that dispositive motions were filed by the parties, the Plaintiff seeks to expand this litigation to encompass the issue of ownership rights in the "*copyrightable* material identified as the dmarcian Code *through February 2021*." [Doc. 303-1 at ¶ 252] (emphasis added). While couching this as merely an "alternative legal theory" [Doc. 303 at 1], the Plaintiff's proposed

---

[1] The Compendium is the administrative manual of the Register of Copyrights and "provides instruction to agency staff regarding their statutory duties and provides expert guidance to copyright applicants, practitioners, scholars, the courts, and members of the general public regarding institutional practices and related principles of law." Id. at 1.

9

amendment appears to go far beyond what is alleged in its copyright infringement claim (infringement of the copyrighted Code purportedly created in 2012). It appears to encompass material in the Code that is squarely covered by the copyright registration (the code purportedly created in 2012), as well as *copyrightable* material within the Code (i.e., material that goes beyond the registered copyright but which to date has not been registered). Notably, the Defendant does not claim any ownership of the dmarcian Source Code as it existed in 2012; it only claims ownership to the extent that contributions were made from 2017 to 2021 to the Code by the Defendant and its Bulgarian programmers.

Allowing the Plaintiff to amend and thereby expand its copyright claim in this way would prejudice the Defendant at this late date. See Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 604 (4th Cir. 2010) (affirming denial of motion to amend where amendment after the close of discovery and on the eve of the deadline for filing of dispositive "would change the nature of the litigation and, would therefore, prejudice [the defendant]"). The Plaintiff's copyright claim as been pending since March 2021, and the Plaintiff has been aware of issues with that claim since at least September 2022, when the Defendant moved to refer questions to the Register of Copyrights. [See Doc. 140: Motion to Refer]. The Plaintiff has offered no

justification for waiting until January 2024—on the same day that both parties filed dispositive motions—to seek to add new allegations regarding ownership of the "copyrightable material" in the various versions of the dmarcian Code.

To the extent that the Plaintiff seeks to amend its prayer for relief to add a request for a declaratory judgment regarding the ownership of the '559 Copyright, this request will be granted, as the question of ownership is already before the Court by virtue of the Defendant's Sixteenth Defense. [See Doc. 126 at 19].

For all of these reasons, the Plaintiff's motion for leave to file an amended complaint is granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave to File Third Amended Complaint [Doc. 303] is **GRANTED IN PART AND DENIED IN PART** as stated in this Order.

**IT IS FURTHER ORDERED** that the Plaintiff shall file a Third Amended Complaint in conformity with this Order within seven (7) days.

**IT IS SO ORDERED.**

May 1, 2024

Martin Reidinger
Chief United States District Judge