THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **SHOW CAUSE ORDER** |
| ) | |
| DMARC ADVISOR BV, ) | |
| formerly known as dmarcian ) | |
| Europe BV, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Third Motion for Order to Show Cause. [Doc. 253].

On June 27, 2023, this Court issued an Order denying the Plaintiff's motion for an antisuit injunction but granting alternative relief requiring the Defendant to provide to the Rotterdam Court no later than July 3, 2023: (1) a copy of the June 27, 2023 Order and (2) a statement from the Defendant's counsel, stating as follows:

> (1) Counsel is submitting this statement to the Rotterdam Court in order to correct false and misleading representations previously made to the Court in both the Affidavit of Pressly Millen and the pleading notes of Alfred Meijboom;

(2) The proceedings on the merits in the U.S. case began with the filing of the Complaint on March 12, 2021, and DMARC Advisor's representations to the contrary to the Rotterdam Court are entirely untrue;

(3) The U.S. case filed on March 12, 2021 presented claims which put copyright ownership and the terms of the parties' contracts squarely at issue. As such, there appears to be some overlap of issues between the U.S. case and that pending before the Rotterdam Court. DMARC Advisor's representation to the Rotterdam Court that the U.S. case pleads only violations of U.S. copyright and trademark law, and not any infringing actions outside the U.S., is entirely untrue; and

(4) The Preliminary Injunction issued by the U.S. Court did not limit application of the Copyright Act to only acts of infringement within the United States and gave extraterritorial application to reach acts of DMARC Advisor in Europe and elsewhere, and DMARC Advisor's representations to the contrary to the Rotterdam Court are entirely untrue.

[Doc. 216 at 23-24, 25]. The Defendant complied with the directive to submit the June 27, 2023 Order to the Dutch Court. However, the Defendant failed to submit the required statement from counsel.

Because the Defendant appears to have disobeyed and/or resisted this Court's lawful order, the Defendant shall be ordered to show cause why a finding of civil contempt and imposition of sanctions, including reasonable attorneys' fees, is not warranted.

The Plaintiff also requests that the Court issue an order directing the Defendant's Dutch counsel, Alfred Meijboom, to personally appear before the Court and show cause why he should not be held in contempt for violating the Court's June 27, 2023 Order. [Doc. 253 at 1, 2]. Mr. Meijboom was not identified in the Court's June 27, 2023 Order as a subject thereof. [See Doc. 216 at 25 ("No later than July 3, 2023, *the Defendant DMARC Advisor BV shall file* copies of this Order and a statement *from DMARC Advisor's counsel* to the Rotterdam District Court, along with certified translations thereof (in Dutch), in accordance with the terms of this Order.") (emphasis added)]. However, Mr. Meijboom, as the Defendant's Dutch counsel, actively participated in the Defendant's apparent efforts to disobey this Court's Order. As such, the Court concludes that Mr. Meijboom may be made a party to these contempt proceedings. See Hawkins v. i-TV Digitalis Tavkozlesi zrt., 935 F.3d 211, 229 (4th Cir. 2019); see also Receiver for Rex Venture Group, LLC v. Banca Comerciala Victoriabank SA, 843 F. App'x 485, 492 (4th Cir. 2021).

Because Mr. Meijboom is a foreign non-party, the Court can exercise jurisdiction over him only if he has minimum contacts with the forum, beyond the mere act of aiding and abetting the Defendant's contemptuous conduct. Hawkins, 935 F.3d at 231. Here, the Court finds that such minimum contacts

3

with this jurisdiction are easily satisfied. By failing to clarify his misrepresentations of U.S. law to the Dutch Court, Mr. Meijboom made it more likely that the Dutch court would not reconsider its ruling regarding which action was first filed. Mr. Meijboom's actions in this regard had substantial effects in this forum. Additionally, Mr. Meijboom has initiated a number of suit-related forum contacts. He has made four separate declarations pursuant to 28 U.S.C. § 1746 in these proceedings. [See Doc. 26-5 (opposing Plaintiff's Motion for Preliminary Injunction); Doc. 57-1 (opposing Plaintiff's First Motion to Show Cause); Doc. 157 (opposing Plaintiff's Motion to Compel and Entry of Protective Order); Doc. 209-1 (opposing Plaintiff's Motion for Anti-Suit Injunction)]. These declarations are a direct contact with the forum in specific relation to the lawsuit pending in this Court.

For all of these reasons, the Court concludes that Mr. Meijboom has sufficient minimum contacts with this forum such that the exercise of jurisdiction over him would be proper.

**IT IS, THEREFORE, ORDERED** that the Defendant DMARC Advisor BV shall appear before the undersigned on May 15, 2024 at 9:00 a.m. in Courtroom 1 of the U.S. District Court in Asheville, North Carolina, and **SHOW CAUSE** why the Court should not hold the Defendant in contempt

4

Case 1:21-cv-00067-MR   Document 358   Filed 05/01/24   Page 4 of 5

and impose sanctions upon the Defendant for its failure to comply with the Court's June 27, 2023 Order.

**IT IS FURTHER ORDERED** that the Defendant's counsel of record, Pressly M. Millen and Samuel B. Hartzell, as well as its Dutch counsel, Alfred Meijboom, shall personally appear before the Court at the May 15, 2024 hearing and **SHOW CAUSE** why the Court should not hold counsel in contempt and impose sanctions upon counsel for failing to comply with the Court's June 27, 2023 Order.

**IT IS SO ORDERED.**

May 1, 2024

Martin Reidinger
Chief United States District Judge