IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.: 1:21-CV-00067

| | |
|---|---|
| DMARCIAN, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>DMARC ADVISOR BV,<br> f/k/a dmarcian Europe BV,<br><br>        Defendant. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL CERTAIN PORTIONS AND TO MAINTAIN UNDER SEAL OTHER PORTIONS OF DEFENDANT'S FILINGS**<br>**(Doc. 289-5, 289-6, 317-2, 320)** |

NOW COMES the Plaintiff, pursuant to Local Civil Rule 6.1 and the Protective Order, (Doc. 204), and hereby submits this brief in support of its Motion to Unseal Certain Portions and to Seal Other Portions of Defendant's Filings. (Doc. 368). Specifically, Plaintiff seeks to seal only certain portions of Docs. 289-5, 289-6, 317-2, and 320 because they contain Plaintiff's trade secrets and confidential business information that warrant protection from the public and Defendant disagrees that those materials should be filed under seal. With consent of Defendant, Plaintiff has filed redacted copies of the foregoing documents on the public record simultaneously with this

1

motion. Defendant has filed a separate motion to seal other materials from its filings which the parties agree should be under seal. (Doc. 366).

## STATEMENT OF FACTS

On January 10, 2024, Defendant filed its Motion to File Under Seal seeking to maintain under seal the exhibits to the Ninth Declaration of Samuel B. Hartzell ("Defendant's First Motion"). (Doc 300). Similarly, Defendant filed a Motion to File Temporarily Under Seal ("Defendant's Second Motion," together with Defendant's First Motion, "Defendant's Motions") on February 2, 2024, seeking to temporarily maintain under seal Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment, (Doc. 319), Defenant's Brief in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint, (Doc. 320), and the Tenth Declaration of Samuel B. Hartzell, (Doc. 317), until a final determination is made on whether the documents will remain under seal. (Doc. 321). On February 16, 2024, the Court denied those Motions to Seal without prejudice, and ordered the parties to "confer either in person or by telephone regarding the subject matter of the motions and [ ] show in any subsequently re-filed motions that the parties conferred and attempted in good faith to resolve any areas of disagreement." (Doc. 340, pg. 3).

Defendant filed *all* of these materials under seal, regardless of whether there had been any assertion of confidentiality or request to file under seal by Plaintiff, and thereby over-designated voluminous materials without making any effort to separate out what should be at least provisionally filed under seal versus what could be filed under the public record. For that reason, Plaintiff objected in part to Defendant's Motions to Seal. (Doc. 338, Plaintiff's Brief in Response to Defendant's Motion to Temporarily Under Seal). By making zero effort to sort out in advance what could be publicly filed in advance of making these filings, Defendant effectively shifted much of the cost for sorting out the public versus sealed filings to Plaintiff in relation to Defendant's own filings, a job which has been labor intensive due to the volume of the filings. Plaintiff has attempted to minimize the items under seal by preparing redactions for numerous of Defendant's filings as shown in both Defendant's Amended Motion to Seal (Doc. 366; Doc. 367) as well as in the instant motion.

After conferring with Defendant in a good faith attempt to resolve the areas of disagreement, the parties have settled many areas of dispute. Defendant and Plaintiff have filed a separate joint motion to seal regarding the documents that the parties have agreed should remain under seal. (Doc.

366). A summary of the parties' positions on each documents is set forth at Doc. 367-1. Nonetheless, areas of disagreement remain.

Defendant consents to the filing of Exhibit 12 to Dr. Levine's deposition to be filed under seal, but somewhat inexplicably would not agree to make that document part of the parties' joint motion to seal. (Doc. 367-1) As such, that portion of Plaintiff's instant motion to is unopposed.

Plaintiff requests, and Defendant opposes, that the court seal:

(1) A diagram shown on Exhibit 14 to Tim Draegen's deposition (Doc. 317-2, p. 26) and also on Page 16 of Defendant's Brief in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint, (Doc. 320).

(2) Certain excerpts from the deposition of Plaintiff's 30(b)(6) witness, Tim Draegen, discussing the above-referenced diagram, (Doc. 317-2).

(3) Certain excerpts from the deposition of John R. Levine, PhD in December 2023,[1] (Doc. 289-5).

---

[1] Dr. Levine was originally scheduled to be deposed December 1, 2023, and the Confidentiality Designation inadvertently identifies that date when in fact the deposition was taken on December 4, 2023. There is only one deposition of Dr. Levine.

(4) Certain excerpts of Robert Wise's deposition on November 30, 2023, (Doc. 289-6).

Redacted copies of the foregoing documents have been filed on the public record in connection with this motion. (Doc. 368-1 to 368-4). Defendant consents to such public filing and objects to maintaining any portion under seal other than Exhibit 12 to the Deposition of Dr. John Levine.

## QUESTIONS PRESENTED

I. What is the standard for a motion to file a document under seal?

II. Whether the Plaintiff has met this standard.

## STATEMENT OF LAW AND ARGUMENT

### I. STANDARD FOR A MOTION TO SEAL

A party may file a motion to seal pursuant to Local Civil Rule 6.1, but "[t]he public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents

and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir.2000).

Courts have held that documents containing confidential business information and trade secrets warrant protection from the public. *See, e.g., Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that the court may limit public access to "sources of business information that might harm a litigant's competitive standing"); *Level 3 Communications, LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 581–82 (E.D.Va.2009) ("many courts have considered the trade secret status of testimony or materials submitted to a court a significant private interest to be weighed against the common law, or even the First Amendment, right of public access that would otherwise apply to them"); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 901958 (E.D.N.C. Mar. 15, 2011) (protecting trade secrets and confidential business information not generally available to the public).

## II. PLAINTIFF HAS MET THE STANDARD TO SEAL

### (1) A diagram of the dmarcian system architecture (Doc. 317-2 & 320).

Plaintiff seeks to maintain under seal a diagram which Defendant has included on page 16 of Defendant's brief (Doc. 320) ("Diagram"). This same

Diagram is also shown on Exhibit 14 to Tim Draegen's deposition called "2020-10-19 Marked System-arch" which Defendant submitted to the Court (Doc. 317-2 at p. 26). Both documents were provisionally filed by Defendant under seal. A redacted copy of those documents has been publicly filed by Plaintiff along with its motion to seal, leaving just the confidential portion under seal. (Doc. 368-3; Doc. 368-4).

The Diagram provides an overview of Plaintiff's platform structure and design, outlining various applications and their interoperability; if disclosed, it could potentially provide competitors with an insight into the architecture of Plaintiff's platform that it would not otherwise have -- giving them an unfair competitive advantage, and thereby harming Plaintiff. *See Nixon*, 435 U.S. at 598 (recognizing that the court may limit public access to "sources of business information that might harm a litigant's competitive standing").

Defendant has previously contended that the "specific architectural diagram… has been publicly available on this Court's docket and the Fourth Circuit's docket since December 2021." (Doc. 348, Defendant's Brief in Partial Opp. to Motion to Seal, at p. 2). A very blurry version of this same diagram was indeed filed by Defendant when it put the Enterprise Report into the record and then again when it inserted that same document into the

Fourth Circuit record.[2] (Doc. 93-2 at 109; 4th Cir. No. 21-1721, ECF No. 21-5 at 373). While Plaintiff contends that Defendant should not have filed these materials with the Court in the first place, in any event the copy that was filed is largely illegible and is not a basis for denying Plaintiff's motion to seal this architectural diagram.

This Court and others have recognized the significance of protecting this type of information. *See Gentry v. Maggie Valley Resort Mgmt., LLC*, 2014 WL 1384451, at *1 (W.D.N.C. Apr. 9, 2014) (sealing "financial and other sensitive business data of the Defendants"); *Peters v. Aetna Inc.*, 2018 WL 4937066, at *1 (W.D.N.C. Oct. 11, 2018) ("the parties have demonstrated that the documents at issue contain confidential and sensitive business information . . . , and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure.").

---

[2] Dmarcian was not a party to the Enterprise Court proceedings or the Report which resulted from those proceedings. Defendant did not file the Report in connection with any motion pending with this Court, but rather appears to have been filed in an attempt to bolster its position on appeal of this Court's injunction. (Doc. 93). Defendant submitted the Report to the Fourth Circuit over dmarcian's objections even though the Report was not before the District Court at the time of the orders which were appealed. (4th Cir. No. 21-1721, ECF No. 22-1).

### (2) Excerpts from the deposition of Plaintiff's 30(b)(6) witness, Tim Draegen discussing the Diagram (Doc. 317-2).

Plaintiff seeks to maintain under seal a portion of the transcript excerpts from the deposition of Plaintiff's 30(b)(6) witness, Tim Draegen, at 141:21-184:10 as outlined in Plaintiff's confidentiality designation filed on January 24, 2024. (Doc. 313-1). A redacted copy of this transcript has been publicly filed by Plaintiff along with its motion to seal, leaving just the confidential portion under seal. (Doc. 368-3)

The excerpts which Plaintiff seeks maintain under seal provide descriptive testimony concerning the Diagram and the platform's layout and overall design. (Doc. 317-2, at 141:21-184:10). Mr. Draegen describes what the Diagram means from a developer's perspective and what someone can expect to find in the different subfolders of the "dmarcian-core" repository. Throughout this discussion, Mr. Draegen provides an overview of the application framework going into specific detail about the various functionalities, including the Django application framework. This information is confidential and trade secret, warranting protection from the public.

### (3) Excerpts and exhibit from the deposition of John R. Levine, PhD in December 2023. (Doc. 289-5).

Defendant consents to Plaintiff's motion to maintain under seal Deposition Exhibit 12 to the deposition of Plaintiff's Expert John Levine.[3] However, Defendant objects to sealing the testimonial portions of the Levine transcript, including excerpts at 43:17-45:19, 149:4-25, and 214:1 (Doc. 289-5), as marked and outlined in Plaintiff's confidentiality designation filed on January 24, 2024. (Doc. 313-2). A redacted copy of this Transcript has been publicly filed by Plaintiff along with its motion to seal, leaving just the confidential portion under seal. (Doc. 368-1).

These transcript excerpts and Exhibit 12 to that transcript are from Dr. Levine's testimony about Plaintiff's source code in the "GIT" repository. Dr. Levine's testimony and attached Exhibit 12 reveal the source code and the different folders and features of the source code, showing how the code is organized and how it functions together. The discussion also reveals the

---

[3] As stated in the Joint Memorandum of Law in Support of Motion to Maintain Materials Under Seal, (Doc. 367), in footnote 1: "While Defendant believes the deposition testimony in ECF No. 289-5 should be public, it does agree with Plaintiff that deposition exhibit 12 . . . should be redacted in the public filing. Defendant will consent to that portion of Plaintiff's motion to seal." Plaintiff had requested to make this exhibit part of its joint motion, but Defendant declined and instead wished to consent to the sealing as part of Plaintiff's motion.

contents of the various code repositories, including the Dmarcian-pip and Cust-dns-monitor code repositories. Moreover, Dr. Levine's testimony discloses various source code folders within the Diagram and the code's structure. Consequently, this testimony uncovers Plaintiff's trade secret information and should be sealed from the public. *See Longman v. Food Lion, Inc.*, 186 F.R.D. 331, 335 (M.D.N.C. 1999) (finding release of sealed records inappropriate because it would reveal defendants' trade secrets and confidential business information); *King Coal Chevrolet Co. v. Gen. Motors Co.*, No. 2:12-5992, 2012 WL 5877555, at *1 (S.D. W. Va. Nov. 20, 2012) (allowing redaction of "commercially sensitive" confidential information).

### (4) Excerpts of Robert Wise's deposition on November 30, 2023. (Doc. 289-6).

Lastly, Plaintiff seeks to maintain under seal certain portions of the selected excerpts from Robert Wise's November 30, 2023 deposition, namely: (a) 35:22-37:10, (b) 160:17-169:8, (c) 224:10-240:2, as outlined in Plaintiff's confidentiality designation filed on January 24, 2024. (Doc. 313-1). A redacted copy of this Transcript has been publicly filed by Plaintiff along with its motion to seal, leaving just the confidential portion under seal. (Doc. 368-1).

11

Case 1:21-cv-00067-MR   Document 369   Filed 06/03/24   Page 11 of 15

Similar to Dr. Levine's testimony, Robert Wise's testimony contains discussions of Plaintiff's source code and its structure as shown in the Diagram. Mr. Wise's testimony explores the CORE repository and the surrounding code structure. More specifically, Mr. Wise details how the surrounding software code repositories support and interact with the CORE repository. This discussion provides a descriptive outline of the source code's components, how they match up, and where they are in the system's architecture. Again, this information about the source code is trade secret and should be sealed from the public to protect Plaintiff's business. *See Longman,* 186 F.R.D. at 335 (finding release of sealed records inappropriate because it would reveal defendants' trade secrets and confidential business information); *Peters*, 2018 WL 4937066, at *1 ("the parties have demonstrated that the documents at issue contain confidential and sensitive business information . . . , and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court maintain the designated portions of the following documents previously filed under seal by Defendant:

(a) Doc. 289-5, at 43:17-45:19, 149:4-25, and 214:1, and Exhibit 12;

(b) Doc. 289-6, at 35:22-37:10, 160:17-169:8, 224:10-240:2;

(c) Doc. 317-2, 141:21-184:10 and p. 26; and

(d) Doc. 320, diagram on p. 16 only.

In short, Plaintiff seeks to maintain the unredacted copies of Doc. 289-5, 289-6, 317-2 and 320 filed under seal and has placed the balance of such documents on the public record by filing redacted copies as attached to Plaintiff's Motion (Doc. 368).

This the 3rd day of June, 2024.

> /s/ Pamela S. Duffy
> Pamela S. Duffy, N.C.S.B. No. 18329
> pamela.duffy@elliswinters.com
> Tyler C. Jameson, N.C.S.B. No. 59348
> ty.jameson@elliswinters.com
> Ellis & Winters LLP
> PO Box 2752
> Greensboro, NC 27402
> Telephone: (336) 217-4193
> *Attorneys for Plaintiff*

OF COUNSEL:
/s/ David Dorey
David Dorey, DE #5283
Blank Rome, LLP
David.dorey@BlankRome.com
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6418
  *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing MEMORANDUM was served upon counsel for all other parties to this action listed below pursuant to N.C. R. Civ. P.5(b) by efiling a copy of the same utilizing the Western District of North Carolina's efiling system:

Mr. Pressly M. Millen
Mr. Samuel B. Hartzell
Womble Bond Dickinson (US) LLP
P O Box 831
Raleigh, NC 27602
*Attorneys for DMARC Advisor BV*

This the 3rd day of June, 2024.

    */s/ Pamela S. Duffy*
    Pamela S. Duffy, N.C.S.B. No. 18329
    pamela.duffy@elliswinters.com
    Tyler C. Jameson, N.C.S.B. No. 59348
    ty.jameson@elliswinters.com
    Ellis & Winters LLP
    PO Box 2752
    Greensboro, NC 27402
    Telephone: (336) 217-4193
    *Attorneys for Plaintiff*