THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| DMARCIAN, INC., | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **O R D E R** |
| DMARC ADVISOR BV, f/k/a dmarcian Europe BV, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the parties' "Joint Motion to Maintain Materials Under Seal" [Doc. 366].

By their motion, the parties jointly seek to maintain the following under seal: (1) an excerpt from the November 28, 2023, videoconference deposition of Timothy Draegen ("T. Draegen") [Doc. 289-3]; (2) exhibit 52 to the December 5, 2023, deposition of T. Draegan [Doc. 289-4]; (3) certain excerpts from the November 29, 2023, Zoom deposition of Shannon Draegen ("S. Draegen"), as well as exhibits 12, 13, and 14 thereto [Doc. 289-7]; (4) certain excerpts from the December 8, 2023, deposition of S. Draegan, certain portions of exhibit 18 thereto, and exhibits 19, 20, and 21 thereto [Doc. 289-8]; and (5) an email marked DM004034 (the "email") [Doc. 289-9].

[See Docs. 366; 367]. The parties also agree that the Court should unseal Docs. 289-1, 289-2, 317-1, 317-3, 317-4, 317-5, 317-6, 317-7, and 319. [See Doc. 366 at 2].

As grounds for sealing the portions of the materials identified above, the parties state (1) that the excerpt from T. Draegen's November 28, 2023, videoconference deposition involves the discussion of two specific dmarcian customers by name; (2) that exhibit 52 to the December 5, 2023, deposition of T. Draegan is an excerpt from his journal discussing "pending litigation and . . . highly personal matters"; (3) that the excerpts from the November 29, 2023, Zoom deposition of S. Draegan involve the discussion of specific amounts of various expenditures, and that exhibits 12, 13, and 14 "are spreadsheets containing information about [dmarcian]'s financial operations and customers"; (4) that the excerpts from the December 8, 2023, deposition of S. Draegen, and exhibits 18, 19, 20, and 21 thereto, all involve the discussion of "specific financial and customer information"; and (5) that the email involves the discussion of pending litigation. [See Doc. 367 at 6-7].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access

extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires the Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motion.  The motion was filed on May 30, 2024, and it has been accessible to the public through the Court's electronic case filing system since that time.  Further, the parties have demonstrated that the materials they seek to maintain under seal reference

3

confidential information about dmarcian's finances, its customers, pending litigation, and other information of a highly personal nature, as well as that the public's right of access to this information is substantially outweighed by the parties' compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives, the Court concludes that maintaining these materials under seal is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS, THEREFORE, ORDERED** that the parties' "Joint Motion to Maintain Materials Under Seal" [Doc. 366] is hereby **GRANTED**, and that the specific excerpts from and exhibits to Docs. 289-3, 289-4, 289-7, 289-8, and 289-9 identified by the parties in their motion and discussed above shall remain under seal until further Order of the Court.

The Clerk of Court is respectfully directed to unseal Docs. 289-1, 289-2, 317-1, 317-3, 317-4, 317-5, 317-6, 317-7, and 319.

**IT IS SO ORDERED.**

Signed: July 1, 2024

Martin Reidinger
Chief United States District Judge