IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.: 1:21-CV-00067

| | |
|---|---|
| DMARCIAN, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DMARC ADVISOR BV,<br>f/k/a dmarcian Europe BV,<br><br>　　　　Defendant. | **JOINT SUPPLEMENTAL BRIEF IN RESPONSE TO NOVEMBER 21, 2024 ORDER CONCERNING HAGUE LETTERS** |

NOW COME Plaintiff dmarcian Inc. and Defendant DMARC Advisor BV and hereby jointly submit this supplemental brief in response to the Court's November 21, 2024 Order directing the parties to "file briefs addressing the issues raised in the District Court of North Holland's letter." (ECF #392) and pursuant to the text order entered on December 16, 2024.

### Plaintiff's Position

Plaintiff understands the following issues raised by the Dutch Court in October 30, 2024 letter (ECF #398) ("the North Holland Letter"):

***Remote Video Attendance.*** First, the Dutch court asks whether the letters of request should be read to "mean that the attorneys in the U.S. can

attend the hearing via a video link or that the interrogation must be recorded on video and the recording provided to attorneys Duffy and Dorey." Plaintiff intends to attend remotely by video. Plaintiff requests that the Court respond back to the District Court of North Holland confirming that the one or both parties intend to proceed by remote video attendance.

***Video Recording.*** Second, the Dutch court asks whether the letters of request should also be read to mean that "the interrogation must be recorded on video and the recording provided to attorneys Duffy and Dorey." Plaintiff had intended to record the deposition by video, with the recording being provided to both parties. Plaintiff understands from the North Holland Letter that video recording is not permitted absent consent of all parties and the witnesses. Plaintiff has no reason to question this assertion.

Plaintiff has inquired with deponent Mr. Harmeling to ascertain whether he will consent to video recording but he has not responded to Plaintiff's inquiry as of the date of this filing. Plaintiff asked Defendant to confirm whether Plaintiff may contact Mr. Kalkman directly given his relationship to Defendant, or whether Defendant could ascertain Mr. Kalkman's position. Defendant states it is not authorized to consent for any other party, but as of the date of filing Plaintiff has not received confirmation as to whether Plaintiff's counsel may contact Mr. Kalkman directly.

On this question, Plaintiff requests that the Court respond back to the District Court of North Holland that Plaintiff: (1) agrees to video recording but that the parties have not yet been able to confirm whether the witnesses agree to video recording; (2) requests that the witnesses' position as to video recording be confirmed when the proceeding is scheduled, and (3) further to convey the Defendant's position below.

*Transcript of Proceedings*. Plaintiff's counsel understands that the prohibition of recording relates to tape or video recording and not to making of a verbatim transcript, and that the North Holland Court will prepare a summary of the proceedings, but not a verbatim transcript.

Plaintiff's counsel would like this Court to clarify in its response that the Plaintiff's counsel intends to arrange for a court reporter to attend to make a verbatim transcript. Plaintiff notes, however, that a court reporter typically makes an audiotape recording as a back-up to prepare the transcript, but that such tape is not provided to any party. Plaintiff therefore requests that this Court clarify with the District Court of North Holland whether it will permit attendance of a court reporter to make a verbatim transcript.

*Procedure for Questioning of the Witnesses and Presence of an Interpreter.* Plaintiff sought to question the witnesses directly. The District Court of North Holland in Dutch court suggests "that the witness examination

be conducted by the requesting authority through video link." The Plaintiff defers to this Court on this question.

Absent proceeding as the District Court of North Holland suggests, Plaintiff understands that the parties will be required to submit questions for a judicial official in the District Court of North Holland to pose to the witnesses. Plaintiff asks this Court to confirm this understanding with the District Court of North Holland, and to amend the letters of request to allow the Plaintiff until January 12, 2025 to submit such questions and exhibits, and until January 17, 2025 for Defendant to submit questions and exhibits for cross-examination if they so desire. Finally, Plaintiff thinks it would be prudent to request presence of an interpreter.

### **DMARC Advisor's Position**

DMARC Advisor understands the District Court North-Holland to raise three issues.

First, the Dutch court asks whether the letters of request should be read to "mean that the attorneys in the U.S. can attend the hearing via a video link or that the interrogation must be recorded on video and the recording provided to attorneys Duffy and Dorey." DMARC Advisor takes no position on how Plaintiff's requests should be read. It does not object to Plaintiff requesting remote attendance or video recording.

Second, the Dutch court says that "it is not allowed to make tape or video recordings of the examination of witnesses," at least unless "all witnesses (and/or others involved) consent to be recorded." DMARC Advisor has no reason to question this assertion. If they participate in these depositions, undersigned counsel for DMARC Advisor will consent to being recorded. DMARC Advisor is not authorized to consent on behalf of any other person; it believes that any consent-to-recording issues should be resolved in the Netherlands in connection with the depositions.

Third, the Dutch court suggests "that the witness examination be conducted by the requesting authority through video link." DMARC Advisor does not believe that it would be appropriate for this Court to conduct the depositions. Further, DMARC Advisor believes that it would be appropriate for the Court to clarify that "the Plaintiff's claim for breach of written contract (Count One) and the Plaintiff's claim for copyright infringement (Count Three)" have been dismissed with prejudice and thus should not be the subject of any deposition questions. ECF No. 360 at 57.

For the avoidance of doubt, DMARC Advisor believes the Dutch court is the appropriate forum for all Dutch deposition issues and DMARC Advisor reserves all rights in connection with those Dutch issues.

Respectfully submitted, this the 19th day of December, 2024.

/s/ Pamela S. Duffy
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff*


OF COUNSEL:
/s/ David Dorey
David Dorey, DE #5283
Blank Rome, LLP
David.dorey@BlankRome.com
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6418
*Attorney for Plaintiff*

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Samuel B. Hartzell
Pressly M. Millen, NC State Bar No. 16178
Samuel B. Hartzell, NC State Bar No. 49256
Post Office Box 831
Raleigh, North Carolina 27602
Phone: (919) 755-2135
Fax: (919) 755-6067
Email: Press.Millen@wbd-us.com
         Sam.Hartzell@wbd-us.com

*Counsel for Defendant DMARC Advisor BV*

## AI CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 29th day of November, 2024.

*/s/ Pamela S. Duffy*
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon counsel for all other parties to this action listed below by efiling a copy of the same utilizing the Western District of North Carolina's efiling system:

Mr. Pressly M. Millen
press.millen@wbd-us.com
Mr. Samuel B. Hartzell
Sam.hartzell@wbd-us.com
Womble Bond Dickinson (US) LLP
P O Box 831
Raleigh, NC 27602
*Attorneys for DMARC ADVISOR BV,*
*f/k/a dmarcian Europe BV*

This the 19th day of December, 2024.

/s/ Pamela S. Duffy
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff*

9

Case 1:21-cv-00067-MR   Document 399   Filed 12/19/24   Page 9 of 9