**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:21-cv-00067-MR**

| | |
|---|---|
| **DMARCIAN, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **SECOND AMENDED** |
| ) | **PRELIMINARY INJUNCTION** |
| **DMARCIAN EUROPE BV,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

The Court has entered an Order contemporaneously herewith which grants the Defendant's request to modify the Amended Preliminary Injunction Order entered in this matter on August 11, 2021. Consistent with that Order, the Court hereby enters the following Second Amended Preliminary Injunction Order.

**IT IS, THEREFORE, ORDERED** that the Defendant, its officers, agents, servants, employees, attorneys, affiliates, and those persons in active concert or participation with the Defendant are **HEREBY ENJOINED** from:

(1) providing services to any customers located outside of Europe, Africa, or Russia, except for the six customers detailed in the

Defendant's Brief on Proposed Voluntary Commitments [Doc. 32 at 4 n.3];

(2) providing access to any of its websites to IP addresses from countries outside of Europe, Africa, or Russia. The Defendant shall inform website visitors from outside of those areas that it does not create new accounts in that region and shall direct those customers to contact dmarcian, Inc. for services through the Plaintiff's website https://dmarcian.com;

(3) making changes to the trade secret source code except as specifically and expressly allowed or directed by this Order;

(4) using the Plaintiff's trademark in any manner in the United States or on any websites which are accessible to IP addresses from the United States, unless such use is accompanied by a statement which reads: "This trademark is the trademark of dmarcian, Inc. This website is produced and generated and posted by dmarcian Europe BV, which is a different entity from dmarcian, Inc. This trademark is being used at this location without the permission of dmarcian, Inc. and only pursuant to the terms of a court order allowing its temporary use during litigation between dmarcian, Inc. and dmarcian Europe BV." That statement must be at least the size of the trademark itself, as

2

presented, or 12-point type when displayed on a 24" computer screen, whichever is larger. Such statement must appear immediately adjacent to the location where the trademark appears, and must be shown at each location where the trademark appears, whether that be on the Defendant's website, in printed material, an electronic display, or otherwise;

(5) displaying any website with the "dmarcian" name which is accessible to IP addresses from the United States, unless that website includes a statement that "The dmarcian software was originally developed by dmarcian, Inc. This is not the website of dmarcian, Inc. The website of dmarcian, Inc. can be found at https://dmarcian.com." That statement must be displayed as a banner at the top of each page of the website on which the dmarcian name appears and must be of a size that is at least 12-point type when displayed on a 24" computer screen, and the reference to the website of the Plaintiff must be a link to that website;

(6) redirecting, encouraging, or allowing any customer to change its payment recipient from the Plaintiff to the Defendant. To the extent that the current service provider for any customer is different from the payment recipient for that customer, the party providing services to that

3

customer is prohibited from unilaterally terminating or otherwise altering those services without the express permission from the Court; (7) making any public statement about dmarcian, Inc. except as expressly allowed or directed herein; and

**IT IS FURTHER ORDERED** that the Defendant shall provide to the Court (under seal) copies of all documents sufficient to show all income received by the Defendant and the sources thereof, all expenditures made by the Defendant and the payors thereof, and all net income generated by the Defendant's business efforts from the date of this Order until the conclusion of this action.

**IT IS FURTHER ORDERED** that no further bond is required in conjunction with the entry of this Amended Preliminary Injunction, the Plaintiff already having posted a bond in the amount of $25,000.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge

4