IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DMARC ADVISOR BV, ) | |
| f/k/a dmarcian Europe BV, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Unseal Certain Portions and to Maintain under Seal Other Portions of Defendant's Filings [Doc. 368].

The Plaintiff moves the Court to seal certain portions of the Defendant's filings. [Doc. 368]. Specifically, the Plaintiff moves to seal the following documents: (1) a diagram identified as Exhibit 14 to Tim Draegen's deposition, which was filed as an exhibit to the Tenth Declaration of the Defendant's counsel [Doc. 317-2 at 26] and reprinted in the Defendant's brief in opposition to the Plaintiff's Motion for Leave to File Third Amended Complaint [Doc. 320 at 20]; (2) excerpts of the deposition of the Plaintiff's 30(b)(6) witness, Tim Draegen, discussing the above-referenced diagram,

which excerpts were filed as an exhibit to the Tenth Declaration of the Defendant's counsel [Doc. 317-2]; (3) excerpts of the deposition of John Levine, Ph.D., which were filed as an exhibit to the Ninth Declaration of the Defendant's counsel [Doc. 289-5]; and (4) excerpts of Robert Wise's deposition, which were filed as an exhibit to the Ninth Declaration of the Defendant's counsel [Doc. 289-6]. The Plaintiff has filed proposed redactions of these filings along with its motion.[1] [Doc. 368-1 through 368-4]. The Defendant consents to the sealing of Exhibit 12 to the deposition of Dr. Levine [Doc. 289-5 at 56-155], but objects to maintaining any of the other designated filings under seal. [Doc. 370].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

---

[1] The Court will note, however, that filing versions of documents that have been previously filed in CM/ECF without first removing the CM/ECF footer renders the footer on the new filing entirely illegible. In the future, counsel is encouraged to remove the CM/ECF footer from a document prior to filing it again.

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion.  The Plaintiff filed the present motion on June 3, 2024, and it has been accessible to the public through the Court's electronic case filing system since that time.  With regard to Exhibit 12 of Dr. Levine's deposition [Doc. 289-5 at 56-155], the Plaintiff has demonstrated that this exhibit contains confidential business information, in particular confidential source code, and that the public's right of access to such information is substantially outweighed by the Plaintiff's competing interest in protecting the details of such information.  See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018).  Having considered less drastic alternatives to sealing this exhibit, the Court concludes that sealing of Exhibit 12 to Dr. Levine's deposition is necessary to protect the Plaintiff's privacy interests.

However, with regard to the other designated filings, the Plaintiff has not demonstrated that these filings contain trade secrets or other private information, as these filings merely contain broad and high-level discussion of the Plaintiff's code, some of which is available in more detail in other documents on the public docket.

Accordingly, the Plaintiff's Motion is partially granted, and Document 289-5 shall be placed under seal. Counsel shall prepare and file a public version of Document 289-5, with pages 56 to 155 redacted, in the record.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 368] is **GRANTED IN PART** and **DENIED IN PART.** Specifically, the Plaintiff's Motion is **GRANTED** with respect to Document 289-5, and the Clerk of Court is respectfully directed to place Document 289-5 under seal. Counsel shall separately file a public version of Document 289-5, with pages 56 to 155 redacted, in the record. In all other respects, the Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 19, 2024

Martin Reidinger
Chief United States District Judge