IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.: 1:21-CV-00067

| | |
|---|---|
| DMARCIAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DMARC ADVISOR BV,<br>f/k/a dmarcian Europe BV,<br><br>    Defendant. | **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION IN LIMINE**<br>(*Swenberg* Pleadings and Rulings) |

Plaintiff dmarcian Inc. ("Plaintiff" or "dmarcian") submits this brief in support of its motion in limine to exclude pleadings and rulings related to the California and still pending state court action entitled *Swenberg v. dmarcian, Inc., et al*, San Mateo Superior Court Case No. 19-CIV-02896 (the "*Swenberg* Pleadings and Rulings"). Dmarcian seeks to exclude these documents on the grounds of hearsay and also relevancy and prejudice under Rules 401 and 403.

## STATEMENT OF FACTS

Charles E. Swenberg is a former employee of dmarcian, Inc. He was terminated on May 31, 2018—well before DBV chose to undertake its misdeeds at issue in this action. On May 31, 2019, Swenberg filed a lawsuit in San Mateo County Superior Court against dmarcian, Mr. Groeneweg, and

Mr. Draegen and and, later, DBV, for employment-related issues.

Swenberg's First Amended Complaint ("FAC") in the *Swenberg* Pleadings and Rulings (Motion in Limine to Exclude *Swenberg* Pleadings and Rulings, **Exhibit 1**) alleges claims arising under two buckets: personal employment issues and a stockholder case. Many of these claims are based on four unenforceable, non-existent, oral agreements: (a) around January 1, 2017, Swenberg claims he and Tim Draegen agreed they both would be considered dmarcian "founders", and Swenberg would be reclassified as an employee (FAC, ¶9); (b) a second agreement on February 17, 2017 allegedly promised Swenberg 3/8 ownership share in dmarcian upon retroactive and future vesting of dmarcian shares (FAC, ¶10); (c) he contends that in the summer of 2017 Tim Draegen and Swenberg agreed each would be entitled to a guaranteed bonus equal to 50% of an ongoing bonus pool calculated as 10% of dmarcian's gross bookings (FAC, ¶13); and (d) he claims that on February 21, 2018 the parties agreed that a severance package equal to one year's total compensation would be awarded him if terminated without cause. (FAC, ¶14.)  The seventeen causes of action which were asserted include: breaches of fiduciary duty, fraud, negligent misrepresentation, breach of oral or implied in fact contract, declaratory relief, specific performance, promissory estoppel, reformation, rescission, breach of the implied covenant

of good faith and fair dealing, failure to provide itemized wage statements, failure to pay wages upon discharge, failure to pay reimbursement expenses, and retaliation. (FAC, Causes of Action #1-17).

Swenberg's stockholder claims are also based on his belief that dmarcian and Tim Draegen purportedly misled and deceived Swenberg regarding the alleged plan to fold DBV into dmarcian.[1] Swenberg's stockholder claims arise from his contention that he owns more stock than he obtained by way of a written, unambiguous stock purchase agreement with dmarcian. Swenberg also contends that Tim Draegen took a majority ownership interest in DMA as opposed to dmarcian taking that interest, thereby allegedly presenting some type of conflict of interest. DBV and dmarcian are parties to both actions; however, that is where the overlap ends.

The *Swenberg* case remains pending and is set for trial in the summer of 2025. Admission of the substance of the allegations and assertions made in that case would lead to a trial within a trial in the instant case. At bottom,

---

[1] While there had been plans and discussions about dmarcian Inc. and Defendant DMARC Advisor ("DMA") over the years to merge or combine the entities, those plans fell apart when Defendant baselessly asserted it had IP rights in the software in December 2019. While the planned combination forms the basis for some claims in the *Swenberg Pleadings and Rulings*, it is nothing more than background information here.

Plaintiff seeks to prevent reference during the trial to any court decisions or the substance of the parties allegations, claims or defenses in the *Swenberg* Pleadings and Rulings.

## STANDARD OF ADJUDICATION

Evidence related to the *Swenberg* Pleadings and Rulings should be excluded under Rule 401 and 403 due to lack of relevance and prejudice.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that fails to meet this standard is inadmissible. Fed. R. Evid. 402. Even so, relevant evidence can be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This requires a fact-intensive, context-specific inquiry. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 128 S.Ct. 1140, 170 L.Ed.2d 1 (2008).

## QUESTIONS PRESENTED

I. Whether evidence of the *Swenberg* Pleadings and Rulings should be excluded as inadmissible hearsay?

II. Whether evidence of the *Swenberg* Pleadings and Rulings should be excluded as irrelevant under Rule 401?

III. Whether evidence of the *Swenberg* Pleadings and Rulings should be excluded as unduly prejudicial under Rule 403?

## ARGUMENT

### I. EVIDENCE OF THE *SWENBERG* PLEADINGS AND RULINGS SHOULD BE EXCLUDED AS INADMISSIBLE HEARSAY.

A hearsay exception exists for public records or statements of a public office, including findings in a civil case for a "legally authorized investigation" provided that the opponent does not show that the source of information does not "indicate a lack of trustworthiness." Fed. R. Evid. 803(8). The admissibility of a report under Rule 803(8) is "permissive and not mandatory." *United States v. Gray*, 852 F.2d 136, 139 (4th Cir.1988); *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 264 (4th Cir. 2005).

The *Swenberg* Pleadings should be excluded as inadmissible hearsay. *Park West Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 330 (S.D.N.Y. 2009) (excluding the pleadings from other litigation as inadmissible hearsay and finding that "any probative value of references to the [other litigation] is substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, and waste of time under FRE 403"); <u>Puglisi v. Town of Hempstead Sanitary Dist. No. 2</u>, No. 11-CV-445 (PKC), 2014 WL

12843521, at *3 (E.D.N.Y. Jan. 27, 2014); <u>Shostrom v. Ethicon, Inc.</u>, No. 20-CV-1933-WJM-STV, 2022 WL 2237341, at *2 (D. Colo. June 22, 2022) (holding that the mere fact a lawsuit was filed is not evidence that the claims asserted therein have any merit).

The California court rulings in the *Swenberg* litigation should likewise be excluded. As the Fourth Circuit Court of Appeals held in *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993), the exception in Rule 803(8) does not apply to judicial determinations. In *Nipper*, the plaintiff entered into evidence findings from an order entered in a different court in a separate case concerning a different real estate partnership between the parties, including reading into the record the court's findings about misrepresentations made by the defendant, his failure to disclose material information, his participation in a civil conspiracy, and that his wife had knowingly filed false affidavits in the case – facts so prejudicial that limiting instruction of the court was insufficient to cure the prejudice. *Id.* at 416-18. The court held that judicial findings of fact made in a state court order from another case involving the same parties was impermissible hearsay outside the exception in Rule 803(8), and that its admission at trial was prejudicial, necessitating a vacated judgment and remand for a new trial. *Id.* at 418.

Because the *Swenberg Pleadings and Rulings* do not fit under Rule 803(8), or any other hearsay exception, this Court should exclude all rulings from the *Swenberg* case from evidence.

## II. EVIDENCE OF THE *SWENBERG* PLEADINGS AND RULINGS SHOULD BE EXCLUDED UNDER RULE 401.

The *Swenberg* Pleadings and Rulings are not relevant to this dispute. Rule 401 defines relevant evidence as having "any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence of the *Swenberg* Pleadings and Rulings would not make any fact of consequence more or less probable in this action.

> Courts generally exclude evidence of other lawsuits, even if the other lawsuits are related to the case before the court. *Board of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254 (S.D.N.Y. 2012). Such evidence is excluded because the probative value of the existence of other lawsuits typically is substantially outweighed by the danger of unfair prejudice. *See Figueroa v. Boston Scientific Corp.*, 00-cv-7922, 2003 WL 21488012, at *4 (S.D.N.Y. June 27, 2003). This is particularly true where such evidence consists of pleadings (*i.e.* mere allegations) filed in the other lawsuits. *See Foster v. Berwind Corp.*, 90-CV-0857, 1991 WL 83090, at *1 (E.D. Pa. May 14, 1991) (excluding evidence of other lawsuits on the basis that "the complaints in these other actions are just that: allegations" and "are dispositive of nothing and would confuse the complex issues already present").

<u>Puglisi v. Town of Hempstead Sanitary Dist. No. 2</u>, No. 11-CV-445 (PKC), 2014 WL 12843521, at *2 (E.D.N.Y. Jan. 27, 2014).

The primary dispute in the instant action is DBV's misappropriation of trade secret and confidential information, the break-up between dmarcian and DBV, its use of the dmarcian name, and the terms of the parties' contracts. On the other hand, the *Swenberg* Pleadings and Rulings concerns Swenberg's individual employment claims and his stockholder rights. While both cases deal with the relationship between DBV and dmarcian, and Mr. Swenberg makes as yet unproven allegations of purported wrongdoing by plaintiff and Tim Draegen (as well as Mr. Groeneweg and DMARC Advisor), the *Swenberg* Pleadings and Rulings is of little relevance in this action. At most, it provide background facts in this action, and should the evidence at issue in this motion be excluded, and should any background facts seep their way into this case, if necessary, the Court, if it deems it necessary, can deliver to the jury a brief, curative instruction.

Accordingly, the Court should exclude from the trial any court decisions or party claims or defenses in the *Swenberg Pleadings and Rulings* pursuant to Rule 401.

## III. EVIDENCE OF THE *SWENBERG* PLEADINGS AND RULINGS SHOULD BE EXCLUDED UNDER RULE 403.

Even if some aspect of the *Swenberg* Pleadings and Rulings are marginally relevant, evidence of the *Swenberg* Pleadings and Rulings is unduly prejudicial and should also be excluded under Rule 403. The

evidence of the *Swenberg* Pleadings and Rulings offers little probative value and presents a risk of unfair prejudice to the Plaintiff, misleading the jury, wasting time, and confusing the issues.

It is Fourth Circuit precedent that "judicial findings of fact "present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993). The *Swenberg* Pleadings and Rulings is based on facts and evidence not before the jury and, thus, is prejudicial. *See Barnes v. Montgomery Cnty., Maryland*, No. CV AW-09-CV-2507, 2012 WL 13012421, at *2 (D. Md. July 9, 2012) ("The jury's factual determinations must be based on the evidence and witnesses introduced in *this* trial, not on the statements of a judge relying on the evidence and witnesses introduced at a different trial." (emphasis in original)).

The lack of probative value of the *Swenberg* Pleadings and Rulings in the instant case is apparent. Allegations by *Swenberg* of alleged wrongdoing by dmarcian or Mr. Draegen are just that – allegations. Even if there is a dispute between Mr. Swenberg and Mr. Draegen/dmarcian concerning the decision to transfer ownership rights in Defendant to Tim Draegen rather than dmarcian, it is outside the purview of the claims before this Court to

determine the merits of that action. It would be fundamentally unfair and prejudicial to Plaintiff to allow evidence into this case of unproven allegations of breach of fiduciary duty, fraud and misrepresentation into the instant action to address Mr. Swenberg's dispute over Mr. Draegen's personal ownership of shares in the Defendant.

Addressing those issues in the instant case would require the trial of a case within a case, and it is prejudicial to Plaintiff to give Mr. Swenberg's mere allegations undue credence without allowing a fulsome exploration of that evidence through testimony by all the various witnesses who have direct knowledge of those facts as opposed to admission of evidence of bare pleadings or allegations. *See*, Goldberg v. 401 N. Wabash Venture LLC, No. 09 C 6455, 2013 WL 1499043, at *5 (N.D. Ill. Apr. 11, 2013) (presentation of evidence of other litigation, even if somewhat relevant, excluded under Rule 403 where it would likely be subject to factual dispute and would unnecessarily insert a "mini-trial" into the proceedings of little probative value).

Defendant should not be permitted to offer the *Swenberg* Pleadings and Rulings into evidence, as they have no value to the jury and would be extremely confusing to address an entirely separate, still pending lawsuit within the instant action. Like the Dutch cases, the California case have

10
Case 1:21-cv-00067-MR   Document 414   Filed 01/24/25   Page 10 of 15

limited probative value and serves no purpose but for confusing the jury. *See United States v. Gaudin*, 515 U.S. 506, 514, 115 S. Ct. 2310, 2315–16, 132 L. Ed. 2d 444 (1995); *United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005) (evidence is unfairly prejudicial when it tends to encourage the jury to make findings based on improper reasoning). *See also, United States v. Sine*, 493 F.3d 1021, 1033 (9th Cir. 2007) ("jurors are likely to defer to findings . . . made by an authoritative, professional factfinder rather than determine those issues for themselves.").

Any attempt to exhort a juror to appreciate and comprehend the issues in the *Swenberg* Pleadings and Rulings to attempt to gain an advantage in this matter is prejudicial to Plaintiff; the parties' evidence and the discovery adduced in that action, again, could overlap and seep into this case as background regarding the relationship of the parties in this case. Certainly no California Court decisions should make their way into this case. Should any background facts or some discovery leak into this case and potentially create confusion, the Court can instruct the jury on the proper consideration (or not) of the evidence. Or perhaps the parties can work out a joint statement to the jury advising on the proper consideration of the information provided.

These decisions and documents and information from that case could easily induce jurors to make findings based on improper deference to the California judge's opinion or the *Swenberg* Pleadings and Rulings parties' claims and defenses and create unfair prejudice to Plaintiff. *See United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005) (evidence is unfairly prejudicial when it tends to encourage the jury to make findings based on improper reasoning). Accordingly, the Court should exclude the *Swenberg* Pleadings and Rulings at trial pursuant to Rule 403.

## CONCLUSION

Plaintiff respectfully requests that the Court prevent Defendant DBV from offering or eliciting testimony or evidence at trial comprising court decisions and party claims and defense set forth in the *Swenberg* Pleadings and Rulings.

This the 24th day of January, 2025.

>	*/s/ Pamela S. Duffy*
>	Pamela S. Duffy, N.C.S.B. No. 18329
>	pamela.duffy@elliswinters.com
>	Tyler C. Jameson, N.C.S.B. No. 59348
>	ty.jameson@elliswinters.com
>	Ellis & Winters LLP
>	PO Box 2752
>	Greensboro, NC 27402
>	Telephone: (336) 217-4193
>	*Attorneys for Plaintiff*

OF COUNSEL:
*/s/ David Dorey*
David Dorey, DE #5283
Blank Rome, LLP
David.dorey@BlankRome.com
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6418

## AI CERTIFICATION

Undersigned counsel hereby certified that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 24th day of January, 2025.

/s/ Pamela S. Duffy
Pamela S. Duffy, N.C.S.B. No. 18329
*pamela.duffy@elliswinters.com*
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorney for Plaintiff*

## *CERTIFICATE OF SERVICE*

I hereby certify that the foregoing **BRIEF** was served upon counsel for all other parties to this action listed below by efiling a copy of the same utilizing the Western District of North Carolina's efiling system:

Mr. Pressly M. Millen
press.millen@wbd-us.com
Mr. Samuel B. Hartzell
Sam.hartzell@wbd-us.com
Womble Bond Dickinson (US) LLP
P O Box 831
Raleigh, NC 27602

*Attorneys for DMARC ADVISOR BV,
f/k/a dmarcian Europe BV*

This the 24th day of January, 2025.

/s/ Pamela S. Duffy
Pamela S. Duffy, N.C.S.B. No. 18329
*pamela.duffy@elliswinters.com*
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorney for Plaintiff*