## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## Case No. 1:21-cv-00067-MR

| | | |
|---|---|---|
| DMARCIAN, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **BRIEF IN SUPPORT OF** |
| | ) | **DEFENDANT'S CONSENT** |
| | ) | **MOTION TO EXPEDITE** |
| DMARC ADVISOR BV, | ) | **BRIEFING AND DECISION** |
| f/k/a dmarcian Europe BV, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

Defendant DMARC Advisor BV files this brief in support of its Consent Motion to Expedite Briefing and Decision.

## BACKGROUND

After a falling out over intellectual property, Plaintiff filed suit against DMARC Advisor. [Doc. 401, pp. 2-4]. This Court issued a preliminary injunction against DMARC Advisor on May 26, 2021, which was ultimately affirmed. *dmarcian, Inc. v. dmarcian Europe BV*, 60 F.4th 119, 147 (4th Cir. 2023). While the appeal was pending, this Court held DMARC Advisor in contempt and awarded sanctions. [Doc. 401, pp. 4-5]. The Fourth Circuit modified the contempt order by ordering this Court to recalculate sanctions. *dmarcian*, 60 F.4th at 148.

On remand, this Court vacated its sanctions ruling because the United States Supreme Court held that the trademark statutes cannot apply extraterritorially,

*Abitron Austria GmbH v. Hetronic International, Inc.*, 600 U.S. 412 (2023), which "undercut the basis for this Court's and the Fourth Circuit's rulings, and thus necessitated the vacating of the sanctions entered thereon."  [Doc. 401, p. 26 n.7]. This Court issued new contempt and sanctions orders holding DMARC Advisor and its American lawyer in contempt and sanctioning both.  [Doc. 401, pp. 28-29].  It also issued a new preliminary injunction.  [Doc. 403].

DMARC Advisor and Pressly M. Millen timely appealed the contempt orders, sanctions, and preliminary injunction.  [Doc. 405, 407].  DMARC Advisor filed its Motion to Stay and Brief in Support on 31 January 2025.  [Doc. 432, 433].

DMARC Advisor respectfully requests an expedited briefing and decision in light of the imminent trial, which is scheduled for March 10, 2025.

DMARC Advisor consulted with counsel for Plaintiff before filing its motion to expedite.  While Plaintiff does not consent to the stay, it does agree that the parties would benefit from swift resolution of the stay issue, one way or the other.  To that end, Plaintiff consents to the relief sought in this motion to expedite, and agrees to the briefing schedule set forth in the motion to expedite.

## **ARGUMENT**

Under Local Rule 7.1(e), parties must respond to motions no more than fourteen (14) days from the date the motion is filed.  Replies are due seven (7) days after the response.  However, this Court may expedite the briefing schedule for good

cause.  *See Jones v. Warden*, No. 5:24-CV-00505, 2024 WL 4445971, at *1 (S.D. W. Va. Oct. 8, 2024).

Trial is currently scheduled for this Court's term starting on March 10, 2025. [Text-Only Order of October 7, 2024].  Unless this Court rules on the Motion to Stay sufficiently in advance of trial, the uncertainty will prejudice both parties.  Without knowing whether the trial will stay on the schedule, both parties will be forced to prepare for trial even though it may well be cancelled.  By ruling as quickly as possible, this Court will enable DMARC Advisor and Plaintiff either (a) not to incur the expense of unnecessary trial preparation or (b) to confirm that they should both prepare in earnest.

Moreover, should this Court decline to issue a stay, DMARC Advisor will have to seek a stay from the Fourth Circuit.  That will cause additional uncertainty and delay.

## **CONCLUSION**

Therefore, DMARC Advisor respectfully requests this Court adopt the expedited briefing and decision schedule set forth in DMARC Advisor's Motion to Expedite Briefing and Decision.

Dated: February 3, 2025       Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Samuel B. Hartzell
Samuel B. Hartzell, NC State Bar No. 49256
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
919-755-2112
Sam.Hartzell@wbd-us.com

*Counsel for Defendant DMARC Advisor BV*

**CERTIFICATION ON USE OF ARTIFICIAL INTELLIGENCE**

I certify in accordance with the Court's Standing Order on the Use of Artificial Intelligence, No. 3:24-mc-00104-MR, that (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and (2) every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: February 3, 2025        /s/ Samuel B. Hartzell
                                      Samuel B. Hartzell