# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:21-cv-00067-MR

DMARCIAN, INC.,        )
                                         )
            Plaintiff,      )
                                           )
     vs.                     )           <u>ORDER</u>
                                           )
DMARC ADVISOR BV,       )
formerly known as dmarcian   )
Europe BV,                  )
                                           )
            Defendant.     )
_____ )

**THIS MATTER** is before the Court on the Defendant's Motion to Stay. [Doc. 432].

## I.    BACKGROUND

This case arises from a dispute between the Plaintiff dmarcian, Inc., an American company, and the Defendant DMARC Advisor BV, formerly known as dmarcian Europe BV, a Dutch company, over the ownership, licensing, and distribution of certain computer code (the "Software"), which was the subject of a January 2016 oral agreement between the parties.  [Doc. 26-1 ¶¶ 16-18; Doc. 26-6 at ¶ 2.18].

The Court has recounted the factual and procedural background of this case in several prior Orders, and such will not be repeated here.  Of

relevance to the present motion, this case was finally scheduled for trial, after several continuances, during the March 10, 2025, trial term, with a final pretrial conference scheduled for February 7, 2025.

The present motion relates to the Court's December 20, 2024 rulings which (1) held the Defendant in civil contempt for failing to comply with the Court's June 27, 2023 Order and ordered the Defendant to pay the Plaintiff $400,000 for fees and expenses incurred as a result of the Defendant's contemptuous conduct [Doc. 401]; (2) held the Defendant's lead counsel, Pressly Millen, in civil contempt for failing to comply with the Court's June 27, 2023 Order and suspended his admission to the bar of this Court for the pendency of the present action or until purged by compliance with that prior Order [Doc. 401]; and (3) amended the Preliminary Injunction [Doc. 403]. The Defendant filed a Notice of Appeal of these Orders on January 17, 2025. [Doc. 405].[1] On January 31, 2025, fourteen days after the Notice of Appeal was filed and one week prior to the final pretrial conference, the Defendant filed the present motion, seeking to stay all further litigation pending resolution of its latest appeal. [Doc. 432]. The Court heard oral argument from the parties on this motion at the final pretrial conference on February 7,

_____

[1] Mr. Millen filed a separate Notice of Appeal challenging the Court's Order holding him in civil contempt. [Doc. 407].

2

2025. In light of certain issues that remained regarding the scheduling the examinations of certain Dutch witnesses,[2] as well as some other discovery issues that have arisen between the parties, the Court continued the trial to May 13, 2025, and took the present motion under advisement. This Order now follows.

## II. DISCUSSION

The standard for consideration of a motion to stay litigation pending an interlocutory appeal is substantially similar to the standard governing a request for preliminary injunction. <u>Nken v. Holder</u>, 556 U.S. 418, 434 (2009). The Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987). The first two factors are the most critical to the inquiry. <u>Nken</u>, 556 U.S. at 434.

---

[2] The Court notes that the Defendant's Dutch counsel, Mr. Meijboom, urged the Dutch Court to continue the examination of these witnesses from the original setting of February 11, 2025, stating that it was "plausible that the trial will be postponed as a result of the appeal and the request for adjournment, thus significantly reducing the urgency with which the present witness examination[s] should take place…" [Doc. 442-11 at 1: Meijboom Email dated Feb. 4, 2025].

3

In seeking a stay of all further litigation, the Defendant argues that the "disqualification" of its chosen counsel just weeks before trial has caused the Defendant extreme prejudice. The Court, however, did not disqualify Mr. Millen; rather, he was held in civil contempt for material misrepresentations that he made in a parallel proceeding regarding what has transpired in this case. The Court provided Mr. Millen an opportunity to purge that contempt in a simple manner—by submitting an additional affidavit correcting his misrepresentations—which would thereby allow him to continue his representation of the Defendant. As such, the prejudice that the Defendant claims is one that could easily be cured. Having considered the posture of the cases being so close to trial as it was, the Court treated Mr. Millen very leniently in order to give the Defendant the opportunity to avoid any prejudice. For whatever reason, Mr. Millen has chosen not to remedy his error and instead filed the present appeal. The prejudice claimed by the Defendant is entirely of counsel's own making.

The Defendant further contends that the appeal of the Second Amended Preliminary Injunction necessitates a stay of the trial. The Court notes, however, that regardless of the trial's outcome, any preliminary injunctive relief that has been awarded will end as of the entry of judgment. The trial is currently scheduled for May 12, 2025, which the Court anticipates

4

will be well in advance of the conclusion of the Defendant's appeal. Thus, any prejudice suffered by the Defendant arising from the enforcement of the Second Amended Preliminary Injunction would only be **extended** by the granting of the requested stay, which is potential prejudice that the Court endeavors to avoid.

Turning now to the <u>Nken</u> factors, the Court finds that the Defendant has failed to make a strong showing of a likelihood of prevailing on its appeal. With respect to the appeal of the contempt order, the Court notes that such appeal is of very questionable appellate jurisdiction. As the Supreme Court has held, "orders disqualifying counsel in civil cases. . .are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291." <u>Richardson-Merrell, Inc. v. Koller</u>, 472 U.S. 424 (1985). Here, as is discussed <u>supra</u>, the Order holding Mr. Millen in civil contempt did not even rise to the level of disqualification. Even if the Court of Appeals were to entertain the Defendant's appeal of this order, the Defendant has failed to demonstrate that it is likely to prevail on its argument that this Court erred in suspending Mr. Millen during the pendency of this action and providing him a path reinstatement through the purging of his contempt. The Court acted well within its scope of its inherent power to address the refusal of the Defendant and its counsel to fully comply with the Court's prior order

directing that counsel rectify the misrepresentations made to the Dutch Court about this Court's proceedings.

As for the Defendant's appeal of the Second Amended Preliminary Injunction, any likelihood of success that the Defendant may be able to show is rendered moot by the fact that the preliminary injunctive relief that has been awarded will terminate upon the entry of a final judgment in this case.

Turning now to the issue of irreparable harm, the Court finds that the risk of irreparable harm would only be increased by implementing a stay of this litigation pending the resolution of the Defendant's appeal. As for the potential injury to the Plaintiff, the Court finds that issuing the requested stay would substantially harm the Plaintiff, as it would only delay the resolution of this litigation even further. A delay also would have potential adverse consequences to the Dutch proceedings. After the Plaintiff was forced to defend the Dutch litigation on the merits for many months due to the Defendant's misrepresentations about the status of this case, the Dutch Court ultimately stayed the Dutch case pending a ruling in this case. It seems likely that if this case is stayed on appeal that the Defendant will again attempt to resume proceedings in the Netherlands on the argument that the case on the merits here is delayed, requiring the Plaintiff to incur even more expense and effort in the Dutch case.

6

Finally, the Court finds that the public has an interest not only in the expeditious conclusion of litigation, but also an interest in ensuring that disingenuous statements made by those involved in litigation are addressed appropriately.

For all of these reasons, the Court in the exercise of its discretion denies the Defendant's Motion.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Stay [Doc. 432] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 5, 2025

Martin Reidinger
Chief United States District Judge

7