IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.: 1:21-CV-00067

DMARCIAN, INC.,

Plaintiff,

v.

DMARC ADVISOR BV,
f/k/a dmarcian Europe BV,

Defendant.

**PLAINTIFF'S REPLY BRIEF IN
SUPPORT OF MOTION TO
SUPPLEMENT COMPLAINT**

---

Plaintiff dmarcian, Inc. respectfully submits this reply brief in support of its

Motion to Supplement Complaint. (ECF No. 464.)

## INTRODUCTION

Plaintiff initiated this lawsuit over five years ago. (*See* ECF No. 1, Complaint

filed Mar. 12, 2021.) The delay in proceeding to trial is in large part due to

Defendant's misrepresentations to a Dutch court in a parallel proceeding about this

case, the failure to correct them, and the resulting motions and appeals from that

misconduct. (*See generally* ECF No. 401 at 25.) The trial of this action, most

recently set to occur over a year ago, is currently administratively stayed under order

of the Fourth Circuit, ECF No. 456, while Defendant and its counsel Pressly Millen

appeal various interlocutory orders, many of which are subject of Plaintiff's pending motions (before the Fourth Circuit) to dismiss for lack of appellate jurisdiction.

In a case that has been pending for so long, naturally new events may arise which warrant a supplemental pleading. Federal Rule of Civil Procedure 15(d) accounts for such an occurrence, allowing "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." On April 21, 2026, Plaintiff obtained a new trademark registration for the exact same mark that has been continuously used in commerce since 2012 and has been at issue in this case since its inception. The proposed supplementation does not alter the operative facts, the infringing conduct, the parties, the evidence concerning Defendant's infringing conduct, or Plaintiff's common law trademark claims. Defendant's opposition brief overstates the significance of the new registration (again, for the same mark) and contains various irrelevant arguments including arguments about Plaintiff's corporate status in North Carolina which have no bearing on its ability to maintain suit in federal court under federal question jurisdiction and no bearing on the motion at hand.

**ARGUMENT**

## I.     Supplementation of the Complaint is warranted.

"The Fourth Circuit has held that supplemental pleadings are '[s]o useful ... and of such service in the efficient administration of justice that they ought to be

allowed as of course, unless some particular reason for disallowing them appears.'"

*Ashton v. City of Concord, N.C.*, 337 F. Supp. 2d 735, 740 (M.D.N.C. 2004) (quoting *New Amsterdam Cas. Co. v. Waller,* 323 F.2d 20, 28-29 (4th Cir.1963)).  Plaintiff's proposed amended pleading does not introduce any new causes of action and amends only a limited number of allegations to address the new registration.  ECF No. 464-5.  The amendment is not futile, the result of undue delay, or prejudicial to Defendant.

The events giving rise to supplemental arose well after the motions' deadline expired.  As explained in Mr. Draegen's declaration, the cancellation occurred after he inadvertently overlooked one email sent by trademark counsel buried in a series of communication about invoices.  This oversight does not demonstrate a lack of diligence.

Defendant notes that the proposed complaint omits the additional claim added in the Third Amended Complaint (Doc. 362) and fails to address the Court's dismissal of the claims under a written contract and for copyright infringement. (Doc. 467 at 20).  Plaintiff did not intend by its proposed amended complaint to seek reconsideration of the dismissed claims, but does wish to preserve those claims for purposes of appeal.  Attached hereto as **Exhibit A** is a corrected proposed pleading which includes the additional request from the prayer for relief in the Third Amended

3

Complaint and makes clearer its position on the dismissed claims. These clarifications are reflected in the yellow highlighted portions of **Exhibit A** hereto.

**II.** **The proposed amendment does not materially alter the Lanham Act section 32 infringement claim under the prior registration and is not futile.**

Plaintiff's proposed amendment does not change the thrust of Plaintiff's infringement claim. Defendant argues that the amendment is futile because the allegations of infringing conduct center on conduct occurring from 2019 through 2021. ECF No. 467 at 17. But those allegations remain relevant and are not affected by the new registration. Plaintiff's claim for infringement of a registered mark under 15 U.S.C. § 1114 still concerns Defendant's infringement of the same mark that was previously registered. The cancellation of that registration only has prospective, not retroactive, effect. *See Solo Cup Operating Corp. v. Lollicup USA, Inc.*, No. 16 C 8041, 2017 WL 3581182, at *4 (N.D. Ill. Aug. 18, 2017) ("Even if Lollicup succeeds in obtaining cancellation of the trademark registration, such cancellation would be prospective and would not retroactively render Solo Cup's past use false or misleading."); *see also Betterbox Commc'ns Ltd. v. BB Techs., Inc.*, 300 F.3d 325, 332 n.3 (3d Cir. 2002) ("Even if the proceeding results in a cancellation, the cancellation does not typically have retroactive effect. Absent contrary direction from the PTO, the registration was valid until canceled.").

4

Use of the term "downloadable" in the new registration is explained by developments in trademark goods and services identification procedures. In the original registration (No. 5702379), attached hereto as **Exhibit B**, the mark in question was registered under Class 9, which is reserved for an "[e]lectrical and scientific apparatus." Ex. B; *see also Goods and services*, Trademark ID Manual, https://idm-tmng.uspto.gov/id-master-list-public.html. The original registration identified the goods classified under Class 9 as "Software for ensuring the security of electronic mail." Ex. B. The application for the original registration was published for opposition on January 1, 2019. *Id.* At the time, its identification as "software," standing alone, was clear and acceptable, and the mark was registered on the Principal Register on March 19, 2019. *Id.*

The same day the application for the original registration was published for opposition, January 1, 2019, rules for identifying software in trademark applications changed; indeed,

> for applications filed <u>on or after</u> January 1, 2019, identifications for computer programs or computer software in Class 9 must indicate that the goods are "recorded" or "downloadable" . . . based on the inclusion of "computer programs, downloadable," "computer game software, recorded," and "computer game software, downloadable" in the Nice Alphabetical List in Class 9 and the amendment of the wording "computer software" to "recorded and downloadable . . . computer software" in the Class Heading for Class 9.

*TMEP 1402.03(D): Identifying Recorded or Downloadable Computer Programs and Software*, Bitlaw, https://www.bitlaw.com/source/tmep/1402-03-d.html (last

5

visited May 31, 2016) (second alteration in original); *see also* Nice Classification, 11th edition, version 2019 (NCL 11-2019).

Accordingly, when the application was filed in 2026 for the new registration (Reg. No. 8,222,804), ECF No. 467-5, it was required to denote whether the software in question was "downloadable" or "recorded," despite the application relating to the same mark as the original registration under Class 9. In other words, whereas this detail was not necessary when the original registration was applied for in 2019, it was <u>required</u> in 2026. *See* TMEP § 1402.03(d).

As to Defendant's contention that the new registration is distinct from the original registration by way of its reference to Section 2(f) for acquired distinctiveness, it is of no moment. Just like in the original registration, the mark in the new registration was issued on the Principal Register. *Compare* Ex. B *with* ECF No. 464-4. Accordingly, the same mark now benefits from the same rights as it did in 2019, in that its placement on the Principal Register:

> (1) serves as constructive notice of the [Plaintiff]'s claim of ownership of the mark; (2) is prima facie evidence of the validity of the registered mark and of the registration of the mark, of the [Plaintiff]'s ownership of the mark, and of the [Plaintiff]'s exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, and (3) can make [the] mark incontestable once [it] has been registered for five years.

*See Matal v. Tam*, 582 U.S. 218, 226–27 (2017) (quotations omitted). That the two registrations are substantively the same is further underscored by the fact that, during

the pendency of the application for the new registration, a petition to "make special"—*i.e.*, expedite the application process—was filed on the grounds of inadvertent abandonment of the original registration and "to return the mark to active registration" "as soon as possible," ECF No. 467-6.

Plaintiff's new registration does not undermine the uncontested fact that Plaintiff has continuously used the same exact mark in commerce for the same exact purpose since 2012. For this reason, supplementing Plaintiff's Complaint would be immaterial to Defendant's rights and defenses in the underlying action.

## III. False designation claims under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), do not require a registered mark.

Defendant further seeks to use the new registration to undermine Plaintiff's claim under 15 U.S.C. § 1125(a). "Section 43(a) of the Lanham Act, which prohibits the use of false descriptions, representations, or designations of origin, generally has been construed to protect against trademark, service mark, and trade name infringement *even though the mark or name has not been federally registered*." *Perini Corp. v. Perini Const., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (emphasis added). In any event, the common law infringement and Section 1125 claims are not the subject of the proposed amendments and there is no basis to dismiss those claims based simply on Defendant's response brief.

**IV. Defendant's arguments about corporate status have no bearing on whether Plaintiff should be permitted to supplement its Complaint.**

Defendant's response brief contains an irrelevant discussion of Plaintiff's corporate status with respect to North Carolina Department of Revenue and Secretary of State filings. ECF No. 467 at 16. This is a red herring which has no bearing on the motion to supplement the complaint or any other issue in this case, and no discovery is warranted on this issue as Defendant asserts. (Doc. 467 at 16).

Plaintiff is a Delaware corporation with a valid Delaware charter. See **Exhibit C** hereto. This case was commenced under federal question jurisdiction with supplemental jurisdiction over the state law claims. (Second Amended Complaint, Doc. 51, ¶ 5.) A certificate of authority is not needed for a corporation to maintain suit in federal court under federal question jurisdiction. *See* N.C.G.S. § 55-15-02(a); *cf. Public Citizen, Inc. v. Miller*, 813 F. Supp. 821, 826 n.5 (N.D. Ga. 1993) (holding that Georgia's analogous statute "does not apply to federal courts in the state of Georgia when exercising federal question jurisdiction"); *see also Rock-Ola Mfg. Corp. v. Wertz*, 249 F.2d 813, 814 (4th Cir. 1957) (explaining that state qualification requirements apply in federal court in diversity jurisdiction cases).

Even if North Carolina law were controlling on this point (which it is not), a "revenue suspension does not end a corporation's capacity to sue" *S. Mecklenburg Painting Contractors, Inc. v. Cunnane Group, Inc.*, 134 N.C. App. 307, 311, 517 S.E.2d 167, 169 (1999) (quotation and citation omitted), nor does it take away a

8

corporation's "power to protect its property in a court of law."  *Raleigh Swimming Pool Co. v. Wake Forest Country Club*, 11 N.C. App. 715, 716, 182 S.E.2d 273, 274 (1971).  Further, reinstatement cures suspension retroactively.[1]  N.C.G.S. § 105-232.  Similarly, even if this case had been brought under diversity jurisdiction, a certificate of authority must merely be obtained prior to trial.  N.C.G.S. § 55-15-02(a); *see also Curtiembre Becas, S.A. v. Arpel Leather Corp.*, No. 1:05cv622, 2006 WL 8446029 (M.D.N.C. June 12, 2006) (further clarifying that the statute's temporal requirement).  Defendant is not entitled to, and has no need for, "discovery into dmarcian's corporate status, the scope of the suspension and revocation, and whether dmarcian has taken any steps to cure these deficiencies[.]"  ECF No. 467 at 16.

---

[1] Plaintiff has been and is working diligently on addressing the corporate status issues in North Carolina and expects its authority to do business in North Carolina to be reinstated well in advance of trial.  Plaintiff can provide further information about the circumstances if the Court so desires, but as discussed herein, Plaintiff's ability to maintain this action is not in question.

**CONCLUSION**

Plaintiff respectfully requests that the Court grant its Motion to Supplement Complaint.

This the 2nd day of June, 2026.

/s/ Pamela S. Duffy
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff*


OF COUNSEL:
/s/ David Dorey
David Dorey, DE #5283
Blank Rome, LLP
David.dorey@BlankRome.com
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6418
*Attorney for Plaintiff*

10

## AI CERTIFICATION

Undersigned counsel hereby certifies that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 2nd day of June, 2026.

/s/ Pamela S. Duffy
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorney for Plaintiff*

11