# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### Case No. 1:21-cv-00067-MR

|  |  |  |
|---|---|---|
| DMARCIAN, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| v. | ) | **DEFENDANT'S CONSENT** |
| | ) | **MOTION FOR LEAVE TO FILE** |
| DMARC ADVISOR BV, | ) | **SURREPLY** |
| f/k/a dmarcian Europe BV, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

Defendant DMARC Advisor BV respectfully submits this brief in support of its consent motion for leave to file the surreply attached to that motion.

## BACKGROUND

On May 5, 2026, Plaintiff filed its Motion to Supplement Complaint. ECF No. 464. DMARC Advisor opposed the motion, ECF No. 467, and Plaintiff filed its reply on June 2, 2026, ECF No. 470.

Plaintiff's reply raised two matters for the first time. It advanced a new argument that the Trademark Manual of Examining Procedure required Plaintiff to designate its software as "downloadable" when it refiled its latest trademark registration. See ECF No. 470 at 5–7. And Plaintiff relied on a corrected version of its proposed supplemental pleading—the exhibit on which the motion depends—

which Plaintiff first sought to submit with the reply. *See* ECF No. 470-1; *see also* ECF No. 471-1; Text-Only Order (June 18, 2026). The proposed surreply addresses these two new matters.

**STANDARD OF REVIEW**

Surreplies are not permitted as of right. Under this Court's Local Rules, surreplies "are neither anticipated nor allowed by this Rule, but leave of Court may be sought to file a surreply when warranted." LCvR 7.1(e). As this Court has explained, leave is warranted where "fairness dictates based on new arguments raised in the previous reply." *Frankenmuth Mut. Ins. Co. v. Nat'l Bridge Builders, LLC*, No. 1:22-CV-00024-MR-WCM, 2023 WL 2824897, at *1 (W.D.N.C. Jan. 25, 2023) (quoting *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010)).

**ARGUMENT**

The Court should permit DMARC Advisor to file the attached surreply so that DMARC Advisor can respond to the two issues raised for the first time in Plaintiff's reply.

Plaintiff consents to this request. In its consent motion to substitute the corrected reply exhibit, Plaintiff agreed that DMARC Advisor could file a surreply "limited to five pages," addressing the substituted exhibit and Plaintiff's use of the term "downloadable." ECF No. 471 ¶ 6. The attached surreply does that and no

2

more.  Granting leave will neither prejudice Plaintiff nor delay resolution of its motion.

## CONCLUSION

For these reasons, DMARC Advisor respectfully requests that the Court grant it leave to file the attached surreply.

Dated: June 24, 2026          Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Samuel B. Hartzell
Samuel B. Hartzell, NC State Bar No. 49256
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
919-755-2112
Sam.Hartzell@wbd-us.com

*Counsel for Defendant DMARC Advisor BV*

3

# CERTIFICATION ON USE OF ARTIFICIAL INTELLIGENCE

I certify in accordance with the Court's Standing Order on the Use of Artificial Intelligence, No. 3:24-mc-00104-MR, that (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and (2) every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: June 24, 2026          /s/ Samuel B. Hartzell
                              Samuel B. Hartzell