# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00067-MR

| | | |
|---|---|---|
| DMARCIAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| DMARC ADVISOR BV, | ) | |
| f/k/a dmarcian Europe BV, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Supplement the Complaint [Doc. 464].

## I. BACKGROUND

This case arises from a dispute between the Plaintiff dmarcian, Inc., an American company, and the Defendant DMARC Advisor BV, formerly known as dmarcian Europe BV, a Dutch company, over the ownership, licensing, and distribution of certain computer code (the "Software"), which was the subject of a January 2016 oral agreement between the parties. [Doc. 26-1 ¶¶ 16-18; Doc. 26-6 at ¶ 2.18]. The Plaintiff originally brought this action in March 2021, asserting claims of copyright, trade secrets, trademark infringement, and related state claims stemming from the Defendant's

alleged infringement and misuse of the Plaintiff's intellectual property, including the "DMARCIAN" trademark, which the Plaintiff registered in 2019. [Doc. 1]. The Complaint was later amended on three occasions, with the last amendment filed on May 8, 2024. [See Doc. 362].[1]

This case has a tortured procedural history, which the Court has exhaustively recounted in other Orders and will not repeat here. Suffice it to say, the Court's Case Management Order, as amended, set a deadline of January 10, 2024 for "[a]ll motions except motions in limine and motions to continue." [Doc. 133 at 6; Doc. 207 at 2; Doc. 258 at 3; Text-Only Order entered Dec. 21, 2023]. Following the resolution of the parties' dispositive motions [Doc. 360], as well as a contempt issue [Doc. 401], the matter was finally scheduled for trial to take place during the May 2025 trial term. [See Doc. 452: Tr. of Feb. 7, 2025 Final Pretrial Conf.]. Shortly before the trial was to take place, however, on April 17, 2025, the Court of Appeals for the Fourth Circuit entered an order administratively staying the trial of this matter

---

[1] In granting the Plaintiff leave to file a Third Amended Complaint, the Court directed the Plaintiff to "file a Third Amended Complaint in conformity with [its] Order." [Doc. 357 at 11]. The Plaintiff, however, did not comply with the Court's directives and instead filed a one-paragraph "Amendment" to its Second Amended Complaint on May 8, 2024. [Doc. 362]. This sort of piecemeal amendment to the pleadings is strongly discouraged, as it creates confusion as to which version of the Complaint should be considered to be the operative pleading. For the sake of simplicity, the Court will refer to Document 362 as the Plaintiff's "Third Amended Complaint," even though it is in fact only a piecemeal amendment to the Plaintiff's Second Amended Complaint.

pending resolution of the Defendant's appeal of various pretrial Orders of this Court. [Doc. 456]. On July 10, 2026, the Court of Appeals disposed of the Defendant's appeals and lifted the administrative stay of the trial. To date, the mandate has not yet issued.

The present motion arises from events that began in March 2024, when the USPTO notified the Plaintiff, through its trademark counsel, that the Plaintiff was required to file a "Declaration of Use and/or Excusable Nonuse Under Section 8 (Section 8 Declaration) between now and March 19, 2025." [Doc. 467-2; see also Doc. 465: Draegen Decl. at ¶ 1]. In this Notice, the USPTO warned the Plaintiff that if it failed to file the required declaration, its trademark "**registration will be CANCELLED** and cannot be reinstated." [Id.] (emphasis in original).

On October 3, 2025, the Plaintiff received notice that its 2019 trademark registration had been cancelled due to the Plaintiff's failure to submit a timely Section 8 Declaration. [Doc. 464-2]. The Plaintiff applied for a new trademark registration in November 2025 [Doc. 464-3], and the USPTO issued a new trademark registration on April 21, 2026. [Doc. 464-4].

The Plaintiff did not immediately alert the Defendant or the Court of the cancellation of its trademark registration. Instead, the Plaintiff filed the

3

instant motion on May 5, 2026, two weeks after a new trademark registration was issued, seeking to supplement its Third Amended Complaint. [Doc. 464; Doc. 470-1 at ¶¶ 45–49, 71, 103, 224]. Specifically, the Plaintiff moves to supplement its operative Complaint to read, in pertinent part, as follows:

> Plaintiff is the owner of the federally registered trademark DMARCIAN®. Plaintiff first used this trademark in 2012, which use has continued uninterrupted ever since. The mark was first registered with the United States Patent and Trademark Office from 2019. (A copy of the federal registration is attached hereto as **Exhibit A**) (Federal Trademark Registration #1). Federal Trademark Registration #1 was cancelled on October 3, 2025 due to inadvertence in failing to timely file a Section 8 Declaration of Continued Use, but was promptly refiled on November 11, 2025. A new registration for Plaintiff's Mark issued on April 21, 2025 under Reg. No. 8,222,804, a copy of which is attached hereto as **Exhibit J** (Federal Trademark Registration #2).

[Doc. 464-5 at ¶ 45].

On May 19, 2026, the Defendant filed a Response opposing the motion. [Doc. 467]. On June 2, 2026, the Plaintiff filed a Reply. [Doc. 470]. On June 24, 2026, with leave of Court, the Defendant filed a Surreply. [Doc. 474]. Having been fully briefed, this matter is now ripe for consideration.

## II. DISCUSSION

The Plaintiff seeks to supplement its Complaint well after the motions deadline has passed. Rule 16(b) of the Federal Rules of Civil Procedure

states that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "A finding of good cause under Rule 16 depends on the diligence of the party seeking amendment."  Eichin v. Ethicon Endo-Surgery, LLC, 173 F.4th 124, 127 (4th Cir. 2026) (citation omitted).

Here, the Plaintiff has not acted diligently.  As an initial matter, this issue arose only because of the Plaintiff's lack of diligence in failing to timely submit the necessary paperwork to the USPTO.  The Plaintiff was on notice as early as March 2024 that a Section 8 Declaration needed to be submitted in order to avoid the cancellation of its 2019 trademark registration.  Nevertheless, the Plaintiff failed to act, and the registration was canceled.

Once the Plaintiff received notice of the cancellation of its 2019 trademark registration, the Plaintiff still failed to act with diligence, both in rehabilitating its trademark registration and notifying the Defendant and this Court of these developments.  The Plaintiff received notice of the cancellation on October 3, 2025, but did not apply for a new registration until more than a month later on November 11, 2025.  Further, the Plaintiff did not apprise either the Defendant or the Court of these developments as they occurred.  Once the USPTO issued a new trademark registration five months later, the Plaintiff still waited a full two weeks to notify the Defendant and the

Court of these events and to seek supplementation of the Complaint. The Plaintiff simply has not acted diligently, and thus, the Court concludes that the Plaintiff has failed to show the good cause required to supplement its Complaint at this late juncture.

Even if the Plaintiff had acted in a more diligent manner, the requested supplementation still would not be warranted. Rule 15(d) of the Federal Rules of Civil Procedure authorizes the Court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court reviews a Rule 15(d) motion under essentially the same standard as a Rule 15(a) motion to amend. See Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). Thus, leave to supplement may be denied "when it has been unduly delayed," "when allowing the motion would prejudice the nonmovant," or when there is "bad faith or futility." Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 439 (4th Cir. 2011).

Here, the Plaintiff's proposed supplement comes effectively on the eve of trial. Discovery has closed, and dispositive motions have been briefed and ruled upon. Simply supplementing the factual allegations set forth in the Plaintiff's Complaint at this late juncture does nothing to advance this

6

litigation. Regardless of whether such allegations are included in the Plaintiff's Complaint, the parties may endeavor to introduce evidence at trial regarding the cancellation of the 2019 registration and the issuance of a new trademark registration, to the extent that such matters are relevant to the issues to be tried.[2] In that respect, the Plaintiff's motion to supplement its Complaint is simply unnecessary and is therefore also denied under Rule 15(d).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Supplement the Complaint [Doc. 464] is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed: July 11, 2026

Martin Reidinger
Chief United States District Judge

---

[2] The Plaintiff contends that, with the proposed supplementation, "nothing will change as to the Lanham Act claims except that there is a new registration number and issuance date which will be submitted to the jury for consideration of a permanent injunction . . . ." [Doc. 464 at 2]. The Plaintiff's argument reflects a misunderstanding of the jury's role in awarding equitable relief. In the event that the Plaintiff prevails on its trademark claims, the issuance of a permanent injunction would be an issue for the Court to decide, not the jury.