**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Case No. 1:21-cv-00067-MR**

| | |
|---|---|
| DMARCIAN, INC., *Plaintiff*, v. DMARC ADVISOR BV, f/k/a dmarcian Europe BV, *Defendant*. | **BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT DMARC ADVISOR BV** |

Womble Bond Dickinson (US) LLP and its attorneys of record ("Movants") ask the Court's leave to withdraw as counsel for Defendant DMARC Advisor BV. Movants and DMARC Advisor have a fundamental disagreement regarding the conduct of this litigation, and withdrawal can be accomplished without material adverse effect on DMARC Advisor's interests.

## ARGUMENT

Local Civil Rule 83.1(f) permits withdrawal without a client's consent on a motion "showing good cause for the withdrawal." Good cause exists here on two independent grounds, each drawn from the North Carolina Rules of Professional Conduct—the professional-conduct standard this Court enforces. *See* LCvR 83.2(a).

## I. Counsel and Client Have a Fundamental Disagreement Regarding the Conduct of This Litigation.

This Court's local rules permit withdrawal on "good cause." LCvR 83.1(f). Good cause exists here because Movants and DMARC Advisor have a fundamental disagreement about the conduct of this litigation, and efforts to resolve that disagreement have failed. *See Strickland v. Moritz*, 149 F.4th 378, 407 (4th Cir. 2025) (recognizing that a court in this District "would have been within its discretion to find good cause based on pro bono counsel's representation of irreconcilable differences and based on Strickland's failure to object to withdrawal"); *cf.* N.C. R. Prof'l Conduct 1.16(b)(4) (permitting withdrawal where there is a "fundamental disagreement" about a proposed course of action).

## II. Withdrawal Can Be Accomplished Without Material Adverse Effect on DMARC Advisor's Interests.

The North Carolina Rules of Professional Conduct also permit a lawyer to withdraw where "withdrawal can be accomplished without material adverse effect on the interests of the client." N.C. R. Prof'l Conduct 1.16(b)(1). It can be here. No trial date has been set, and Movants gave DMARC Advisor written notice of their intent to withdraw on August 20, 2026, urging it to retain successor counsel immediately.

This Court has managed similar transitions before. In *Mountain Land Properties, Inc. v. Lovell*, the Court granted counsel's motion to withdraw and

directed the corporate plaintiff to retain new counsel within ten days of the order. 46 F. Supp. 3d 609, 614 (W.D.N.C. 2014). Movants propose the same structure, adjusted for a client abroad: thirty days for successor counsel to enter an appearance, express notice of the consequences if none does, and continued service on DMARC Advisor at its last known address in the interim. *Accord ChampBoat Series, LLC v. In2Focus Films, Inc.*, No. 3:09-cv-183, 2009 WL 10728587, at *2 (W.D.N.C. Nov. 16, 2009) (granting withdrawal where no trial date had been set, allowing the corporate client roughly three weeks to retain new counsel, and directing service on the client at its last known address until new counsel appeared).

Nor is dmarcian prejudiced by which lawyers sit across the table. Movants request no continuance of any deadline, and the thirty-day transition asks nothing of dmarcian.

Movants are authorized to notify the Court that DMARC Advisor does not consent to or actively oppose Movants' withdrawal from this case. DMARC Advisor may wish to submit additional information to the Court on its own behalf, and it has requested that Movants communicate to the Court that DMARC Advisor reserves all rights and remedies.

**CONCLUSION**

Movants respectfully request that the Court grant the Motion, permit their withdrawal as counsel of record for Defendant DMARC Advisor BV, allow

DMARC Advisor thirty days for successor counsel to enter an appearance, and provide such other such relief as the Court deems appropriate.

Dated: August 25, 2026 Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Samuel B. Hartzell
Pressly M. Millen, NC State Bar No. 16178
Ripley Rand, NC State Bar No. 22275
Samuel B. Hartzell, NC State Bar No. 49256
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
919-755-2100
Press.Millen@wbd-us.com
Ripley.Rand@wbd-us.com
Sam.Hartzell@wbd-us.com

*Counsel for Defendant DMARC Advisor BV*

**CERTIFICATE OF SERVICE**

I certify that on August 25, 2026, I filed the foregoing Brief with the Clerk of Court using the CM/ECF system, which will send electronic notice to all counsel of record. I also served DMARC Advisor BV directly by email to Martijn Groeneweg, DMARC Advisor BV's CEO, at martijn@dmarcadvisor.com.

/s/ Samuel B. Hartzell
Samuel B. Hartzell