IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.: 1:21-CV-00067

| | |
|---|---|
| DMARCIAN, INC.,<br>Plaintiff,<br>v.<br>DMARC ADVISOR BV,<br>f/k/a dmarcian Europe BV,<br>Defendant. | **PLAINTIFF'S RESPONSE BRIEF AS TO MOTION BY DEFENDANT'S COUNSEL TO WITHDRAW** |

NOW COMES the Plaintiff, by and through its undersigned counsel, and hereby responds to the motion by Womble Bond Dickinson (US) LLP and its attorneys of record ("Movants") to withdraw.

**STANDARD OF ADJUDICATION**

LCvR 83.1(f) allows an attorney to withdraw with leave of the court if he has "good cause" or the consent of his client. The decision to whether to grant a motion to withdraw is discretionary. *Howald v. Ben Lippen Sch.,* No. 1:21-CV-00059-MR-WCM, 2022 WL 23036118, at *1 (W.D.N.C. Nov. 3, 2022) (denying without prejudice attorney's motion to withdraw where opposing party does not oppose the

motion to withdraw and where the client consented, taking into account the stage of the proceedings).

## ARGUMENT

In stating Plaintiff's position regarding the motion to withdraw, Movants correctly stated that Plaintiff was not in a position to make an informed decision about the motion because the information about the grounds for withdrawal was so limited. However, this did not fully convey Plaintiff's position which was provided to Movants by email in which Plaintiff does object to any delay associated with a change in counsel:

> We understand from the call that you are unable to tell us why you are withdrawing other than it is for professional considerations, you do not know if your client consents, and you cannot say the impact on timing to get to trial or whether your client's efforts to retain new counsel are underway. Under these circumstances, we are not in a position to make an informed decision about whether or not to consent to withdrawal but **we do object to any delay this may occasion**.

Email Chain, **Exhibit 1** hereto (emphasis added). Movants assert that dmarcian is not prejudiced by the withdrawal. (Doc. 485 at 3). Plaintiff disagrees, absent an ability by Defendant to promptly obtain new counsel who can be ready to imminently commence this long overdue trial.

### *A. Nature of the Conflict*

Movants filed this motion asserting "professional considerations" arising out of an unspecified disagreement with their client DMARC Advisor. Whatever the

disagreement, it appears to be specific to the instant case, as movants have not made a corresponding motion in the *Swenberg* litigation which is pending in California.[1]

Accepting as true Movant's representation that some sort of conflict has arisen between Movants and DMARC Advisor and the impact on the Movant's professional obligations, Plaintiff lacks any detail which would enable it to respond to these assertions. Plaintiff does not want to create a potentially immediately appealable issue by actively opposing withdrawal,[2] and Plaintiff further wants to ensure that all parties get to a trial as expeditiously as possible with due regard to fairness.

In *Strickland v. Moritz*, 149 F.4th 378, 406 (4th Cir. 2025), the plaintiff did not timely oppose the motion but later appealed seeking the judgment at trial to be

---

[1] The case is *Charles E. Swenberg v. dmarcian, Inc., et.al.*, pending in the Superior Court of California, County of San Mateo, Case No., 19-CIV-02896, where DMARC Advisor and Martijn Groeneweg are direct defendants, jointly represented by the Womble firm. Movants have given no indication that they intend to withdraw from representing DMARC Advisor BV or Mr. Groeneweg in those proceedings.

[2]An order denying counsel's motion to withdraw is immediately appealable by counsel under the collateral order doctrine because it " 'conclusively determine(s) the disputed question,' because the only issue is whether ... counsel will ... continue his representation." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 375–76, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (quoting *Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. 2454). In contrast, an order granting a motion to withdraw is not immediately appealable by the withdrawing attorney's client. *Fishback v. Shearin*, 472 F. App'x 271, 272 (4th Cir. 2012) (unpublished).

vacated on the grounds that her pro bono counsel was permitted to withdraw. The Court of Appeals found that the trial court erred in failing to conduct a good cause analysis because there was no client consent to withdraw. *Id.* at 206-07. However, the Court did not find reversible error because it was "more technical than substantive:

> The court would have been within its discretion to find good cause based on pro bono counsel's representation of irreconcilable differences and based on Strickland's failure to object to withdrawal. *See Iskander v. Otay Mesa Det. Ctr.*, No. 24-CV-01572-GPC-VET, 2024 WL 4983155, at *2 (S.D. Cal. Dec. 3, 2024) (finding good cause where counsel cited irreconcilable differences and that his "client [was] not cooperating"); *but see In re God's Mercy, LLC*, 285 F. Supp. 3d 904, 908 (E.D. Va. 2018) ("Counsel's sole factual proffer is that 'irreconcilable differences and conflict' exist between him and the Claimant. On the basis of this single assertion, the court cannot determine whether any of the [applicable] conditions for withdrawal are satisfied." (citation omitted)).

*Id.* at 207. *See also, ChampBoat Series, LLC v. In2Focus Films, Inc.,* No. 3:09-CV-183-RJC-DCK, 2009 WL 10728587, at *1 (W.D.N.C. Nov. 16, 2009) (attorney seeking to withdraw only generally indicated that an unspecified "conflict" had arisen between him and his clients but elaborated his second motion to withdraw by more fully describing the conflict and providing supporting exhibits).

Here, DMARC Advisor "has not consented to, but does not actively oppose" Movants' motion to withdraw (Doc. 485 at 1) but Movants also state that "DMARC Advisor reserves all rights and remedies" (Doc. 486 at 3). Absent DMARC Advisor's consent, this Court must find "good cause." *Strickland,* 149 F.4th at 206-

07. Movants' bare assertion of an unspecified "fundamental disagreement about the conduct of the litigation" appears insufficient to enable the Court to make that assessment of good cause. *See, id.* Movants must promptly supply this information so that the Court may rule upon this motion supported with adequate evidence and thereby avoid potentially inviting the error that the plaintiff in *Strickland* attempted (unsuccessfully) to capitalize upon in its appeal.

*B. Timing of Motion and Prejudice*

"In addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is likely to be disrupted," which in turn depends on the stage of the proceedings. *Sydell v. LifeMed USA, Inc.,* No. 1:16CV1143, 2017 WL 4862786, at *1 (M.D.N.C. Oct. 27, 2017). "[W]ithdrawal of counsel becomes more problematic nearer to the trial date." *Id.* In denying a motion to withdraw in an eight-year old case, one court stated:

> It is clear that in this action where there has been extensive motion practice and the case is, after significant delay, on the verge of trial readiness, a change in counsel would do no more than extend the already protracted history of the litigation. Both plaintiff and defendant would be prejudiced by such further delay, and the Court's ability to manage its docket would certainly be impeded by a change in counsel at this late stage of the litigation.

*Malarkey v. Texaco, Inc.,* No. 81 CIV. 5224 (CSH), 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989). *See also*, *Patterson v. Henderson*, No. 1:19CV204, 2023 WL 184119, at *3 (M.D.N.C. Jan. 13, 2023) (denying motion to withdraw filed less

than two weeks before the scheduled trial date as withdrawal would disrupt the proceedings, harming both the Plaintiff and the administration of justice, by delaying resolution of the case) (citing *Malarkey*, *supra).*

It is true that, presently, there is no set trial date. However, in the May 2, 2025 status conference, this Court expressly advised of the need to be prepared to quickly proceed to trial as soon as the case was released from the stay of the trial entered by the Court of Appeals. (Doc. 490, 05/02/26 T. at 14, 19). The mandate issued on August 26, 2026, a day after the Motion to Withdraw was filed, and the parties are now at the very stage of proceedings wherein this Court expressly cautioned that the parties must be like Kentucky Derby horses in the gate. *Id.*

Moreover, a delay of trial in this case has broader implications as it may well affect the parallel Dutch proceedings. Dmarcian's initial request for a stay of the Dutch proceedings was denied on December 14, 2022 because DMARC Advisor falsely advised the Dutch Court that proceedings on the merits in this Court did not commence until May of 2022. (Doc. 173-2, ¶¶ 5.35–5.39). A year later, after this Court issued a corrective order and required the order to be submitted to the Dutch Court to correct the misunderstanding created by Defendant, the Dutch Court reversed its position and stayed the Dutch proceedings on December 20, 2023. (Doc. 294-1, ¶¶ 4.1-4.7). Thereafter, DMARC Advisor twice sought to dissolve that stay, with the first being denied and the second still pending with a decision expected on

or about September 9, 2026. (**Exhibit 2** hereto, DMARC Advisor submission to Dutch Court 02/24/26; **Exhibit 3** hereto, Docket Entry from Dutch Proceedings (machine translation)). DMARC Advisor's most recent pending request relies heavily on the delay of trial before this Court. (*See, e.g.,* **Exhibit 2**).

Although the specific request is not clear, it is plain that DMARC Advisor has asked its counsel to take some action which goes against their professional judgment or ethics, and it is a significant enough disagreement as to warrant their counsel to move to withdraw after five and a half years of representation. DMARC Advisor[3] therefore stands to benefit significantly from any delay which results from these circumstances by bolstering its motion to dissolve the stay.

And dmarcian stands to be substantially prejudiced by the loss of its ability to enforce its right under *lis pendens* rules to have the first case on the merits resolved prior to recommencement of the Dutch proceedings. A dissolution of the stay by the Dutch Court would subject Plaintiff to simultaneous reengagement in a two-front war on substantially similar issues that is an unwarranted material drain on its resources. *See, e.g, Ciena Corp. v. Nortel Networks Inc.,* No. 2:05 CV 14, 2005 WL 1189881, at *7 (E.D. Tex. May 19, 2005) (finding irreparable harm arising from inconvenience, disruption of its business, loss of good will, and financial business

[3] Plaintiffs do not suggest that *Movants* are using this motion to aid Defendant in delay and take at face value that Defendant has put them in an untenable position of unspecified nature.

hardship from the duplicative actions). Plaintiff also has a valid interest in having a U.S. court determine contractual issues relating to the licensing rights given that the law of the licensor controls under Dutch law and the Dutch Court should properly look to the U.S. Court for that determination. (Doc. 17, Decl. of T. Jansen ¶ 21).

And, perhaps most importantly, as the Dutch Court itself noted, "if both proceedings are continued, the situation threatens to arise that, on the crucial points of ownership of the IP rights and the originality of the source code, there are two court judgments enforceable in the Netherlands that may be (in whole or in part) incompatible with each other." (Doc. 294-1, ¶ 4.5). Accordingly, if the Dutch Court recommences proceedings in the Netherlands based on a delay caused by whatever disagreement that has arisen between DMARC Advisor and its counsel, that delay thereby threatens to undermine the management of the parallel proceedings that both the Dutch Court and this Court have carefully crafted to avoid inconsistent results pursuant to their respective duties of comity.

If the motion to withdraw is granted, Plaintiff urges that thirty days is far too long a period to give DMARC Advisor time to obtain new counsel. Movants gave DMARC Advisor written notice on August 20, 2026 of this motion to withdraw and "urg[ed] it to retain successor counsel immediately." (Doc. 486 at 2). Presumably, DMARC Advisor heeded that advice and has already commenced efforts to obtain substitute counsel. Further, DMARC Advisor already has another very respectable

law firm which has been actively engaged in this matter. The firm of Fox Rothschild made an appearance for DMARC Advisor at the show cause hearing (Doc. 386 at 2) and also has been appellate counsel for DMARC Advisor throughout the appeal of the preliminary injunction and contempt order. If the motion is granted, Plaintiff urges the Court to set a deadline of no more than ten days to obtain counsel and further urges that a trial date be set as soon as possible, ideally at a time that allows trial to be concluded no later than November, 2026.

## CONCLUSION

Plaintiff defers to the Court on whether there is good cause to grant the motion to withdraw but, if granted, Plaintiff urges the Court to avoid further delay of trial and the attendant prejudice to Plaintiff both in these proceedings and the parallel Dutch proceedings by setting a deadline of no more than two weeks for DMARC Advisor to obtain new counsel and to set a trial date in 2026.

This the 28th day of August, 2026.

*/s/ Pamela S. Duffy*________
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff*

OF COUNSEL:

*/s/ David Dorey*________________
David Dorey, DE No. 5283
Blank Rome, LLP
David.dorey@BlankRome.com
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6418
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon counsel of record for all other parties to this action listed below by efiling a copy of the same utilizing the Western District of North Carolina's efiling system, which will send notification of such filing to all counsel of record.

This the 28th day of August, 2026.

*/s/ Pamela S. Duffy*___________
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorney for Plaintiff*