IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:21-cv-00067-MR

| | |
|---|---|
| DMARCIAN, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>DMARC ADVISOR BV,<br>f/k/a dmarcian Europe BV,<br><br>*Defendant*. | **REPLY BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT DMARC ADVISOR BV** |

Womble Bond Dickinson (US) LLP and its attorneys of record ("Movants") submit this reply in support of their Motion to Withdraw. ECF No. 485.

## ARGUMENT

### I. The Rules of Professional Conduct set the limit of what Movants may say, and the record already contains everything needed to find good cause.

dmarcian defers to the Court on whether good cause exists, ECF No. 491 at 9, while suggesting that Movants disclose the substance of a confidential disagreement, ECF No. 491 at 5. But the restraint dmarcian questions is obedience to the Rules. North Carolina's Rule 1.16 anticipates this posture:

> The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient. Lawyers should be mindful

> of their obligations to both clients and the court under Rules 1.6 and 3.3.

N.C. R. Prof'l Conduct 1.16 cmt. [3]. DMARC Advisor has not consented to disclosure. Rule 1.6(a) therefore bars Movants from revealing the substance of the disagreement, and the bar reaches even "disclosures . . . that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person." N.C. R. Prof'l Conduct 1.6 cmt. [4].

Rule 1.16's comment sets the floor: a bare statement "that professional considerations require termination of the representation" ordinarily suffices. Movants supplied more than that minimum. Within the limit Rule 1.6 imposes, Movants have identified the specific Rule grounds—a "fundamental disagreement" about the conduct of this litigation under Rule 1.16(b)(4)—and represent that efforts to resolve the disagreement have failed. ECF No. 486 at 1–2. Movants also satisfy each requirement of Local Civil Rule 83.1(f): a motion "showing good cause for the withdrawal" that "include[s] the client's last known address." ECF No. 485 at 1. And Movants report the client's position: DMARC Advisor has not consented to, but does not actively oppose, the withdrawal.

The Fourth Circuit's most recent decision on the question treats that kind of showing as enough. In the case dmarcian leads with, counsel's entire stated ground was that a conflict had arisen and that there were "irreconcilable differences in the attorney-client relationship," with no reference to the rule subsection permitting

withdrawal and no account of efforts at resolution. *Strickland v. Moritz*, 149 F.4th 378, 406 (4th Cir. 2025). The Fourth Circuit recognized that a court in this District "would have been within its discretion to find good cause based on pro bono counsel's representation of irreconcilable differences and based on Strickland's failure to object to withdrawal." *Id.* at 407. Here, DMARC Advisor does not actively oppose withdrawal, dmarcian defers on good cause, and the Motion supplies more than the *Strickland* record ever contained.

Nothing in dmarcian's trial court authorities demands more. The order it cites from this District accepted less thorough reasons. The client there had asked her lawyer to withdraw, had consented in writing, and, as the motion put it, "does not intend to hire counsel for the remainder of the case." *Howald v. Ben Lippen Sch.*, No. 1:21-CV-00059-MR-WCM, 2022 WL 23036118, at *1 (W.D.N.C. Nov. 3, 2022). The court considered "the reasons for the withdrawal" and "the impact withdrawal will have on the timing of the proceeding," and it denied the motion without prejudice for one reason: supplemental damages briefing was due within days. *Id.*; *see also Patterson v. Henderson*, No. 1:19CV204, 2023 WL 184119, at *3 (M.D.N.C. Jan. 13, 2023) (confirming that the breakdown counsel described was "a legitimate reason to withdraw" and that the reason factor "weighs generally in favor of granting the motion" but denying motion "filed less than two weeks before

the scheduled trial date"). No case dmarcian cites conditioned good cause on the disclosure it now suggests.

What dmarcian offers instead is a guess. Its response declares it "plain that DMARC Advisor has asked its counsel to take some action which goes against their professional judgment or ethics." ECF No. 491 at 7. Movants can neither confirm nor correct that speculation without disclosing what Rule 1.6 protects, and the Court should give it no weight in either direction.

## II. With no trial date set, withdrawal threatens none of the delay dmarcian predicts.

Every timing case dmarcian cites involved a scheduled trial or a deadline days away. Here, as dmarcian concedes, "there is no set trial date." ECF No. 491 at 6. The mandate issued on August 26, and the next event is a scheduling conference at which the Court has directed that DMARC Advisor "have counsel in attendance who are prepared to make an appearance in the action and proceed with the litigation of this matter in the event that the Motion to Withdraw is granted." ECF No. 489 at 2. Movants seek nothing inconsistent with that Order.

The forecast about the Dutch proceedings adds nothing. This Motion belongs to counsel, not to DMARC Advisor, and dmarcian itself disclaims any suggestion "that Movants are using this motion to aid Defendant in delay." ECF No. 491 at 7

n.3. A motion that requests no continuance and yields to the Court's schedule cannot supply the delay dmarcian fears.[1]

## CONCLUSION

Movants respectfully request that the Court grant the Motion, permit their withdrawal as counsel of record for Defendant DMARC Advisor BV, and grant such other relief as the Court deems appropriate.

Dated: September 4, 2026

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Samuel B. Hartzell
Pressly M. Millen, NC State Bar No. 16178
Ripley Rand, NC State Bar No. 22275
Samuel B. Hartzell, NC State Bar No. 49256
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
919-755-2100
Press.Millen@wbd-us.com
Ripley.Rand@wbd-us.com
Sam.Hartzell@wbd-us.com

*Counsel for Defendant DMARC Advisor BV*

[1] On August 31, 2026, DMARC Advisor, through separate counsel, applied to the Circuit Justice for a stay of the Second Amended Preliminary Injunction and of trial pending a petition for certiorari. *See* Appl. for Stay and Request for an Immediate Administrative Stay at 28, *DMARC Advisor BV v. dmarcian, Inc.*, No. 26A298 (U.S. Aug. 31, 2026). Movants did not prepare that application, and this Motion does not depend on it.

## CERTIFICATE OF SERVICE

I certify that on September 4, 2026, I filed the foregoing Reply Brief with the Clerk of Court using the CM/ECF system, which will send electronic notice to all counsel of record. I also served DMARC Advisor BV directly by email to Martijn Groeneweg, DMARC Advisor BV's CEO, at martijn@dmarcadvisor.com.

/s/ Samuel B. Hartzell
Samuel B. Hartzell