IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.: 1:21-CV-00067

| | |
|---|---|
| DMARCIAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DMARC ADVISOR BV,<br>f/k/a dmarcian Europe BV,<br><br>Defendant. | **PLAINTIFF'S MOTION FOR STATUS CONFERENCE TO ADDRESS CONFLICT IN TRIAL SCHEDULES** |

NOW COMES Plaintiff, by and through its undersigned counsel, and hereby moves for a scheduling conference with the Court. In support of this motion, the Plaintiff shows the Court as follows:

1. As the Court is aware, this matter is set for trial on November 9, 2026 ("the WDNC Trial").

2. Based on developments in the CA Case schedule which remains scheduled to commence on November 4, 2026, the Plaintiff is put in the difficult and prejudicial position of commencing two complicated cases at one time. Plaintiff's client representatives (Tim and Shannon Draegen) cannot be present in two different and very distant places at one time, nor can its counsel Mr. Dorey. Mr. and Mrs.

Draegen are key witnesses and integral to providing necessary input and aid to counsel in relation to all of the other witnesses in the WDNC Trial, and they are also integral to the defense of the CA Case and prosecution of dmarcian's counterclaims for misappropriation of trade secrets, tortious interference, and other claims.

3. Plaintiff brings this motion for a status conference to explore these issues with this Court and seek aid from this Court to minimize the prejudice to Plaintiff given the simultaneous trial schedule.

4. Prior to the filing of this motion, Plaintiff's counsel met and conferred with Defendant's counsel. Mr. Hartzell indicated that he doesn't object to a status conference per se, provided that it may be done by phone or WebEx. Defendant has not consented to a call between the courts or any of the particular relief requested herein beyond having a status call with the Court.

**The Conflicting CA Trial Date**

5. The trial of *Charles Swenberg v. dmarcian, Inc., et al.*, San Mateo County Superior Court Case No. 19-CIV-02896 (the "CA Case")[1] is set to commence on or about November 4, 2026 and is expected to conclude in January of 2027. The Court in the CA Case has six days scheduled for trial in November: November 4, 5, 6, 12, 13, and 18.

---

[1] dmarcian and its representative Timothy Draegen, along with DMARC Advisor and its representative Martijn Groeneweg are all defendants in the Swenberg litigation.

6. On September 15, 2026, dmarcian filed an *ex parte* application in the Swenberg litigation to modify the trial schedule ("dmarcian's CA Motion", attached hereto as **Exhibit A**) seeking to defer commencement of trial until after the WDNC Trial.

7. Mr. Swenberg (the plaintiff in the CA Case), DMARC Advisor and Mr. Groeneweg each opposed dmarcian's Motion to delay commencement of trial, citing mainly the statutory requirement that the case commence within five years.[2] See **Exhibit B (**Plaintiff's Objection) and **Exhibit C** (Objection of DMARC Advisor and Groeneweg) hereto.

**The Proposed Call Between the Courts**

8. During the status conference with this Court held on September 8, 2026, the parties discussed this Court having a call with the presiding judge in the CA Case. Such a call would have aided the two courts in managing their respective dockets and would have helped to promote comity.

9. This Court expressed willingness to having such a call. DMARC Advisor made no objection to the call between the two judges during the September 8 status conference.

---

[2] Dmarcian presented strong arguments as to why neither Mr. Swenberg nor DMARC Advisor/Groeneweg had standing to assert to the five-year rule once waived by dmarcian and Mr. Draegen. (See **Exhibit A** hereto)

10. David Dorey informed Judge Fineman that this Court was amenable to a call with her to discuss the scheduling of the two trials and provided the Court's contact information. (See Declaration of David Dorey filed in the CA Case, **Exhibit D).**

11. On September 17, 2026, Judge Fineman's clerk emailed counsel in the CA Case (expressing apparent interest in speaking with Judge Reidinger) asking for this Court's contact information and asking if any of the parties had an objection to her speaking with this Court. (See Email Chain attached hereto as **Exhibit E**.)

12. Although both judges in both cases expressed interest in communicating with each other, DMARC Advisor and Mr. Groeneweg notified Judge Fineman[3] that they objected to communication between the two Courts. (See Email attached hereto as **Exhibit F**). DMARC Advisor and Mr. Groeneweg did not offer a reason for the objection, either in their counsel's email or in its later filed opposition. No other party objected to the call. (See **Exhibit E**).

13. In light of the objection from DMARC Advisor and Mr. Groeneweg, Judge Fineman responded that she would not reach out at this time due to that objection. (*See* Email Chain at **Exhibit E** hereto). She also noted during the *ex parte* hearing that if a call were to proceed, she would want it to be on the record.

[3] DMARC Advisor and Mr. Groeneweg are also represented by Womble Carlyle in the CA Case.

Dmarcian and Mr. Draegen have no objection to whatever record the courts would like to make of that call, if any.

14. On September 18, 2026, the Court in the CA Case held a hearing on dmarcian's CA Motion. Without hearing argument, the Court denied dmarcian's CA Motion. A copy of the Order denying a continuance is attached hereto as **Exhibit G**.

**Dmarcian's Efforts to Accommodate both Trial Schedules**

15. The parties anticipate trying the WDNC Trial between November 9 and expect to conclude the case no later than November 20. Based on the original anticipated trial schedule in the CA Case, the parties anticipated trying the CA Case on November 4-6 and November 12, 13 and 18, with the balance of proceedings to be in December and January.[4]

16. In the CA Case, Mr. Swenberg's claims against as to Mr. Groeneweg and DMARC Advisor are bifurcated and will proceed as a bench trial (DMARC Advisor Bench Trial) separately from Mr. Swenberg's claims against Mr. Draegen and which will predominantly be tried by jury trial. The parties in that case and the California Court have discussed trying that bifurcated bench trial after resolution of the jury trial. The parties have estimated that the bench trial will take approximately 2-3 days.

[4] The CA Court set a limited schedule in November due to the holidays. November 11 is Veteran's Day, and there is also the Thanksgiving holiday.

17. Commencement of either the jury trial or the DMARC Advisor Bench Trial would stop the five-year clock under California law. If the DMARC Advisor Bench Trial were commenced on November 4, it could be completed by November 6. A jury could then begin to be selected on one of the remaining three dates in November and covered by counsel for dmarcian other than Mr. Dorey. This schedule would result in the loss of only two scheduled dates in November for the CA Case and would allow the WDNC Trial to be fully concluded.

18. Alternatively, jury trial could commence on November 4-6 in the CA Case. However, that presents a significant hardship and prejudice to dmarcian, as its principals cannot be in two places at once on November 12, 13 and 18, and travel between the two coasts makes it very difficult logistically for both the parties and Mr. Dorey. If Judge Fineman would agree to commence the jury trial on November 4-6 and cede the other dates to the WDNC Trial, that would result in a loss of only three days in the CA Case. Dmarcian would be willing to agree to time limits for presentation in the CA Case to ensure that the trial in that case is still timely completed.

19. A third option would be to proceed with commencing jury trial on November 4-6 in the CA Case, commencing this case on November 9-10 and resuming on November 16 so as to allow dmarcian and its representatives to appear in the CA Case on November 12-13 if Judge Fineman will not give up any of the

three remaining dates in November. (Again, November 11 is a holiday for both courts). Potentially, depending on the schedule, co-counsel could proceed on November 18 in the CA Case without the Draegens or Mr. Dorey. Plaintiff notes that this option is logistically much more difficult than the foregoing options.

20. Each of the foregoing schedule still presents hardships, but Plaintiff asks that both Courts take reasonable steps to minimize such hardships and prejudice so that all parties may be present for both proceedings. Among other things, a call between the two courts would still be beneficial to aiding in that effort and to address matters of comity so as to allow timely completion of both trials as scheduled.

**Status of Dutch Proceedings**

21. In the parallel proceedings in the Netherlands, the Dutch Court has now deferred ruling until November 4, 2026 on its decision regarding whether to dissolve the stay of proceedings in that Court.

22. Plaintiff further notes that DMARC Advisor and Mr. Groeneweg have raised a further scheduling objection in their response to the CA Motion based on a November 16, 2026 hearing in the Netherlands. (See **Exhibit C** at 7-8).

23. The November 16 hearing relates to an appeal by Mr. Groeneweg in connection with an ethics complaint he filed against dmarcian's Dutch counsel Mukesh Hoeba. That complaint was made in relation to dmarcian's court submission pertaining to the depositions in the WDNC Case that took place in the

Netherlands in April of 2025. Mr. Groeneweg's ethics complaint was rejected by the Netherlands tribunal. Mr. Groenweg's appeal on this baseless ethics complaint against Mr. Hoeba is set to be heard on November 16. Plaintiff dmarcian submits that Mr. Groeneweg's appeal should not impede the trial of either the WDNC case or the CA Case.

WHEREFORE, Plaintiff respectfully requests that the Court schedule a status conference to discuss the conflicting trial dates between the CA Case and this action and to discuss measures which may be taken to minimize hardship.

This the 27th day of September, 2026.

*_/s/ Pamela S. Duffy_*
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff*

OF COUNSEL:
*/s/ David Dorey*________________
David Dorey, DE #5283
Blank Rome, LLP
david.dorey@BlankRome.com
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6418
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon counsel of record for all other parties to this action listed below by efiling a copy of the same utilizing the Western District of North Carolina's efiling system, which will send notification of such filing to all counsel of record.

This the 27th day of September, 2026.

*/s/ Pamela S. Duffy*____________

Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorney for Plaintiff*