**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Case No. 1:21-cv-00067-MR**

| | |
|---|---|
| DMARCIAN, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>DMARC ADVISOR BV,<br>f/k/a dmarcian Europe BV,<br><br>*Defendant*. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR STATUS CONFERENCE** |

Defendant DMARC Advisor BV files this response to Plaintiff's Motion for Status Conference to Address Conflict in Trial Schedules (ECF No. 497).

## INTRODUCTION

DMARC Advisor does not oppose a remote status conference. The conflict the motion describes is real, but it is not dmarcian's alone. DMARC Advisor and its (indirect) director, Martijn Groeneweg, are each a defendant in the California case.

The California court has already weighed that conflict. On September 18, after reviewing all the parties' briefing, Judge Fineman found no good cause to move the November 4 trial in that case. Judge Fineman explained that this trial was set after the California trial and that moving the California trial to December would

significantly affect Judge Fineman's calendar. ECF No. 497-7 at 3. dmarcian's motion proposes three ways to keep both trials in November. Two would require the California court to do what it has already declined to do, and the third would split this trial around the California schedule. ECF No. 497 ¶¶ 17–19. DMARC Advisor cannot be ready for November 9 without qualification while the California trial goes forward.

## ARGUMENT

### I. Judge Fineman Has Already Weighed the Conflict and Declined to Move the California Trial.

The California trial was set first. Judge Fineman set it for November 4 at a June 8, 2026, case-management and trial-setting conference. Minute Order at 4, *Swenberg v. dmarcian, Inc.*, No. 19-CIV-02896 (Cal. Super. Ct. San Mateo Cnty. June 8, 2026) (Ex. 1); *see also* ECF No. 497-3 at 4. The minute order records that Mr. Dorey, dmarcian's co-lead counsel, informed Judge Fineman that "the trial schedule works for Defendant DMARCIAN, INC." Ex. 1 at 2. This Court set its November 9 trial date three months later, at the September 8 status conference. *See* ECF No. 494 at 7:13–15, 13:22–24. In setting that date, the Court observed that "this case should be wrapped up before November the 20th" so that the parties "could try these cases back to back." *Id.* at 10:12–17. Mr. Dorey "agree[d] with scheduling this for the 9th" and said he would ask Judge Fineman whether dmarcian could "manage that case around this one in some fashion." *Id.* at 12:23–13:2.

A week later, dmarcian asked Judge Fineman to move the California trial to accommodate this one. Each of the three alternatives it proposed would have delayed the presentation of evidence there until December 2 or later. ECF No. 497-1 at 3. Mr. Swenberg, DMARC Advisor, and Mr. Groeneweg each opposed the application, and each argued that dmarcian had not shown good cause. ECF No. 497-2 at 3; ECF No. 497-3 at 5, 10–12. Mr. Swenberg added that dmarcian's application "is filed in the wrong court," because any request to continue a trial belonged here, in this Court. ECF No. 497-2 at 2–3.

Judge Fineman denied the application on September 18. ECF No. 497-7 at 3. Judge Fineman found "no good cause . . . to continue the trial," explaining that "[t]he federal trial was set on September 8, 2026, thus set after this trial had been set." *Id.* Judge Fineman estimated that the California trial "could take 16-20 court days," noted that Judge Fineman has "a complex case which is set for early January 2027," and concluded that "moving this trial to December will have a significant impact on this court's calendar." *Id.* "Weighing all of the factors," Judge Fineman found that a continuance "would not be [i]n the interests of justice." *Id.*

That ruling forecloses the back-to-back sequence the Court anticipated on September 8. The California trial will begin on November 4, five days before this one. Judge Fineman has decided how the California court will handle the overlap, so what remains is how this Court sets its own calendar.

## II. The California Court's Rulings Rule Out Two of dmarcian's Proposals, and the Third Is for This Court Alone.

The motion offers three ways to fit both trials into November. ECF No. 497 ¶¶ 17–19. Two depend on the California court doing what it has already declined to do. The third would split this trial around the California schedule, which only this Court can decide, and which would be unnecessarily unwieldy.

The first proposal would have the California court try the bench trial on Mr. Swenberg's claims against DMARC Advisor and Mr. Groeneweg on November 4 through 6. ECF No. 497 ¶ 17. The California court would then begin selecting the jury on one of its remaining November dates, with counsel for dmarcian other than Mr. Dorey covering that proceeding while this case is tried. *Id.* In June, while this case was stayed and had no trial date, DMARC Advisor raised the possibility of trying those claims first. Ex. 1 at 4. When the California court granted DMARC Advisor's motion to bifurcate, it indicated that it would instead try those claims after the jury trial. Minute Order at 2, *Swenberg v. dmarcian, Inc.*, No. 19-CIV-02896 (Cal. Super. Ct. San Mateo Cnty. Aug. 3, 2026) (Ex. 2). Reversing that order now would also push more of the jury trial, which Judge Fineman estimates at sixteen to twenty court days, into December. ECF No. 497-7 at 3.

The first proposal also assumes that a bench trial beginning November 4 "could be completed by November 6." ECF No. 497 ¶ 17. It could not. The

California court's trial schedule yields fewer than sixteen hours of trial time across a Wednesday, Thursday, and Friday, and the proposed witness list projects twenty-nine hours of examination. Ex. 2 at 5–6; Proposed Joint Witness List at 3–4, *Swenberg v. dmarcian, Inc.*, No. 19-CIV-02896 (Cal. Super. Ct. San Mateo Cnty. Sept. 28, 2026) (Ex. 3).[1]

The second proposal would have the California jury trial begin on November 4 through 6, with Judge Fineman then ceding November 12, 13, and 18 to this trial and dmarcian offering to accept time limits in the California case. ECF No. 497 ¶ 18. Jury selection alone, which Judge Fineman expects to take at least two days, would consume most of the November 4–6 session. Ex. 1 at 2; Ex. 2 at 7. Judge Fineman has already found that moving the California trial into December would significantly affect that court's calendar. ECF No. 497-7 at 3. Ceding half of the California court's November trial days would do just that, and it would delay the bench trial that follows.

That leaves the third proposal, dmarcian's fallback if Judge Fineman will not give up any of the remaining November dates. It would start the California jury trial on November 4 through 6, then begin this trial on November 9 and 10, recess while dmarcian's representatives attend the California trial on November 12 and 13,

---

[1] DMARC Advisor does not accept the motion's description of California's five-year rule, *see* ECF No. 497 ¶ 17; *id.* at 3 n.2, but the application of that rule is a question for the California court.

resume here on November 16, and send dmarcian's co-counsel to California on November 18. ECF No. 497 ¶ 19. dmarcian concedes that this option is "logistically much more difficult" than the others. *Id.* It would interrupt this jury trial after its second day, and it would still leave both trials in session on November 18. This Court tries cases from "9 a.m. to 6 p.m. every day, one-hour break for lunch, until the case is finished." ECF No. 494 at 11:7–8. Under the third proposal, jurors selected on Monday, November 9, would hear at most two days of evidence and then go five days, including the November 11 holiday and a weekend, before hearing more. Witnesses would have to be scheduled around that gap. The parties' representatives and counsel would travel across the country and back in the middle of this trial. Those costs would fall on the Court, the jurors, and the witnesses as much as on the parties.

## III. DMARC Advisor Faces the Same Conflict as dmarcian, and Any Accommodation Should Not Come at DMARC Advisor's Expense.

The motion presents the conflict as dmarcian's own: its principals and its lead counsel "cannot be present in two different and very distant places at one time." ECF No. 497 ¶ 2. The same is true of DMARC Advisor and Mr. Groeneweg: neither can take part in two trials at the same time. When the Court set this trial on the expectation that the two cases could run back to back, DMARC Advisor did not oppose the date but said it needed "to double-check witness availability on that date."

ECF No. 494 at 13:18–24.[2] Since then, Judge Fineman has kept the California trial in place, ECF No. 497-7 at 3, and the parties' proposed joint witness list for the California jury trial allots nine hours to Mr. Groeneweg's examination, four of them to dmarcian. Ex. 3 at 2. The California court has six trial days in November: November 4, 5, 6, 12, 13, and 18. ECF No. 497 ¶ 5. Three of them fall within the two weeks the parties expect this trial to take. *Id.* ¶ 15.

Opening the California case with the bench trial would fall hardest on DMARC Advisor: it would put DMARC Advisor and Mr. Groeneweg on trial in California through Friday, November 6, and in Asheville the next Monday. ECF No. 497 ¶ 17. dmarcian acknowledges that "travel between the two coasts makes it very difficult logistically" for the parties, *id.* ¶ 18, and, absent leave to appear remotely in California, this proposal would give DMARC Advisor a single weekend to make that trip between one trial and the next. Splitting this trial would leave both trials in session on November 18, a day Mr. Groeneweg may be needed in each trial. *Id.* ¶ 19. DMARC Advisor therefore objects to the first and third proposals, and to any setting of this trial that overlaps the California trial. Any accommodation for dmarcian's conflict should not come at DMARC Advisor's

[2] On October 5, 2026, and as DMARC Advisor was finalizing this response brief, undersigned counsel learned that DMARC Advisor's expert witness has a medical conflict with the November 2026 trial date. DMARC Advisor is evaluating its options regarding that conflict.

expense. DMARC Advisor will be ready to try this case on any date the Court sets that does not overlap with the California trial and that leaves reasonable time between the two trials to prepare.[3]

## IV. Several of the Motion's Descriptions of the California and Dutch Proceedings Are Inaccurate.

The motion notes that DMARC Advisor did not object to a call at the September 8 conference. ECF No. 497 ¶ 9. DMARC Advisor stated its position when Judge Fineman asked for it, before the hearing on dmarcian's application.[4]

The motion also says DMARC Advisor and Mr. Groeneweg "did not offer a reason" for objecting. ECF No. 497 ¶ 12. They did. When Judge Fineman's clerk asked for the parties' positions, their California counsel wrote: "Dutch Defendants respectfully request that Judge Fineman review Dutch Defendants' opposition to dmarcian, Inc.'s ex parte application and hear argument on the application prior to making any decision to reach out to Judge Reidinger." ECF No. 497-6 at 2. The clerk relayed that, because a party had objected, Judge Fineman "will not reach out at this time." ECF No. 497-5 at 3. Judge Fineman then reviewed "all the parties'

[3] As noted in footnote 2, DMARC Advisor is evaluating a medical conflict that its expert witness has with a November 2026 trial. DMARC Advisor may need to seek scheduling or other relief in connection with that conflict.

[4] DMARC Advisor maintains its objection to a call between the courts. Judge Fineman has already ruled, and the only question before this Court is when to try this case, which the parties can address fully at the status conference.

briefing," as DMARC Advisor had asked, before denying the application. ECF No. 497-7 at 3.

dmarcian's motion says the California oppositions rested "mainly" on California's five-year rule. ECF No. 497 ¶ 7. But both oppositions argued that dmarcian had not shown good cause, ECF No. 497-2 at 3; ECF No. 497-3 at 5, 10–12, and Judge Fineman's order begins with the finding that there was none. ECF No. 497-7 at 3.

The motion also describes the November 16 hearing in the Netherlands as "an appeal by Mr. Groeneweg in connection with an ethics complaint he filed against dmarcian's Dutch counsel." ECF No. 497 ¶ 23. The appeal against dmarcian's Dutch lawyer, Mr. Hoeba, is DMARC Advisor's, not Mr. Groeneweg's: DMARC Advisor's California opposition described Mr. Groeneweg as appearing at the hearing "on behalf of DMA." ECF No. 497-3 at 9.[5] That hearing was set in August

[5] dmarcian says the complaint was made "in relation to dmarcian's court submission pertaining to the depositions in the WDNC Case." ECF No. 497 ¶ 23. That submission is Mr. Hoeba's letter dated March 31, 2025, to the North Holland District Court. Ex. 4 at 1; Ex. 5 at 1 (machine translation of Ex. 4). One statement at issue in the complaint was that DMARC Advisor's American counsel had made no objection to the guiding Topics at the February 7, 2025, final pretrial conference. Ex. 5 at 2. That statement was inaccurate: DMARC Advisor's counsel asked this Court to make clear that copyright was no longer at issue, either by revising the letters of request or by stating that the Court took no position on the scope of the examinations, and the Court declined after dmarcian's counsel said she would not ask about copyright. ECF No. 452 at 146:17–148:17. Apart from that statement, the letter reproduced a table, which it attributed to dmarcian's American counsel, listing fourteen "Currently Pending Claims" in this case, the last a "Declaration as

2026. *Id.* This Court set its November 9 trial date later, at the September 8 status conference. *See* ECF No. 494 at 7:13–15, 13:22–24. Mr. Groeneweg is scheduled to appear at that hearing in person on behalf of DMARC Advisor, ECF No. 497-3 at 9, so he cannot also be in Asheville on November 16, the second Monday of this trial as currently set. Any setting of this trial should account for that hearing as well.

## CONCLUSION

DMARC Advisor does not oppose a status conference and respectfully requests that any conference proceed remotely.

Dated: October 6, 2026 Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Samuel B. Hartzell
Samuel B. Hartzell, NC State Bar No. 49256
Ripley Rand, NC State Bar No. 22275
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
919-755-2112
Sam.Hartzell@wbd-us.com
Ripley.Rand@wbd-us.com

*Counsel for Defendant DMARC Advisor BV*

---

to ownership of Copyright." Ex. 4 at 1 (table in English in original); Ex. 5 at 1. But the last row is not a claim. This Court denied dmarcian leave to add a declaratory-judgment claim about the dmarcian Code and allowed only an addition to the prayer for relief, limited to ownership of the copyright registered as TX0008941559. ECF No. 357 at 8–11; ECF No. 362 at 1.