IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.: 1:21-CV-00067

| | |
|---|---|
| DMARCIAN, INC.,<br>Plaintiff,<br>v.<br>DMARC ADVISOR BV,<br>f/k/a dmarcian Europe BV,<br>Defendant. | **FIFTH DECLARATION OF MUKESH C. HOEBA** |

NOW COMES the undersigned Declarant and states under the penalties of perjury pursuant to 28 U.S.C. § 1746 that the following is true of his own personal knowledge:

1. I am Dutch counsel to dmarcian, Inc. ("dmarcian"), the Plaintiff in the above captioned matter. I have been involved in representing dmarcian in Dutch proceedings in the Netherlands since 2021. I am furthermore appointed as Marechaussee of the Royal Netherlands Marechaussee (a.k.a. Dutch Military Police, *Koninklijke Marechaussee*) per 1 January 2026.

2. I have assisted dmarcian's U.S. counsel in the process of seeking to take the depositions of Mr. Hub J. Harmeling and Mr. Herwert J. Kalkman.

3. On or about 30 March, 2025, the North Holland District Court asked to respond to the assertion by the witness Harmeling that the judgment of May 1, 2024, dismissing the claims based on "breach of written contract" and "copyright infringement", impacted the scope of the depositions.

4. On or about 1 April, 2025, I sent a letter (dated 31 March, 2025) after conferring with U.S. counsel addressing the abovementioned court's question. A copy of a sworn translation of that letter is hereto attached as **Exhibit 1**.

5. On or about 1 April, 2025, Mr. Groeneweg on behalf of DMARC Advisor B.V. filed an ethics complaint, because of the letter mentioned in paragraph 4, with the Dean of the Bar Association in the district Amsterdam against me as a lawyer admitted to the Amsterdam Bar. No such complaint was directed to the North Holland District Court at that moment.

6. On or about 2 April, 2025, to reiterate dmarcian's position on the court's question, I sent the court an email after conferring with U.S.

Counsel, shortly before the depositions would begin. A copy of a sworn translation of that letter is hereto attached as **Exhibit 2**.

7. The Board of Discipline in the district Amsterdam (*Raad van Discipline in het resort Amsterdam*) heard the complaint on March 30, 2026.
8. On or about 11 May, 2026, the Board of Discipline declared the complaint unfounded. A copy of a sworn translation of the judgment of the Board of Discipline is hereto attached as **Exhibit 3**.
9. Mr. Groeneweg, on behalf of DMARC Advisor B.V., lodged an appeal against that judgment.
10. The Appellate Board of Discipline (*Hof van Discipline*) will hear both parties, being: (i) DMARC Advisor B.V. represented by Mr. Groeneweg; and (ii) the undersigned on 16 November, 2026. As far as I am aware, DMARC Advisor does not have formal counsel in this matter, and all filings in the disciplinary proceedings have therefore been made by Mr. Groeneweg on behalf of that entity.
11. On or about 28 September, 2026, my lawyer in the discipline proceedings reached out to the Appellate Board of Discipline by phone. She informed me the law clerk of the Appellate Board of Discipline confirmed that it was possible to request to reschedule the hearing of 16 November, 2026. The Appellate Board of Discipline would then

reach out to Mr. Groeneweg, as representative of DMARC Advisor B.V. to hear its views on such request re rescheduling the hearing.

12. Furthermore, I understand that the law clerk proactively informed my lawyer that such hearing could also be attended remotely by parties. Therefore, I understand that appearing in person does not mean that parties have to be physically present in the court room.

13. Lastly, hearings in such proceedings with the Board of Discipline in the district Amsterdam last around thirty minutes. That was the case when the complaint was heard on 30 March, 2026. I understand that a hearing with the Appellate Board of Discipline would also last around thirty minutes.

14. Therefore, I dispute the statement that Mr. Groeneweg "*cannot be in Asheville on November 16*" (ECF No. 498). DMARC Advisor B.V. could join a request to the Appellate Board of Disciplineto reschedule the hearing or alternatively simply attend the hearing remotely on 16 November, 2026.

This the 8th day of October, 2026.

Mukesh C. Hoeba

## *CERTIFICATE OF SERVICE*

I hereby certify that the foregoing **Declaration** was served upon counsel of record for all other parties to this action listed below by efiling a copy of the same utilizing the Western District of North Carolina's efiling system.

This the 8th day of October, 2026.

*/s/ **Tyler C. Jameson***
Pamela S. Duffy, N.C.S.B. No. 18329
*pamela.duffy@elliswinters.com*
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff*