IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.: 1:21-CV-00067

| | |
|---|---|
| DMARCIAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DMARC ADVISOR BV,<br>f/k/a dmarcian Europe BV,<br><br>Defendant. | **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR STATUS CONFERENCE TO ADDRESS CONFLICT IN TRIAL SCHEDULES** |

NOW COMES Plaintiff, by and through its undersigned counsel, and hereby submits this Reply Brief in support of Plaintiff's for a scheduling conference with the Court.

## INTRODUCTION

Defendant does not oppose a status conference and agrees that there are scheduling conflicts that must be addressed.

## ARGUMENT

I. **The possibility of a call between this Court and Judge Fineman to alleviate trial burdens on the parties was not entirely foreclosed by Judge Fineman, and there remains benefit to pursuing communication between the courts to aid alleviating trial conflicts.**

During the status conference with this Court held on September 8, 2026, this Court expressed willingness to discuss the scheduling issues with Judge Fineman, the presiding judge in the California Court. (ECF 494 at 23:1-17). Counsel for DMARC Advisor did not voice any objection to such a call during the September 8 hearing. (*Id.* at 23:1-25). On September 17, 2026, Judge Fineman's clerk emailed counsel in the CA Case (expressing apparent interest in speaking with Judge Reidinger) asking for this Court's contact information and asking if any of the parties had an objection to her speaking with this Court. (ECF 497-5). No party objected except DMARC Advisor and Mr. Groeneweg. (ECF 497-5, 497-6). Judge Fineman emailed the parties on September 17, stating "Since a party has objected, I will not reach out at this time and if I do reach out in the future, I will advise the parties." (ECF 497-5).[1] Judge Fineman therefore did not entirely foreclose the possibility of a future call with this Court.

DMARC Advisor did not state a reason for the objection to the call, instead asking the Court to review its motion papers objecting to the continuance before deciding whether to have a call. (ECF 497-6 at 2). In DMARC Advisor's written opposition to dmarcian's request for a continuance of the California trial, it

---

[1] This email was sent by Judge Fineman's Courtroom clerk (dept4@sanmateocourt.org) at her instruction. (ECF 497-5).

addressed why the California case should proceed first and argued that the North Carolina case should be continued, but still did not explain why a call between the courts to try and resolve scheduling conflicts was objectionable when Judge Fineman first expressed interest in such a call. (ECF 497-3). In its response to the instant motion, DMARC Advisor argues that dmarcian's various proposals for resolving the scheduling conflicts are not workable, notes that it continues to object to a call between the courts, but still doesn't explain what is wrong with the two courts communicating with each other to facilitate management of the two respective dockets, other than to say that Judge Fineman has already made her decision to proceed with trial on November 4. (ECF 498).

There is a pretrial conference set in the California case for Monday, October 12 at 1:30 p.m. Pacific Time (4:30 p.m. Eastern Time). As discussed below, proceeding with trial simultaneously during the weeks of November 9 and 16 is not feasible, but some relatively minor adjustments could allow the parties to proceed without undue disruption to either Court's schedule and to allow timely completion. There remains benefit to constructive communication between the courts to resolve the three conflicting dates (November 12, 13, and 18).

At the time of the June 8 California scheduling conference when dmarcian's counsel agreed to a November 4 trial date for the *Swenberg* matter, Plaintiff anticipated a Fourth Circuit ruling which would have allowed trial in the instant case

to proceed by September. Plaintiff accurately forecast that the Fourth Circuit ruling would be handed down in July, which indeed would have allowed completion of this trial by September. Defendant's subsequent motions to stay (both of which were promptly denied) pushed the case past a September trial date. At the time of the scheduling conference with this Court at which the November 9 trial date was set, Plaintiff alerted this Court to the conflict and expressed the desire to make every effort to resolve the conflict in order to be able to proceed.

Plaintiff has made several proposals for potential resolution of the trial date conflicts. (ECF 479). These proposals are different than dmarcian's original continuance to Judge Fineman that was rejected. (ECF 497-1). Plaintiff concedes that none of them are ideal and present various significant logistical hurdles. Upon reflection, Plaintiff's reluctantly concedes that its third proposal to modify the North Carolina schedule likely presents too great a burden on this Court, the jury, the parties and the witnesses given the distance between the courts and the three hour time difference. It is not reasonable or feasible for either of the parties to be in two places at one time, but it is difficult for the courts and the parties to work out the scheduling conflicts without communication between the courts which may result in a workable solution.

Only one set of parties objects to that communication, and that is DMARC Advisor and Mr. Groeneweg. There is no reasonable basis for them to stand in the

way of two judges who expressed interest in talking to each other in order to aid in the management of their respective dockets and to collaborate on ways to get the jobs done in both courts without undue prejudice to either set of parties.

Defendant argues that accommodation should not come at its expense. It is worth noting that the appellate decision clearing the way for its counsel of choice to return to the courtroom was handed down in early July.[2] The parties could well have tried this case in September. Instead, Defendant made two unsuccessful stay motions in relation to appealing a preliminary injunction (which would have been mooted by a trial) and the contempt order resulting in monetary sanctions (which is not immediately appealable). The Fourth Circuit and the Supreme Court[3] both promptly denied those motions, but each motion for stay delayed the issuance of the mandate, ultimately making a September trial date untenable.

---

[2] Mr. Millen prevailed on his appeal for Mr. Millen to be permitted to proceed with trying the case, which was also a subject of Defendant's appeal. After more than a year's delay in obtaining this relief, it remains unclear whether Mr. Millen will appear at trial.

[3] No petition for writ of certiorari has yet been filed by Defendant, although Defendant indicated one was forthcoming in its petition for emergency relief.

## II. The November 16, 2026 hearing on DMARC Advisor's appeal of the dismissed bar complaint against Mr. Hoeba is not a valid reason for delay.

On April 1, 2025, just prior to commencement of the depositions of Mr. Harmeling and Mr. Kalkman in the Netherlands, Mr. Groeneweg made a bar complaint against Mr. Hoeba on behalf of DMARC Advisor which was subsequently dismissed[4]. (ECF 499, Fifth Hoeba Declaration ¶¶ 4-8). Mr. Groeneweg, on behalf of DMARC Advisor (which is not represented by counsel in those proceedings) has appealed the dismissal of the unfounded complaint. (*Id.* at ¶¶ 9-10). The parties are permitted to attend remotely the appellate hearing set for November 16, 2026, and it is also possible for the parties to reschedule the hearing if desired. (*Id.* at 12). The hearing on the appeal is only scheduled to last approximately thirty minutes. (*Id.* at ¶ 13**).** This hearing is not material to the scheduling of trial before this Court.

[4] Plaintiff's proposed deposition topics for the depositions of Mr. Kalkman and Mr. Harmeling did not include copyright. (ECF 350, 351). DMARC Advisor complained to the Dutch Bar concerning comments by dmarcian's counsel, Mr. Hoeba, concerning whether any objection by DMARC Advisor had been made to the scope of topics at the February 7, 2025 pretrial conference with this Court, specifically as to whether the topics included copyright issues. Plaintiff can provide more detail about this issue if requested by the Court, but in any event the complaint against Mr. Hoeba was deemed unfounded. (ECF 499, Fifth Hoeba Declaration ¶8 & Exh. 3 thereto).

WHEREFORE, Plaintiff respectfully requests that the Court schedule a status conference to discuss the conflicting trial dates between the CA Case and this action and to discuss measures which may be taken to minimize hardship.

This the 8th day of October, 2026.


*/s/ Tyler C. Jameson*
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff*

OF COUNSEL:
*/s/ David Dorey*________________
David Dorey, DE #5283
Blank Rome, LLP
david.dorey@BlankRome.com
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6418
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon counsel of record for all other parties to this action listed below by efiling a copy of the same utilizing the Western District of North Carolina's efiling system, which will send notification of such filing to all counsel of record.

This the 8th day of October, 2026.

*/s/ Tyler C. Jameson*
Tyler C. Jameson, N.C.S.B. No. 59348
*ty.jameson@elliswinters.com*
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorney for Plaintiff*