Docusign Envelope ID: FB93F633-780F-81A7-8233-237B8A4E7549

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.: 1:21-CV-00067

| | |
|---|---|
| DMARCIAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DMARC ADVISOR BV,<br>f/k/a dmarcian Europe BV,<br><br>Defendant. | **DECLARATION OF TIMOTHY DRAEGEN (Preclusion Issues)** |

NOW COMES the undersigned Declarant and states that the following is true of his own personal knowledge:

1. I am the founder and former Chief Executive Office of dmarcian, Inc.

2. I ceased being CEO of dmarcian on February 9, 2021 and I currently serve as dmarcian's Chief Technology Officer.

3. I was a 50.1% shareholder in dmarcian Europe, B.V., now called DMARC Advisor, BV ("DBV"). The other 49.9% was owned by The Digital Expedition (TDX) Holding, B.V., an entity owned by Martijn Groeneweg.

4. In my individual capacity as a shareholder of DBV, I was a party to proceedings before the Netherlands Enterprise Court – what I understood to be a

unique chamber specifically dedicated to addressing internal corporate issues such as shareholder disputes – in relation to a petition filed by TDX concerning a shareholder dispute over internal management of dmarcian Europe, BV (Case # 200.281.257/01 0k) ("the Enterprise Court Proceedings").

5. dmarcian, Inc. was not a shareholder and therefore not a party to the Enterprise Court Proceedings.

6. I hired the law firm Buren N.V. ("Buren") to represent me in the Enterprise Court Proceedings.

7. Buren has never represented dmarcian.

8. dmarcian was not a party to the Enterprise Court Proceedings, and counsel for dmarcian never entered an appearance in those proceedings.

9. dmarcian and I both relied on orders entered in the Enterprise Court Proceedings stating that the determination of rights and issues between dmarcian and DBV would have to be determined by a civil court, and that the scope of those proceedings and the investigation by Wefers Bettink directed by the Enterprise Court was limited to addressing affairs of internal management of dmarcian Europe, BV. Based on those orders, I understood that the authority to make determinations was likewise limited to internal management. At all times, I understood that I was appearing in those proceedings in my individual capacity.

Docusign Envelope ID: FB93F633-780F-81A7-8233-237B8A4E7549

10. To the best of my knowledge, no witnesses were put under oath in the Enterprise Court Proceedings.

11. I had no opportunity to issue requests for information and documents on other parties, depose other parties, or to cross-examine or otherwise question them.

12. Prior to the circulation of a draft report, I was not provided with information about what TDX or Mr. Groeneweg had provided to Mr. Bettink except what I could glean from the questions he asked of me.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

This the 20th day of October, 2026.

Signed by:

6F520B98E36F438...

Timothy Draegen

Docusign Envelope ID: FB93F633-780F-81A7-8233-237B8A4E7549

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon counsel for all other parties to this action listed below by efiling a copy of the same utilizing the Western District of North Carolina's efiling system, which will send notification of such filing to all counsel of record.

This the 20th day of October, 2026.

*/s/ Pamela S. Duffy*____________
Pamela S. Duffy, N.C.S.B. No. 18329