**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:21-cv-00067-MR**

| | | |
|---|---|---|
| **DMARCIAN, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **DMARC ADVISOR BV, f/k/a dmarcian Europe BV,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Status Conference to Address Conflict in Trial Schedules [Doc. 497] and the Defendant's Motion for Leave to Present Expert Testimony by Contemporaneous Transmission or, in the Alternative, to Continue Trial [Doc. 504], as well as the Plaintiff's counsel's notice regarding a health issue [see email attached as Exhibit 1; see also Doc. 501: Mtn to Extend Deadline for Filing of Mtns in Limine] and the oral motions to continue made by both parties during a status conference conducted telephonically on October 23, 2026 [see Minute Entry entered Oct. 26, 2026].

This matter is currently scheduled for trial beginning on November 9, 2026. That date is based on the issuance of the mandate of the Court of

Appeals and effectuates the Court's pronouncement regarding the trial going back to May 2025. The parties represent to the Court that they are also parties in a civil action pending in the Superior Court of San Mateo County, California, Swenberg v. dmarcian, Inc., et al., No. 19-CIV-02896 (the "California Case"),[1] which is scheduled for trial before the Honorable Nancy L. Fineman beginning on November 4, 2026, and continuing thereafter on November 5, 6, 12, 13, and 18. The parties do not anticipate that trial in the California Case will be concluded on November 18, as it is estimated that trial will take a total of 16-20 court days; however, no further dates are currently set. Under ordinary circumstances, this Court would contact the other court involved in such a scheduling conflict, but the Defendant's counsel's law firm (which also represents the Defendant in the California Case) has objected to any communication between the courts regarding scheduling or any other matters regarding these cases.

Ordinarily, resolving a motion to continue and any scheduling conflict such as is present here would be simple, but Defendant's counsel's objection to any communication between the courts complicates this process in a manner that the undersigned has never before encountered. Therefore, the

---

[1] The Plaintiff dmarcian, Inc., dmarcian's executive Timothy Draegen, DMARC Advisor, and DMARC Advisor's indirect director Martijn Groeneweg, all parties to that action.

Court is left to resolve these motions on the presentations and representations by the parties herein.

As noted, the trial is presently scheduled to being on November 9, a date on which the California Case will not be in session. It was the Court's intention to commence proceedings on November 9, to be followed with trial proceedings on November 10, 11, 16, 17, 19, and thereafter, on the dates not previously announced and secured by Judge Fineman in the California Case. This would, of course, require the parties to travel back and forth between North Carolina and California, trying two cases simultaneously, albeit not on any conflicting days. There is only one attorney (Plaintiff's counsel, David Dorey) who is counsel of record in both cases. However, there are numerous overlapping witnesses in both cases, and discovery (including depositions) has continued in the California Case in recent weeks and is scheduled to continue into the coming week. Further, the parties contend that developments and testimony in the California Case may bear upon testimony in this case. Therefore, during the status conference of October 23, 2026, the parties, in the most plaintive terms, moved for the trial of this matter to be continued to January 11, 2027. As additional support, the parties represent to the Court that the Plaintiff's lead counsel in this case, Pamela Duffy, has recently had an emergency medical procedure that

substantially limits her vision. The physical limitations resulting from this event have also impeded her ability to effectively assume greater responsibilities from tasks that Mr. Dorey would otherwise perform in preparing for this trial while he is engaged in matters pertaining to the California Case, including completion of fact and expert discovery and trial preparation. Further, the Defendant's sole retained expert has recently had a medical procedure[2] presumably prohibiting his attendance at trial if it commences on November 9.

The Court is very reluctant to continue this trial. This case is 5½ years old and will be nearly 6 years old when it is finally tried. It is the oldest case on the undersigned's docket. This case would have been tried more than two years ago, but for the two appeals taken by the Defendant and the stay sought by the Defendant pending those appeals. In addition, there is yet a third legal proceeding pending in the Netherlands (the "Dutch Case") which has been stayed pending the resolution of this case.[3]

Nonetheless, in light of the logistical burden on the parties as a result of trying two cases on two coasts simultaneously, Plaintiff's counsel's

---

[2] The Defendant has offered no facts upon which the Court can discern the effect or the seriousness of the expert's condition.

[3] If the Dutch Case were to proceed ahead of this case, various logistical and jurisdictional issues would arise since the case pending in this District is the prior pending action.

unexpected health issue, and the substantial inconvenience that would be imposed upon a jury by proceeding with a “cut up” trial schedule as is currently planned, the Court will grant the parties’ request and continue this matter to the January 11, 2027 trial term.[4]

This matter will be the oldest case on the January 11, 2027 trial term. As such, it is anticipated that trial of this matter will begin on Monday, January 11 and will continue without interruption until its completion. To the extent that any overlap between the California Case and this case remains in January 2027, the parties will bear that risk. With this trial setting, any continuance from that date would be entertained only in the most extreme of circumstances and almost certainly would be denied.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff’s Motion for Status Conference to Address Conflict in Trial Schedules [Doc. 497] is **GRANTED**;

[4] With the continuance of the trial, the Defendant’s Motion for Leave to Present Expert Testimony by Contemporaneous Transmission is rendered moot. As this Court repeatedly has advised the parties, however, the Court does not permit the transmission of live video testimony at trial. If a witness cannot appear personally to testify, the parties have the option to present such testimony through a *de bene esse* deposition or a discovery deposition, if no *de bene esse* deposition is available. Thus, if Dr. Eslamimehr’s medical condition prevents him from attending trial in person in January, the Defendant should be prepared to offer his testimony via deposition.

(2) The trial of this matter is hereby **CONTINUED** to the January 11, 2027, trial term. Trial shall commence on January 11, 2027 and will continue until completion;

(3) The final pretrial conference is hereby **CONTINUED** to **December 15, 2026 at 9:00 a.m.,** with all attendant deadlines that are calculated based on the date of the final pretrial conference being extended accordingly; and

(4) The Defendant's Motion for Leave to Present Expert Testimony by Contemporaneous Transmission or, in the Alternative, to Continue Trial [Doc. 504] is **GRANTED** to the extent that the trial of this matter is continued. In all other respects, the motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: October 26, 2026

Martin Reidinger
Chief United States District Judge